CIVIL CASE No. _____

# 1:CV-01-1264

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,

Applicant, pro se

v.

DONALD ROMINE, WARDEN,

Respondent

FILED
HARRISBURG, PA

[signature] CLERK
Per _____ Deputy Clerk

APPLICATION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO
28 U.S.C. §2241

FILED BY

ROBERT LEON BUCKNER
APPLICANT, PRO SE
BOP REG. No. 33001-037
FEDERAL PRISON CAMP LEWISBURG
P.O. BOX 2000 - UNIT K01-009L
LEWISBURG, PENNSYLVANIA 17837

# TABLE OF CONTENTS

TABLE OF CASE LAW & STATUTES .......................... ii
TABLE OF EXHIBITS ..................................... iii
APPLICATION FOR WRIT OF HABEAS CORPUS ................. 1
STATEMENT OF THE CASE ................................. 1 - 3
STATEMENT OF FACTS .................................... 4
STANDARD AND SCOPE OF REVIEW .......................... 5
STATEMENT OF RELATED CASES AND PROCEDURES ............. 5
SUMMARY OF ARGUMENT ................................... 5 - 6
ARGUMENT .............................................. 7 - 13
CONCLUSION ............................................ 13
APPENDIX OF EXHIBITS .................................. Separate Volume

## TABLE OF CASE LAW & STATUTES

| | Page |
|---|---|
| Boyd v. United States, 448 F.2d 477 (1971), cert. den., 405 U.S. 992 | 12 |
| Brown v. United States, 311 F.Supp. 325 (D.C.Ga. 1070) | 12 |
| Brown v. United States, 489 F.2d 1036 (8th Cir. 1974) | 8, 12 |
| Cruz v. Beto, 405 U.S. 319 (1972) | 5 |
| Haines v. Kerner, 404 U.S. 519 (1972) | 5 |
| In re, Jennings, 118 F. 479 (C.C.E.D.Mo. 1902) | 7, 9 |
| Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993) | 8 |
| Lebosky v. Saxbe, 508 F.2d 1047 (5th Cir. 1975) | 9 |
| Owensby v. United States, 385 F.2d 58 (10th Cir. 1967) | 7 |
| Ray v. United States, 334 F.Supp. 901 (D.C.Ga. 1971) | 12 |
| Rios v. Wiley, 201 F.3d 257 (3rd Cir. 2000) | 6, 8 |
| Romandine v. United States, 206 F.3d 731 (7th Cir. 2000) | 6 |
| Smith v. Swope, 91 F.2d 260 (9th Cir. 1937) | 7 |
| Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992) | 7 |
| United States v. Clayton, 927 F.2d 491 (9th Cir. 1991) | 6 |
| United States v. Croft, 450 F.2d 1095 (6th Cir. 1971) | 7 |
| United States v. Downey, 469 F.2d 1030 (1972) | 13 |
| United States v. Eidum, 474 F.2d 579 (1973) | 11 |
| United States v. Gaines, 449 F.2d 143 (1971) | 12, 13 |
| United States v. Haney, 711 F.2d 113 (8th Cir. 1983) | 8 |
| United States v. Quintero, 157 F.ed 1038 (6th Cir. 1998) | 6 |
| United States v. Shillingford, 586 F.2d 372 (1978) | 12 |
| United States v. Wilson, 503 U.S. 329 (1992) | 5 |
| Watson v. Henderson, 350 F.Supp. 249 (D.C. Ga. 1970) | 12 |

## STATUTES

| | |
|---|---|
| U.S.S.G. §5G1.3(b) | 8 |
| 28 U.S.C. §2241 | 1, 5 |

# TABLE OF EXHIBITS

EXHIBIT                DESCRIPTION

A .......... Federal Judgement In Criminal Case (Commitment Order) CR-97-JFM-0413, (November 19, 1998)(D.Md.)

B .......... Federal Sentencing Transcript (Nov. 19, 1998)

C .......... Anne Arundel County State Commitment Order of November 16, 1999 ("concurrent" state sentence")

D .......... Federal Pre-Sentence Report (See pp. 11-13)

E .......... Letter to Judge Motz, U.S.D.J., from U.S.P.O. in re, transfer to federal system.

F .......... Federal Plea Agreement (CR-97-JFM-0413)(D.Md.)

G .......... Docket Entries, Baltimore City Case, in re, arrest of July 12, 1998.

H .......... Federal Docket Entries, (CR-97-JFM-0413)(D.Md.)

I .......... Sentencing Computations, BOP read-outs

J .......... Letters to BOP (Lewisburg) records & responses, dated Sept. 15, 2000, and May 16, 2000.

K .......... Receipt of Habeas Corpus Petition, 1:CV-00-1647, (M.D. Pa.)(Caldwell, J.)

L .......... Order Denying Habeas Corpus W.O.P. for exhaustion of remedies, September 21, 2000. (M.D. Pa.)

M .......... Letter from BOP (Lewisburg) to AUSA, U.S.D.C. (D. Md.) in re, sentence calculation.

N .......... Judgement/Memorandum from U.S.C.A., 3rd Circuit, dated June 4/6, 2001, Case. 00-3696 (appeal from 1:CV-00-1647, M.D. Pa.)

O .......... Exhausted remedies from BOP.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT LEON BUCKNER, | * | CIVIL CASE No.: |
| Applicant, pro se | * | |
| | * | |
| v. | *:::::::::::::::::::::::::::::::::::::::::::::::::::: |
| | * | In Re: Sentence calculation of U.S. v. BUCKNER, Case No. CR-97-JFM-0413 Nov. 19, 1998 (D.Md.) |
| DONALD ROMINE, WARDEN, U.S.P., Lewisburg, | * | |
| Respondent | * | |

\* \* \* \* \* \*   oOo   \* \* \* \* \* \*

## APPLICATION FOR WRIT OF HABEAS CORPUS

COMES NOW, Robert Leon Buckner, Applicant, proceeding <u>pro se</u> in this action, pursuant to 28 U.S.C. §2241, respectfully applies to this Honorable Court for a Writ Of Habeas Corpus, wherein the Respondent, Donald Romine, Warden of the United States Penitentiary, located in Lewisburg, Pennsylvania 17837-1000, is illegally and unconstitutionally detaining the Applicant within his prison where his legal release from incarceration should have been on or about January 11, 2001, with a correct and legal calculation that would allow for all entitled jail credit towards his 36 month sentence.

### STATEMENT OF THE CASE

Applicant was indicted on November 6, 1997, for a non-violent offense which occurred in December, 1995. After being served his indictment, he surrendered himself and was subsequently released on pretrial release that same day. These events occurred in the District of Maryland, at Baltimore.

While free on pretrial, Applicant was arrested by the Baltimore City Police for a CDS charge.[1] He notified the pretrial division

---

[1] These charges were disposed of after the prosecutor learned that the alleged "CDS" was actually legal prescription medication, properly labeled and prescribed by a physician, and legally in his possession during a pat down search by a Baltimore City Police Officer, on July 12, 1998.

-1-

immediately. In response to his call to pretrial, the Court issued a no bail warrant and lodged it against Applicant as a detainer. Inasmuch as the federal detainer was "NO BAIL," it effectively denied Applicant release on bail for the Baltimore City State charges ("B.C. State"). While awaiting trial on the B.C. State charges, Applicant appeared before the U.S. District Court for sentencing on November 19, 1998. After sentencing for the federal offense, he was returned to Baltimore City Detention Center under a commitment detainer and remained there until the B.C. State charge was disposed of on May 5, 1999. On May 6, 1999, the **Marshal** transported Applicant to the Anne Arundel County Detention Center ("AACDC") to face charges on a probation violation ("A.A.Co. State").[2]  Again, because of the federal commitment detainer, he was unable to post bail on the A.A.Co. State charge.

On November 16, 1999, Applicant appeared before the District Court of Maryland for Anne Arundel County for the violation of probation charge. The court, on record, acknowledged that Applicant was "presently serving a federal sentence" and that the B.C. State charge had been disposed of without a guilty verdict, thereby he was only alledged to be in violation for failure to report while incarcerated by the federal detainer. Although this could have been argued, the court advised Applicant that if he entered a plea of guilty to that issue, a **concurrent** sentence would be imposed and the case closed. On advice of his federal and state defense counsel, he did just that. (see commitment record attached hereto). A sentence of ten (10) months was imposed to run concurrently with his federal sentence and, given diminution credits awarded, Applicant was entitled to immediate release from the A.A.Co. State charges. Applicant was, again, unable to secure release on bond because of the federal commitment detainer. The **Marshals** did not arrive to transport your Applicant until February 17, 2000, at which time he was transferred

---

[2] Applicant's probation officer had obtained a warrant for violation of probation because of the B.C. State charges and the guilty verdict in the federal case at bar of which was issued about October, 1998. Marshals had informed Applicant that he would be held at AACDC for purposes of convenience while he awaited disposition on the V.O.P. warrant which was now solely for his failure to report because of Applicant's inability to make bail because of the federal detainer.

to the Maximum Security Complex in Baltimore, Maryland until his subsequent transfer to Federal Prison Camp Lewisburg on April 4, 2000, by the **Marshals**.

After arrival at Lewisburg, Applicant was issued a sentence computation record that awarded him credit from November 19, 1998, to present. After receipt of this calculation, Applicant asked the records department for a correction to reflect an award of credit from July 12, 1998. A second computation was issued and, this time, credit was given only from July 12, 1998 to May 6, 1999 and from February 17, 2000 to present, plus several days between the day of the offense to July 12, 1998.

Applicant then contacted the records department in regard to this calculation and requested an expeditious remedy to this problem. Lewisburg records manager then contacted General Counsel to make an attempt at a <u>nunc pro tunc</u> ruling. (see attached letters and requests).

After much time had passed and there was no word from the General Counsel, Applicant filed for Habeas Corpus Relief in the United States District Court for the Middle District of Pennsylvania. Hon. William Caldwell, Judge, subsequently denied relief "without prejudice" to allow exhaustion of remedies. (see attached order dated September 21, 2000).

Applicant immediately mailed a motion to reconsider citing the fact that the records department had went straight to the General Counsel and, inasmuch as his entitled release date was nearing, he requested expedient relief from that court. After not receiving a response to that motion by the time the period for appeal was near, Applicant filed an appeal to preserve the issue for review. A motion for emergency consideration was also filed recently since his release date should be on or about January 11, 2001, and mailed same to the Appellate Court. [3.]

Applicant has since exhausted all administrative remedies that were available to him.

---

[3.] Applicant appealed the decision during the period he was exhausting his administrative remedies in hopes that the Appellate Court would issue a Writ of Habeas Corpus, under law, given the approaching release date of January 11, 2001. Answer to the last phase of remedies (Central Office-General Counsel) was not issued until May 11, 2001.

-3-

## STATEMENT OF FACTS

At all times mentioned herein between July 12, 1998, and the present date, Applicant was held in custody solely because of his federal detainer. All movement between the several institutions mentioned herein were implemented by the Marshal who had custody of Applicant during all movements.

All imprisonment was related to Applicant's federal charge, including that of violation of probation in Anne Arundel County, Maryland, of which "**concurrent**" sentence was imposed because of his inability to report while imprisoned, as well as the federal conviction and sentence. 4./

Therefore, Applicant is entitled to all time between July 12, 1998 to present day, as well as other time which has been credited pursuant to 18 U.S.C. §3584 as laid out below. In pertinent part, Applicant's most recent calculation reads:

```
"DATE COMPUTATION BEGAN......:02-17-2000
 TOTAL TERM IN EFFECT.........:36 MONTHS
 JAIL CREDIT..................:FROM DATE    THRU DATE
                                09-20-1996   09-20-1996
                                02-16-1997   09-20-1997
                                08-07-1997   09-04-1997
                                12-05-1997   12-05-1997
                                07-12-1998   05-05-1999

 TOTAL PRIOR CREDIT TIME......:330 DAYS
 TOTAL INOPERATIVE TIME.......:0
 EXPIRATION FULL TERM DATE....:03-23-2002"
```

Your Applicant claims that he is entitled to all the above credit with the addition of "from 05-05-1999 thru 02-17-2000." With all credit entitled being awarded, Applicant's release date, with good conduct time, should be <u>January 11, 2001</u>. Thereafter, Applicant could be considered illegally imprisoned by these errors in calculation.

---

4./ The original violation pertained to the Baltimore City (state) CDS charge, guilty verdict in federal case, and failure to report in person because of his continued incarceration by federal detainer. Since the B.C. State charge was disposed of without a guilty verdict, the only other violation was the guilty verdict in the federal case (although the offense occurred <u>before</u> the state probation was imposed) and subsequent federal sentence. This period of time between 05-05-99 and 02-17-2000 should hence be considered directly releated to the federal imprisonment as well as the fact that he was transported between all points mentioned <u>by the Marshal</u>.

## STANDARD AND SCOPE OF REVIEW

Applicant, being a pro se litigant, and a federal prisoner should not have his appeal held to a stringent standard as those drafted by an attorney, CRUZ v. BETO, 405 U.S. 319 (1972), and appeal should not be denied or dismissed for technical failure to state a claim where it does not appear beyond doubt that the prisoner could prove no set of facts in support of his [appeal or habeas corpus petition], HAINES v. KERNER, 404 U.S. 519 (1972).

This Court has jurisdiction under 28 U.S.C. §2241, to review BOP's calculation of sentence now that all internal remedies have been exhausted.

## STATEMENT OF RELATED CASES AND PROCEDURES

There are no related cases or procedures pending in this circuit or its districts at this time. This case has not previously been before this court or any district court in its circuit, with the exception of the petition and decision, in Case No. 00-CV-1647, Middle District of Pennsylvania, dismissed without prejudice.

## SUMMARY OF ARGUMENT

The Supreme Court in United States v. Wilson, expressly approved judicial review of the Bureau of Prisons' sentence determinations after exhaustion of administrative remedies. Applicant's state/county conviction and sentence arose out of the exact conduct comprising his conviction in federal court. Although the "conduct" comprising his conviction in federal court occurred in 1995, and the offense of which the probation was imposed for occurred in 1997, the concurrent sentence imposed by the state/county court was a direct result of the federal conviction and subsequent federal sentence; thus, should be considered "related" conduct.

Furthermore, inasmuch as Applicant was transferred from institution to institution by the Marshal at all times herein, and; unable to post release on bond due soley to the federal commitment detainer at all times herein, and; the state/county court found him in violation of state probation due to the federal conviction and sentence, and imposed a "sentence to run concurrently with the federal sentence he is now serving," then that period between April, 1999 through February,

-5-

2000, should be granted as "credit toward service of his [federal] sentence" for that period of which he "spent in custody in connection with the offense or acts for which [federal] sentence was imposed."

Additionally, Applicant's federal sentence was "**imposed**" almost one year prior to the imposition of the state/county sentence and, federal statute and case law hinge on the actual "**imposition**" of sentences and, since Applicant was taken into custody by the Marshal and handed over to Anne Arundel County detention center and picked up again by marshals and transported to a state supermaximum security prison; then picked up again by the Marshal and transported to the Lewisburg federal facility, then his primary custody at all times after November 19, 1998, should be considered "federal."

In fact, Applicant has a situation somewhat similar to that in **Rios v. Wiley**, 201 F.3d 257 (3rd Cir. 2000). Although the difference between the two are, beneficially to Applicant, that Applicant, in the case at bar, was **in federal custody** after imposition of federal sentence on November 19, 1998, and, as a measure of convenience, held at Anne Arundel County Detention Center while awaiting a hearing on the state violation of probation case and unable to make release on bail from that state charge solely due to the federal commitment detainer for federal sentence imposed the year before.

The Respondent is now stating that the sentencing court notified the BOP that it was the court's intention to impose a consecutive federal sentence. This notice was received by BOP in October/November, 2000; 2 years after federal sentencing, and 1 year after the Anne Arundel County "**concurrent**" sentence was imposed. There was never any indication in open court, on the record, nor any documentation that the federal sentence was to be consecutive. Moreover, there was no actual sentence for the federal term to run consecutive with at the time it was imposed.

Be that as it may, the District Court is precluded from imposing a federal sentence that is to run consecutively to a state sentence which may or may not be imposed in the future. **Romandine v. United States**, 206 F.3d 731 (7th Cir. March 14, 2000); **U.S. v. Quintero**, 157 F.3d 1038 (6th Cir. 1998); **U.S. v. Clayton**, 927 F.2d 491 (9th Cir. 1991

The District Court may not, two years after the imposition of sentence, modify a sentence, in an ex post facto manner, over a year after it has imposed sentence. See **Romandine**, supra., at 737.

## ARGUMENT

In the case at bar, Applicant was incarcerated and held in lieu of a federal sentence imposed on November 19, 1998, by the United States District Court, District of Maryland, in criminal case 97-JFM-CR-0413. (See exhibit A) He was sentenced to a term of 36 months imprisonment and 3 years supervised release. His guideline range was 33 to 41 months. The court took several issues under consideration and sentenced Applicant to 36 months, and not the maximum of 41 months. (See exhibit B - Sentencing transcript, at pages 17-18 ("T-17-18") The court made no note of whether the sentence was to run concurrent or consecutively because there was no sentence to run with at the time. "Absent specific provision to contrary, sentence is deemed to run concurrently with other sentences." Owensby v. United States, 385 F.2d 58, at 60 (10th Cir. 1967).

In Thomas v. Whalen, 962 F.2d 358, at 361 (4th Cir 1992), the court held that a prisoner is "entitled to credit on his federal sentence for the time he was held in the county jail after the federal court's order of commitment." ( citing U.S. v. Croft, 450 F.2d 1095, at 1099 (6th Cir 1971). See also, Smith v. Swope, 91 F.2d 260, at 261-62 (9th Cir 1937), holding that "[w]hen a defendant is sentenced to prison and the Marshal having him in custody is ordered to deliver him to prison [] and fails to do so until []years later," then the sentence will be "deemed to begin at the time of his sentencing and the commitment and custody thereunder by the Marshal" rather than "the date of the tardy actual commitment to prison."; In re Jennings, 118 F. 479, 482 (C.C.E.D.Mo. 1902), the court ruled that "[n]o ministerial officer, by disobeying the mandate of the Court, and unlawfully surrendering [prisoner] into another custody than where he rightfully belonged, could suspend the running of the sentence for that offense."

Under further authority, Applicant is entitled to credit for all time between May 5, 1999 through February 17, 2000, inasmuch as he was held at the Anne Arundel County Detention Center ("AACDC") and "was denied release on bail by state authorities because of an outstanding federal [commitment] detainer lodged against him [and was] in custody in connection with a federal offense and entitled

-7-

to the time spent in state custody." (United States v. Haney, 711 F.2d 113, 114-15 (8th Cir 1983)(per curiam); quoting the holding of Brown v. United States, 489 F.2d 1036, 1037 (8th Cir 1974).

Applicant's argument is very similar to that in Kayfez. In that case the court held that a "prisoner serving concurrent state and federal sentences [is] entitled to credit against his federal sentence for all of his presentence incarceration, even though time had already been credited against state sentence; since defendant's sentences were concurrent, crediting only against state sentence would not reduce his period of imprisonment." Kayfez v. Gasele, 993 F.2d 1288, 1289-90 (7th Cir 1993)(emphasis added). In the case at bar, this is not "presentence" credit we are dealing with, but "postsentence" time. Applicant was sentenced by federal court on November 19, 1998, and not sentenced for the state charge until November 16, 1999. Furthermore, that sentence was imposed to "run: concurrent with any other outstanding or unserved sentence." (See exhibit C - Anne Arundel County Commitment Record).

The 3rd Circuit, in Rios v. Wiley, supra., cited the portion of U.S.S.G. that provides circumstances in which a concurrent sentence is mandatory. In pertinent part, it states:

> "If subsection (a) does not apply, and the undischarged term of [state] imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense SHALL be imposed to run concurrently to the undischarged term of imprisonment."(emphasis added).

Rios, quoting U.S.S.G. §5G1.3(b), Rios, at 264. Inasmuch as the probation that was violated was from an offense that occurred in February of 1997, and convicted and sentence imposed several months later in 1997 and of which was taken into account in the PSI and used toward the calculation of the offense level in the instant case, U.S.S.G. §5G1.3(b) should apply to Applicant. (See exhibit D [4a.]  PSI by USPO). It should be noted that Policy Statements and commentary contained in sentencing guidelines are binding on the federal courts. Rios, at 260, citing U.S.S.G. §1B1.1 et seq., 18 U.S.C.A.

---

[4a.] See Exhibit D, PSI pg. 11, entry #50, A.A.Co. charge was used toward the calculation in determining the federal sentence.

Applicant's "inability to serve concurrently his federal sentence[] and a state sentence which specifically provided for concurrent service [ ] was impossible because of refusal of federal government to take custody of him alledged claim[]" **Lebosky v. Saxbe**, 508 F.2d 1047, at 1048 (5th Cir 1975). This is to spite the fact that Applicant inquired during his stay at AACDC as to why he hasn't been taken into exclusive federal custody. (See exhibit E - letter to USDC from USPO).

The language of virtually all case law involving credit as that which is sought by Applicant refers to the times that the sentences at issue were "imposed," "pronounced" or other language that would refer to the day of sentencing in the cases at bar in in each cited or reported. If that be the case, Applicant would bring to the court's attention that his <u>federal sentence</u> was "imposed" or "pronounced" on November 19, 1998, and he was awarded credit back to July 12, 1998; his <u>state sentence</u> was not imposed until November 16, 1999, although he remained in AACDC from May 5, 1999 (almost 6 months after the <u>imposition</u> of the federal sentence), until February 17, 2000, when Marshals finally decided to take actual custody again of Applicant and place him in holding at yet another state facility. (<u>See</u>, **In re Jennings**, <u>supra</u>.) A chronological listing of the relevant dates may be in order to aid the court:

| | |
|---|---|
| 1997 | (approx. **July, 1997**) Applicant was sentenced by the A.A.Co. court to a term of probation for a charge that occurred in February, 1997. |
| 1997 | (November 6, 1997) Applicant was indicted for an offense that occurred in December of 1995. |
| 1998 | (**July 2, 1998**) Applicant entered a plea of guilty to the federal offense.(See **Exhibit F** - Plea Agreement) |
| 1998 | (**July 12, 1998**), Applicant was arrested by Baltimore City Police for an unrelated state charge. (See **Exhibit G** - Baltimore City charge papers and dckt. entries) |
| 1998 | (**July 23, 1998**) Bench Warrant (**Detainer**) was issued by USDC D.Md. with **NO BAIL**. (See **Exhibit H** - Docket entries for this federal case) |
| 1998 | (Approx. **September, 1998**) Warrant was issued by Anne Arundel County court for V.O.P. in the state case herein. |

| | |
|---|---|
| 1998 | (November 19, 1998) Applicant was before the U.S.D.C. for sentencing in the federal case. Court imposed 36 months imprisonment from an available guideline of 33 to 46 mos. and remanded to Baltimore City Detention Center (BCDC) to await BOP designation. |
| 1999 | (May 5, 1999) Applicant was before the Circuit Court for Baltimore City for jury trial and state entered a stet for insufficient evidence. (See **Exhibit G** - Papers, dckt. entry, etc. for Balto. City case)(see note <u>5.</u>/) |
| 1999 | (May 5, 1999) Applicant was transported by Marshals to Anne Arundel County Detention Center (AACDC). Bail release was refused because of the federal commitment detainer. |
| 1999 | (May, 1999) Applicant wrote to the federal court asking why he has not taken to exclusive federal custody instead of having to wait at AACDC. Applicant was told during transport to AACDC that it was for the convenience of BOP and USMS so that he could have those charges disposed of while he was still in the area. (see **Exhibit E** - Response from USPO to the court). |
| 1999 | (November 16, 1999) Applicant appeared before the A.A. Co. court and was offered a concurrent sentence and closure of the case if he plead guilty to violating probation by the guilty verdict and sentence of the federal court. (Not withstanding the fact that the federal offense occurred in 1995 and state probation for an offense occurring in February, 1997, was not imposed until July 1997) A <u>**concurrent**</u> state sentence was imposed to run concurrently with the federal sentence "he was now serving." (see **Exhibit C**). |
| 2000 | (February 17, 2000) Applicant was transfered by Marshals to the Maryland State Super-Maximum Security Prison. |
| 2000 | (Late February, 2000) Applicant was transferred by Marshals to the Maryland State Penitentiary to await further BOP designation. |
| 2000 | (April 4, 2000) Applicant was finally transported by Marshals to his BOP designation at Federal Prison Camp, Lewisburg, Pennsylvania. (See **Exhibit I** - sentence computation) |

---

<u>5.</u>/ It should be noted that Applicant refused to accept a plea for the Balto. City charges on 11-5-98; 11-23-98; 2-5-99; 4-9-99; and 5-5-99, wherein in each instance Applicant stood strongly by his innocence and demanded a jury trial (see Balto. City Documents - Exhibit G). State finally entered stet.

| | |
|---|---|
| 2000 | (September 15, 2000) Applicant sent letter to Inmate Records at USP Lewisburg asking about the credit not awarded from May, 1999, to February, 2000. Response the next day informing that they had sent to counsel for nunc pro tunc designation. (see **Exhibit J** - letter and response). |
| 2000 | (September 18, 2000) filed application for Writ of Habeas Corpus with USDC M.D.Pa. (see **Exhibit K** - Receipt from court of Habeas Corpus petition) |
| 2000 | (September 21, 2000) Petition denied without prejudice for failure to exhaust remedies. (see **Exhibit L** - Order denying from USDC M.D.Pa) |
| 2000 | After receipt of above denial, Applicant filed a motion for reconsideration. Never received response. Subsequently filed appeal. |
| 2000 | (October 20, 2000) Letter was written to AUSA asking for determination and assistance. (see **Exhibit M** - letter from USP Lewisburg records to AUSA). |

The chronological order of events is deemed necessary where the events were totally misinterpreted by BOP and USPO staff in their letters and inquiries to the Court and AUSA. (See Exhibits E and M, compared to the above order of events and documentation thereof).

The fact that the time discussed occurred "after imposition" of the federal sentence, and not merely presentence incarceration, should be enough in and of itself without having to take into consideration that the state "concurrent" sentence was imposed solely because of the federal charge and sentence. Nevertheless, Applicant avers that case law allowing for credit for state "post-sentence" time because of his inability to make bail on the state charges solely because of the federal commitment detainer, is well supported by recent case law and has been held by numerous other circuits for many years. Applicant, although not wanting to appear redundant, believes that the below cases may be necessary to show the age old holding of such case law. He will cite only a portion of that available and give in relation to his own case at bar.

Applicant is entitled to credit against federal sentence for that portion of time spent in state custody when release was prevented by a federal detainer. **United States v. Eidum**, 474 F.2d 579 (1973).

-11-

Where federal detainer was lodged against Petitioner [and]..., he was in continuous state custody, unable to secure his bail, petitioner was entitled to have time spent in state custody credited against his federal sentence, on theory that the federal detainer was the cause of his inability to make bail [.] <u>Brown v. United States</u>, 489 F.2d 1036 (1974).

[I]f a state defendant is denied bail solely because of the federal detainer issued against him, the time spent in state custody <u>must</u> be credited to his federal sentence. <u>United States v. Shillingford</u>, 586 F.2d 372 (1978)(emphasis added).

[W]here the prisoner continues in state custody solely because of a federal detainer issued in a non-bailable federal offense or a federal offense [or "commitment" order] for which bail has been refused is the prisoner entitled to credit on [ ] federal sentence for time spent in state custody between original arrest and federal commitment. <u>Boyd v. United States</u>, 448 F.2d 477 (1971), <u>cert. denied</u>, 405 U.S. 992.

A federal prisoner is entitled to credit on his federal sentence for presentence jail time spent in state custody if he is refused state bail solely because of the existence of a federal detainer charging him with a non-bailable offense [or commitment order with no bail]. <u>Watson v. Henderson</u>, 350 F.Supp. 249 (D.C.Ga. 1972).

If federal detainer is not bailable [such as a commitment to fedral prison] and the posting of state bail is merely a futile gesture resulting in continued confinement under the detainer, credit may be granted against federal sentence for time spent in state custody. <u>Ray v. United States</u>, 334 F.Supp. 901 (D.C. Ga. 1971).

Where Applicant was required to spend time in state custody without bond due to fact that federal detainers [commitment order] had been filed against him, time spent in state custody because of federal holds was **'in connection with'** the federal offense and petitioner was entitled to credit on federal sentence for time the federal detainer forced him to spend in state custody. <u>Brown v. United States</u>, 311 F.Supp. 325 (D.C. Ga. 1970).(emphasis in the original).

Applicant was entitled to credit against federal sentence for time spent in state custody after state court set bail in connection with state charges where Appellant had not been released on bail

-12-

solely for lack of sufficient funds and thus had been unable to enter into federal custody; impermissible discrimination resulted resulted from defendant's having to serve sentence longer than richer man would have had to serve. United States v. Gaines, 449 F.2d 143 (1971).

Where state court sentencing Appellant....was satisfied that [] federal sentence was sufficient penalty to cover also violation of state [violation of probation] law, and where sufficiently clear to overcome presumption that sentencing court has given defendant credit for pretrial custody if sentence less than the maximum has been imposed, prisoner was entitled to credit on his federal sentence for time spent in custody in [county] jail between date of sentencing on federal crime and date of sentencing on the state charges. United States v. Downey, 469 F.2d 1030 (1972).

## CONCLUSION

WHEREFORE, for the reasons herein, Applicant, Robert Leon Buckner, pro se, respectfully prays this Honorable Court GRANT Habeas Corpus relief in this case and ORDER his immediate release.

Respectfully submitted,

DATE: June 15, 2001.

Robert Leon Buckner,
Applicant, pro se
BOP REG. No. 33001-037
Federal Prison Camp Lewisburg
P.O. Box 2000 - Unit K01-009L
Lewisburg, Pennsylvania 17837

13