CIVIL CASE No. 1: CV-01-1264

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BUCKNER
v.
ROMINE, WARDEN

FILED
HARRISBURG, PA
MARY E. D'ANDREA, CLERK
Per Deputy Clerk

IN THE MATTER OF
APPLICATION FOR WRIT OF HABEAS CORPUS

# APPENDIX

VOLUME 1

EXH. A THRU E

## TABLE OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---|---|
| A .......... | Federal Judgement In Criminal Case (Commitment Order) CR-97-JFM-0413, (November 19, 1998)(D.Md.) |
| B .......... | Federal Sentencing Transcript (Nov. 19, 1998) |
| C .......... | Anne Arundel County State Commitment Order of November 16, 1999 ("concurrent" state sentence") |
| D .......... | Federal Pre-Sentence Report (See pp. 11-13) |
| E .......... | Letter to Judge Motz, U.S.D.J., from U.S.P.O. in re, transfer to federal system. |
| F .......... | Federal Plea Agreement (CR-97-JFM-0413)(D.Md.) |
| G .......... | Docket Entries, Baltimore City Case, in re, arrest of July 12, 1998. |
| H .......... | Federal Docket Entries, (CR-97-JFM-0413)(D.Md.) |
| I .......... | Sentencing Computations, BOP read-outs |
| J .......... | Letters to BOP (Lewisburg) records & responses, dated Sept. 15, 2000, and May 16, 2000. |
| K .......... | Receipt of Habeas Corpus Petition, 1:CV-00-1647, (M.D. Pa.)(Caldwell, J.) |
| L .......... | Order Denying Habeas Corpus W.O.P. for exhaustion of remedies, September 21, 2000. (M.D. Pa.) |
| M .......... | Letter from BOP (Lewisburg) to AUSA, U.S.D.C. (D. Md.) in re, sentence calculation. |
| N .......... | Judgement/Memorandum from U.S.C.A., 3rd Circuit, dated June 4/6, 2001, Case. 00-3696 (appeal from 1:CV-00-1647, M.D. Pa.) |
| O .......... | Exhausted remedies from BOP. |

# TAB - 1

# United States District Court
## District of Maryland

UNITED STATES OF AMERICA

v.

ROBERT LEON BUCKNER

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

Case Number: JFM-97-0413

Defendant's Attorney: MARK WAGNER, ESQ.

Assistant U.S. Attorney: ANDREW G.W. NORMAN ESQ.

**THE DEFENDANT:**

☒ pleaded guilty to count 3
☐ pleaded nolo contendere to count(s) ______, which was accepted by the court.
☐ was found guilty on count(s) ______ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1623 | Making false statements before U.S. Dist. Court | 12/6/95 | 3 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______
☒ Count(s) 1,2, & 4 are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's SSN: 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 (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)
Defendant's Date of Birth: 12/20/56
Defendant's U.S.M. No.: 33001-037

11/19/98
Date of Imposition of Judgment

Defendant's Residence Address:
415 S. Lehigh St.
Baltimore, MD 21224

[signature] 11/23/98
HONORABLE J. FREDERICK MOTZ
U.S. DISTRICT COURT CHIEF JUDGE
Date

Defendant's Mailing Address:
Same

I hereby attest and certify on 11/24/98 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

FRANK L. MORGE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

By [signature] Deputy

Name of Court Reporter: M. Zajac

[handwritten initials] 11/23/98

**DEFENDANT: ROBERT LEON BUCKNER CASE NUMBER: JFM-97-0413**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 36 months.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at ________ a.m./p.m. on ________________.
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ before 2 p.m. on ________________.
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.
- ☐ ________________________________________

## RETURN

I have executed this judgment as follows:

Defendant delivered on 04-04-2000 to Federal Prison Camp at Lewisburg, PA. with a certified copy of this judgment.

Donald Romine, Warden
~~UNITED STATES MARSHAL~~

By: Joni L. Badger, Legal Instruments Examiner
~~DEPUTY U.S. MARSHAL~~

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm as defined in 18 U.S.C. §921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

**The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions, if any, on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendants's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 50.00 | $ 1.00 | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . . . . . . . . . . $

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the 15th day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The court has determined that the defendant does not have the ability to pay a fine; therefore, a fine is waived.

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

- ☐ The interest requirement is waived.
- ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until ____________________. An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | Total Amount of Loss** | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 f offenses committed on or after September 13, 1994 but before April 23, 1996.

# TAB - 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

UNITED STATES OF AMERICA

CASE NO. JFM-97-413

V.

ROBERT LEON BUCKNER,
DEFENDANT

Thursday, November 19, 1998
Baltimore, Maryland

Before: Honorable J. Frederick Motz, Chief Judge

Appearances:

On Behalf of the Government:
Andrew G. W. Norman, Esquire

On Behalf of the Defendant:
Mark R. Wagner, Esquire
Kimberly C. Strasser, Esquire

Reported by:
Mary M. Zajac, RPR
Room 7518, U.S. Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

MR. NORMAN: Your Honor, call the case of United States of America versus Robert Leon Buckner, Criminal Case JFM-97-0413. We are present in court this morning for a sentencing.

THE COURT: All right. Everybody had a chance to review the Presentence Report?

MR. WAGNER: Yes, Your Honor.

MR. NORMAN: Yes, Your Honor.

THE COURT: Mr. Wagner, you've been over it with your client?

MR. WAGNER: Your Honor, we've had a copy of the Presentence Report for some time. I've been over it with my client.

THE COURT: Are there any factual additions or corrections to be made?

MR. WAGNER: Your Honor, by way of corrections, just a couple minor corrections.

Paragraph 50 of the Presentence Report deals with my client's, part of my client's criminal history. In Paragraph 50, it discusses the sentence of 18 months suspend 15 months 11 days. Then it says 22 years 4 months probation. We believe that the 22 years was put in there in error.

THE COURT: I would think 22 years probation sounds a little wrong. If you all could try to correct that.

MS. SANTANA: I'm sorry. I can't hear back here.

THE COURT: I don't know why the fan's going.

Come on up, then you can hear better. The jury box is fine.

MS. SANTANA: Estelle Santana.

MR. WAGNER: I'm sorry. Ms. Santana, I was discussing Paragraph 50 of your report. In the body of that paragraph, it's written that my client was sentenced 18 months, suspend 15 months 11 days. Then it says 22 years. We believe that the 22 years --

THE COURT: Would you like to supervise somebody for 22 years?

MS. SANTANA: That's incorrect. Sorry.

THE COURT: Anything else?

MR. WAGNER: Yes, Your Honor. On Page 14, Paragraph 65, I believe my client wants the Court to understand that, at the bottom of the paragraph it notes he had taken Percocet and Darvocet for back pain. He recalls that he was taking Tylenol 3, a codeine-based drug.

THE COURT: All right.

MR. WAGNER: The only other thing, Your Honor, Paragraph 74 discusses my client's military service. Mr. Buckner would like it understood that, although it's not written in the paragraph, he did do seven months in the country of Vietnam.

THE COURT: Thank you. We can put that in the

case. Your Honor, as I understand that provision --

THE COURT: 1B-- let me just go through this. 1B.

MR. WAGNER: 1B1.2C. Your Honor, 1B. Are you with me?

THE COURT: Okay.

MR. WAGNER: Your Honor, 1B1.2 notes that, in a plea agreement containing a stipulation that specifically establishes the commission of additional offenses, those offenses shall be treated as if the defendant had been convicted of additional counts charging those offenses.

We don't have a problem with that provision, Your Honor. What we have a problem with is the argument or the understanding of the government that Mr. Buckner entered into a specific stipulation as to the additional counts in this case.

What I think that we are discussing, Your Honor, is relevant conduct, not a specific stipulation. The issue was before Ms. Santana when she did the Presentence Report. And I think she found correctly that there was no specific stipulation by Mr. Buckner, between Mr. Buckner and the government as to the additional counts in this case.

It is true that Mr. Buckner did not dispute the statement of facts as to what the government could prove and particularly as to the count that he pled guilty to.

What I think we're discussing here, Your Honor, actually, is relevant conduct. And relevant conduct, of

course, is discussed in 1B1.3.

It's my understanding of relevant conduct that, in a case that doesn't involve fungible goods, i.e., cases like drug cases or theft cases where the amount stolen or the amount distributed is affected by the guidelines, relevant conduct cannot be used to enhance Mr. Buckner's sentence under the grouping rules.

This is not a case that has to do with -- this is a case, quite frankly, where counsel don't agree. This is a case where we only have one counsel.

In the government's sentencing memorandum, Your Honor, they did not address, quite frankly, 1B1.C -- or 1B1.2C. They addressed the grouping rules under the guidelines in counts. And quite frankly, that's all we addressed in our response to them.

And the answer was simply, there is only one count. Nothing groups in this case.

THE COURT: Okay. I think I understand your position.

If nothing more, applying the rules of lenity and believing that I can fashion an appropriate sentence within the lower guideline, I will adopt the defendant's position on this issue.

MR. WAGNER: Thank you.

THE COURT: That said, Mr. Norman, you want to be

practical matter, the sentence that Mr. Buckner is facing today, I think, will be the longest period of time that he will spend incarcerated in his life.

Those sentences are reflective of judges who were sentencing somebody who is not a dangerous person. Obviously, these thefts were not directly from other people. These were clearly property crimes. Small, petty property crimes. And these are the types of crimes, Your Honor, that somebody who has a very serious illness and drug addiction will commit. And that's what you have in front of you today, Your Honor.

Mr. Buckner has admitted in the Presentence Report to Ms. Santana that he does have a long and painful history with drug addiction starting really when he was, he came back from service in the Army, addicted to opiates. And ever since then, his life is the life of somebody who has struggled with that illness and struggled to service that illness through mainly small property crimes.

The PSR notes that he was, that he did that military service, Your Honor, and you have accepted for purposes of the Presentence Report that he did do the service in Vietnam.

I would note that his addiction is also, not only has it destroyed his life, I think it's taken a hold on his health. Mr. Buckner suffers from health problems, some of which are related to injury and illness, some of which are, I would submit, related to his long use of drugs, his history of

So he's obviously an intelligent person, Your Honor. I think anybody who can file the civil suits, the number and the quantity, quality that he has, is somebody who displays a certain level of intelligence.

It's a shame that he has come to this point in his life, we feel as a result of drug addiction, where he's again about to be sentenced by another court.

It's difficult, but hopefully we can use this opportunity to sentence Mr. Buckner, hopefully he'll have the opportunity to live the rest of his life staying out of courtrooms.

Your Honor, Mr. Buckner at some point would like the opportunity to address you as to the sentence. And I believe, also, he wants to talk to you about his life and his past military service.

THE COURT: Mr. Buckner, before I impose sentence upon you, I'd be glad to hear anything you have to say. You don't have to say anything if you don't want to, of course. If there's anything you want to say, I'd be glad to hear from you.

You can remain seated if you're more comfortable.

THE DEFENDANT: Your Honor, of course I apologize to the Court for what I've done. I'm remorseful. I tried my best to testify as to what I've done wrong since I've been serving time in Baltimore City Jail.

I work as a volunteer librarian up at the jail, helping people with their legal problems. And you would not guess how many people come up there asking for 1983 forms every day, wanting to sue over little things, de minimis issues and frivolous things. And I try to sit down and talk to them and tell them that all you're doing is wasting the Court's time, you're making them look away from the serious issues that people want to look at.

And most of the time it works and they just, they do away with it. I sit down and those that have serious issues, I make sure that they fill out the forms properly, especially the in forma pauperis forms. And I testify to my own behavior as to why that should be done.

If they have $24.18 in their account, put it down there, don't say no. If they own a quarter acre of land, put it down there. And I try my best to show some kind of redemption in that form.

As far as my military history goes, I spoke to Ms. Santana. I didn't have much time to talk and I didn't have an infirmity.

But she mentioned that my last military base was Germany. I also spent seven months, before going to Germany, in Vietnam. And I was only 17 at the time. My mother signed a waiver.

My primary purpose was to destroy any equipment by

the systems of UDTT and Army demolition teams and show them where the weak spots on the vehicles and tanks and armored vehicles and Howitzers and what have you work, because I was a mechanic.

And while I was over there, I earned quite a few, two Army commendation medals, the National Defense Medal, the Vietnam Service medal, the Republic of Vietnam Campaign medal, the Air medal. Quite a few, if the Court would like to --

THE COURT: Sure. Do you want to bring it up? Show it to Ms. Santana first. Do you want to show it to her? She might want to look at it.

THE DEFENDANT: I understand it doesn't do anything to turn back the clock at what I've done. But I also want the Court to understand that when I did file the lawsuits -- first I want to say, I know it was wrong. I'm guilty. I'm not going back on my word. I'm admitting what I did was wrong. I should have used better judgment.

But it was a Division of Corrections, I guess you could call it a, something that just everybody knew. If you were below the poverty level, you were allowed to proceed in forma pauperis. So I just used the wrong judgment by checking no and speeding the process up, instead of saying exactly how much money I had in my account and having to go back and forth. That was my mistake.

And I also wanted the Court to know that I never

engaged in any frivolous -- of course, the Court may deem some things frivolous. But frivolous such as the guy in front of me got a bigger piece of cake than me or, that they gave one guy a pair of tennis shoes, they wouldn't give me any. Things like this. That's frivolous lawsuits that you hear about on 20/20 and what have you.

My attacks were on legitimate issues such as the disenfranchisement statute where prisoners and ex-cons aren't allowed to vote.

And if I may say so, that was remanded four times by the Fourth Circuit because I had very good issues.

And my medical issues -- I was trying to get my face fixed. And they said because it didn't happen in jail, they weren't going to fix it. And that went on oral argument to the Fourth Circuit. And things such as that.

There was never anything that was just a de minimis issue. When I sued, I sued for what I thought was a good reason.

And you can bet your bottom dollar that it will never happen again, Your Honor.

And as far as it goes, as I go through the system, I know today I must go to jail. I know that. And as I do go through, I'll continue to assist people in their litigation and make sure that they answer everything correctly and show by my own testimony of why they should do that.

THE COURT: Thank you, Mr. Buckner. Let me just first state what my sentence is and then state briefly the reasons for it.

I will sentence you to the custody of the Attorney General for a period of 36 months. I will not impose a fine upon you because you can't afford to pay it. Do you prefer that I put one dollar?

MR. WAGNER: We do, Your Honor.

THE COURT: Okay. I'm assessing a sum of one dollar. It's in dispute about which is better in the system. I will impose, it's $50 special assessment fee?

MS. SANTANA: Yes, Your Honor. Because of the time of the offense.

THE COURT: At the time of the offense was $50. I will place you on supervised release for three years subject to the general conditions, plus -- some of these are general but I'll just read them: That you obey all laws, federal, state, and local; that you abide by the standard conditions of supervised release; that you not possess a firearm or other dangerous weapon. And the special condition is that you participate in a program approved by the U.S. Probation Office for substance abuse, which program may include testing to determine whether you have alerted to the use of drugs or alcohol.

In imposing a sentence, I find that you've had a

criminal history category of 6 and a total offense level of 13 as set forth in the Presentence Report.

Mr. Buckner, frankly, before I heard from you, I was going to sentence you to 41 months regardless of the government's recommendation. I thought that the relevant conduct in this case and the serious impact upon the judicial system -- which really it's not the time of the judges that has to be spent, but it's the time the judge is diverted from other matters which is the serious issue -- warranted a sentence at the top end of the guidelines. And it did.

But two things have persuaded me, based upon you have told me, to give you less than the top end.

Number one, I do think that someone who served in Vietnam is entitled to some, entitled to the benefit of the doubt. Unfortunately, Vietnam veterans are a forgotten group of our populous. There were a lot of people who either didn't have a chance to get out or else showed basic gut courage in going on while others chose less honorable routes. And I frankly feel very strongly about that. And I respect those who served in an unpopular war.

Secondly, and I guess more importantly in this case, is what you've told me, and I take it as true. That you are now helping the process by telling people to tell the truth in the forms. And that's what this is all about.

You know as well as I, not going to lecture you.

You're an intelligent man. We have to have the system work. The starting point is for people to be honest. It's not so much rewarding you for having done that. You're a big fellow. You're grown up. You don't need to be rewarded. But it's to encourage you to continue to do it into the future.

Frankly, the extra three months between 33 months and 36 months, isn't going to make that much difference to you. In terms of deterring, I think that you can understand, you're an intelligent person, for you to be able to say, look, I got three years for this translates into something which people can understand even more than 33 months. So that's the reason why I fashioned the sentence that I have.

Mr. Norman.

MR. NORMAN: Yes, Your Honor.

THE COURT: Dismiss the right counts.

MR. NORMAN: I move to dismiss Counts One, Two, and Four, Your Honor.

THE COURT: Thank you. That motion is granted. Thank you all very, very much for the way you've handled the case. If anybody believes I've erred, they have a right to appeal my sentence.

(Conclusion of Proceedings.)

REPORTER'S CERTIFICATE

I, Mary M. Zajac, do hereby certify that I recorded stenographically the proceedings in the matter of United States of America versus Robert Leon Buckner, Case Number(s) JFM-97-0413, on ^^, 1999.

I further certify that the aforegoing pages constitute the official transcript of proceedings as transcribed by me to the within matter in a complete and accurate manner.

In Witness Whereof, I have hereunto affixed my signature this 7th day of February, 2000.

Mary M. Zajac
Mary M. Zajac,
Official Court Reporter

# TAB - 3

**DISTRICT COURT OF MARYLAND FOR** Anne Arundel Co.

Located at Court Address 7500 Ritchie Hwy. Glen Burnie, Md. Zip Code 21061 Telephone

State of Maryland

vs.

Defendant Buckner, Robert Leon D.O.B.

Case No(s). 0A40439

Tracking No.

Date Sentence Imposed 11-16-99

I.D. No.

## COMMITMENT RECORD

TO: ☐ Commissioner of Correction ☑ Warden/Sheriff of AACo. Det. Ctr. Jail/Detention Center

YOU ARE DIRECTED to receive the above named Defendant who has been sentenced and is hereby committed to your custody by JUDGE Johnson The Defendant has been found guilty as to:

Case/Count/Offense No. 0A40439 Charge Theft under $300 Art. Sec.

Sentence 10 months Concurrent with Consecutive to Case/Count/Offense No.

☐ PAROLE ELIGIBILITY RESTRICTIONS Art. Sec. (PROVIDE DETAILS IN ADDITIONAL SENTENCING INFORMATION)

Case/Count/Offense No. Charge Art. Sec.

Sentence Concurrent with Consecutive to Case/Count/Offense No.

☐ PAROLE ELIGIBILITY RESTRICTIONS Art. Sec. (PROVIDE DETAILS IN ADDITIONAL SENTENCING INFORMATION)

SPLIT SENTENCE

All but ______ is/are suspended and the Defendant is placed on probation for a period of ______ commencing upon:

CHECK ONE:
1. _____Release of Defendant from physical incarceration.
2. _____Release of Defendant from parole, or mandatory supervision pursuant to Art., Sec 4-612.

The total time to be served is 10 months , to run:

SELECT ONLY ONE

A. ☑ concurrent with any other outstanding or unserved sentence and begin on 5-6-99

B. ☐ consecutive to the last sentence to expire of all outstanding and unserved Maryland sentences.

C. ☐ consecutive to the sentence imposed in Case No.

The Defendant has been awarded ______ days credit for time served prior to and not including date of sentence (Art. 27, Sec. 638C).

ADDITIONAL SENTENCING INFORMATION: PROVIDE PAROLE ELIGIBILITY RESTRICTIONS OR PAROLE RECOMMENDATIONS, IF ANY:

$______________court cost(s) have been waived due to indigency.

☒ Commitment is for execution of previously suspended sentence after Defendant was found in violation of probation.
☐ Sentencing modification. This Commitment supersedes commitment issued on:

ATTACHMENTS HERETO INCLUDE: ☐ Additional Sentence(s): ☐ Order For Probation ☐ Conditions of Parole ☐ Order For Reimbursement of Public Defender: ☐ Other:

TRULY taken from the record of this Court.
WITNESS my Hand and the Seal of said Court this date:

☒ Appeal Bond set at $ 5,000.00
SENT STAYED

# TAB - 4

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Docket No.: JFM-97-0413 |
| vs. | ) | Defendant No.: 001 |
| | ) | |
| Robert Leon Buckner | ) | |

## PRESENTENCE REPORT

**Prepared for:**
The Honorable J. Frederick Motz
U.S. District Court Judge

**Sentencing Date:**
10/15/98 @ 9:00 a.m.

**Prepared by:**
Estelle Santana
Senior U.S. Probation Officer

**Office Location:**
Baltimore, Maryland
410-962-4740, ext. 3002
410-962-1779 fax

**Offense:** Count Three: Making a False Declaration Before a United States Court, in violation of Title 18, U.S. Code, Section 1623 and 2, a Class D Felony .

**Date of Arrest:** December 5, 1997

**Custodial Status:** On December 5, 1997, the defendant was released on personal recognizance with pretrial conditions of supervision. On July 2, 1998, the defendant entered a guilty plea to the instant offense and he was continued on bond under the same conditions as previously imposed. On July 12, 1998, Buckner was arresed for charges unrelated to the instant offense and he is being held at the Baltimore City Detention Center in lieu of a $2,000 bond. A federal warrant has been issued and is lodged as a detainer.

**Identifying Data**

| | | |
|---|---|---|
| **Date of Birth:** 12/20/56 | **Age:** 41 | **Citizenship:** USA |
| **Race:** White Non-Hispanic | **Sex:** Male | **Dependents:** Zero |
| **FBI No.:** 826258P9 | **SSN:** 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 also used 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 | **Other ID No.:** SID121056 |
| **Education:** Some College | **U.S.M. No.:** 33001-037 | |



**Legal Address:** 415 South Lehigh Street
Baltimore, Maryland 21224

**Alias(es):** Buck Buckner, Rob Buckner, Robert Buckner, William Robert Kirby, Rob

**Detainers:** The USM, Baltimore, Maryland have filed a detainer with the Division of Corrections, Baltimore City Detention Center.

**Codefendants:** None

**Assistant U.S. Attorney**

Andrew G.W. Norman
820 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201
(410) 209-4800 ext. 4881

**Defense Counsel**

Mark Wagner
Office of the Federal Public Defender
Tower II, Suite 1100
100 South Charles Street
Baltimore, MD 21201-2705
(410) 962-3962

**Date report prepared:** September 16, 1998

**Date report revised:**

**Mandatory Minimum:** ☐

**Photo is not available**

Dispo: 11/19/98 CAG 36 MOS., 3 yrs TSR. $1.00 fine, $50 S.A. & spcl conditions to participate in substance abuse counseling & no to possess firearm or other dangerous weapon

**PART A. THE OFFENSE**

<u>Charge(s) and Conviction(s)</u>

1. Robert Leon Buckner is charged in a Four Count Criminal Indictment with Making False Declarations Before United States District Court, in violation of Title 18, U.S.C. §1623; and Aiding & Abetting, in violation of Title 18 U.S.C. § 2. The offenses occurred Between May 1991 and January 1996 in the State and District of Maryland.

2. The defendant appeared in the United States District Court, in Baltimore, Maryland, on July 7, 1998 before the Honorable J. Frederick Motz, United States District Judge and pursuant to a plea agreement, he pled guilty to count Three of the Indictment charging that on or about December 6, 1995, in the State and District of Maryland, the defendant unlawfully, knowingly and wilfully made a false and material declaration contained in a Declaration In Support of Request to Proceed <u>In Forma Pauperis</u> filed under penalty of perjury in the case known as <u>Robert Buckner v. King et al.</u>, Civil Case No. S-95-3790....knowing the same to contain false material declaration, that is the defendant falsely stated he had no money in any account, when in fact, as he then and there well knew, he had money in his prison bank account in violation of Title 18, U.S.C. § 1623. Following the Court's acceptance of the guilty plea, the matter was referred to the United States Probation Office for a Presentence Investigation Report. Sentencing is scheduled for October 15, 1998, at 9:00 a.m., in the United States District Court in Baltimore, Maryland.

3. According to the terms of the plea agreement letter dated May 11, 1998: Under § 2J1.3(a) the base offense level is 12. The government will recommend that the defendant receive a 2 or 3 point downward adjustment for acceptance of responsibility pursuant to § 3E1.1 in recognition of his early plea of guilty. The government contends that under 2J1.3(b)(2), 3 levels should be added to the base offense level because the defendant's false declarations resulted in a substantial interference with the administration of justice. The government further contends that under § 2J1.3(d)(1) and § 3D1.4, 5 levels should be added since the defendant filed 12 lawsuits in Federal Court falsely claiming in forma pauperis status in each. At his sentencing, the government will recommend a sentence at the low end of the guideline range that the court ultimately decides is appropriate.

4. The defendant is opposed to these upward adjustments and reserved the right to present evidence and/ or argument of counsel in support of his position.

5. Since the offense took place after November 1, 1987, the Sentencing Reform Act of 1984 is applicable. The updated United States Sentencing Guidelines Manual, effective November 1, 1997, is being used in this case unless otherwise indicated. Guideline Section 1B1.11 instructs the Court to use the Sentencing Guidelines Manual in effect on the date of sentencing, unless that manual would violate the <u>ex post facto</u> clause of the United States Constitution.

NOV-01-2000 WED 02:18 PM USP LEWISBURG FAX NO. 5705227744 P. 11

<u>**Related Cases**</u>

6. None.

<u>**Offense Conduct**</u>

7. United States of America, by and through its undersigned counsel, hereby submits the following statement of facts which, if this case were called to trial, would be proven beyond a reasonable doubt by means of live witness testimony and the introduction of tangible evidence.

8. At all times relevant to this case, Robert Leon Buckner, ("the defendant"), was serving a prison sentence in the custody of Maryland Division of Correction and as an inmate, was allowed to maintain a prison bank account.

9. Between May 1991 and January 1996, the defendant filed twelve lawsuits ("the lawsuits") in the United States District Court for the District of Maryland, sitting at Baltimore, Maryland. In every one of the lawsuits, including those described in the Four Counts of the Indictment filed in this case ("the Indictment"), the defendant sought and in most cases, obtained approval from the Court to proceed <u>in forma pauperis</u> with his lawsuits so that he could pursue each case without prepaying Court fees and costs.

10. In each of the cases mentioned in the Counts of the Indictment, the defendant filed a Declaration required by law in support of his request to proceed <u>in forma pauperis</u>. The Declaration is a document upon which United States District Court Judges must rely in order to decide whether or not a litigant, such as the defendant , is indigent and therefore eligible for <u>in forma pauperis</u> status. In each Declaration, the defendant was asked:

> **"Do you own any cash, or do you have money in any checking or savings account, including your prison account or any account kept in a bank or savings deposit company?"**

11. In every lawsuit in which the defendant sought <u>in forma pauperis</u> status, and in particular, those cases mentioned in the Indictment, the defendant responded to the above question by checking the box on the form indicating his answer was "No."

12. On page two of each Declaration, the defendant signed his name directly underneath a clause which stated:

> **"I understand that a false statement or answer to any question in this Declaration will subject me to penalties for perjury."**

13. Finally, at the end of each Declaration, immediately underneath the defendant's signature there appeared the following words:

> **"I declare under penalty of perjury that the foregoing is true and correct."**

NOV-01-2000 WED 02:20 PM USP LEWISBURG FAX NO. 5705227744 P. 12

14. As to Count Three, the offense to which the defendant is pleading guilty, the evidence is as follows: On or about December 6, 1995, in the State and District of Maryland, the defendant, Robert Leon Buckner did unlawfully, knowingly and wilfully make a false and material declaration contained in a Declaration In Support of Request to Proceed In Forma Pauperis filed under penalty of perjury in the case known as Robert Buckner v. King, et al., Civil Case No. S-95-3790 (district of Maryland), a proceeding before and ancillary to a court of the United States, knowing the same to contain a false material declaration, that is the defendant falsely stated he ad no money in any account, when in fact, as he then and there well knew, he had over $1,000.00 in his prison bank account.[1]

15. As for the remaining Counts of the Indictment and the incidents involving false statements made in connection with the eight other lawsuits, the evidence would be the same as that mentioned in support of Count Three; except for the dates and titles of the lawsuits and the amount of money the defendant had in his prison account on each occasion. Therefore the evidence in support of the remaining counts and incidents is as follows:

| Title of Case | Date Files | Money in Defendant's account |
|---|---|---|
| Buckner v. Baltimore Police Department (No. 91-CV-1251) | May 6, 1991 | $1,327.49 |
| Buckner v. Warden (No. 91-CV-1556) | June 5, 1991 | $1,230.00 |
| Buckner v. Warden (No. 91-CV-2362) | August 22, 1991 | $ 916.12 |
| Buckner v. Warden (No. 91-CV-3277) | November 17, 1991 | $ 719.03 |
| Buckner v. Taylor, et. al. (No. 92-CV-2879) | October 13, 1992 | $ 600.22 |

---

[1] Shortly after the filing of case S-95-3790, Magistrate Judge Susan K. Gauvey held an evidentiary hearing (at the request of the State of Maryland which was a party defendant) regarding the defendant's alleged pauper status. Following the hearing, Magistrate Judge Gauvey found, inter alia, in a written opinion dated August 2, 1996, that the defendant had falsified his in forma pauperis affidavit in Case No. S-95-3790 and that it was likely he had done the same thing in relation to Case No. S-96-340. On September 5, 1996, the Honorable Frederic N. Smalkin filed a Memorandum Opinion and Order, adopting all of Magistrate Judge Gauvey's recommendations and opining that all of her factual findings were correct.

NOV-01-2000 WED 02:21 PM USP LEWISBURG FAX NO. 5705227744 P. 13

| | | |
|---|---|---|
| Bucker v. Huff[2] (No. S-93-1517) | May 20, 1993 | $ 525.18 |
| Buckner v. Central[3] Intelligence Agency (No. S-93-2855) | September 26, 1993 | $ 456.63 |
| Buckner v. Beshears et. al. (No. 93-CV-3939) | December 1, 1993 | $ 388.01 |
| Buckner v. Commissioner (No. 94-CV-3541) | December 19, 1994 | $ 24.43 |
| Buckner v. Warden (No. 95-CV-3476) | November 14, 1995 | $1,291.01 |
| Buckner v. Bishop Robinson, et. al. [4](No. S-96-340) | January 1, 1996 | $3,260.32 |

16. At all times herein, in the absence of an Order of Court granting in forma pauperis status to a litigant, the Clerk's Office for the United States District Court for the District of Maryland required payment of a $120.00 fee upon the filing of a civil suit. Further, charges for copying of court documents, service of process and provision of transcripts must also be paid by litigants unless they are permitted to proceed in forma pauperis.

Victim Impact

17. The victim is the United States District Court for the District of Maryland to whom Mr. Buckner would have had to pay a $120.00 fee for every civil suit he filed, as well as for the copying of court documents (an amount that has not been determined).

Adjustment for Obstruction of Justice

18. The government contends that under § 2J1.3(b)(2), 3 levels should be added because the subject's False Declarations resulted in a substantial interference with the administration of justice.

Adjustment for Acceptance of Responsibility

19. During my interview with Mr. Buckner, he stated that he filed law suits and judicial reviews, making significant challenges to the breach of privacy, breach of prisoner's rights such as the

[2] See Count One of Indictment.

[3] See Count Two of Indictment.

[4] See Count Four of Indictment.

NOV-01-2000 WED 02:22 PM USP LEWISBURG FAX NO. 5705221744 P. 14

lack of medical treatment. He admits that he lied about the status of his prison account when declaring in forma pauperis status. He expressed remorse and apologized for his wrong doing. The defendant stated that as a form of redemption, he provides assistance and testimony about his legal problems and assists fellow inmates in filling out their papers completely and truthfully.

Offense Level Computations

20. **Base Offense Level:** The United States Sentencing Commission Guideline for violation of 18 U.S.C. §1623 is found in U.S.S.G. §2J1.3(a) entitled Perjury or Subornation of Perjury: Bribery of Witness that calls for a base offense level of twelve. +12

21. **Specific Offense Characteristic:** The defendant's acts of perjury resulted in great expense to the United States District Court which heard his civil case, and thus caused a substantial interference with the administration of justice. Therefore a three level increase in the base offense level is warranted pursuant to § 2J1.3(b)(2). +3

22. **Victim-Related Adjustments:** None. +0

23. **Adjustments for Role in the Offense:** None. +0

24. **Adjustment for Obstruction of Justice:** None. +0

25. **Adjusted Offense Level (Subtotal):** 15

26. **Adjustment for Acceptance of Responsibility:** The defendant acknowledged his illegal conduct and pled guilty to the offense in a timely fashion.. Pursuant to U.S.S.G. §3E1.1(a), the offense is reduced by two levels. -2

27. **Adjusted Offense Level:** 13

**PART B. DEFENDANT'S CRIMINAL HISTORY**

Juvenile Adjudications

28. The defendant has no known juvenile criminal history.

Adult Criminal Convictions

29. Maryland Rule 719 or Rule 4-213 entitles all defendants to notice of the right to be represented by counsel and to have counsel appointed if indigent for all felony charges since September 1, 1967, and for all lesser offenses since July 1, 1977.

| | Date of Arrest | Charge/Disposition/Date/Guideline | Score |
|---|---|---|---|
| 30. | 5/21/80 (Age 23) | Baltimore, Maryland; Theft. On May 22, 1980, the defendant appeared in Baltimore City District Court on Case No. #000AR21596. He was found guilty. No points are assessed pursuant to §4A1.2(e). | 0 |
| 31. | 02/03/83 (Age 26) | Baltimore, Maryland; Battery. On March 30, 1983, the defendant appeared in Baltimore City District Court on Case No. #0000835702. He was granted probation before judgement. No points are assessed pursuant to §4A1.2(e). | 0 |
| 32. | 03/28/84 (Age 27) | Baltimore, Maryland; Theft Less $300. On September 4, 1984, the defendant appeared in Baltimore County District Court on Case No. #000060545C0. He was found guilty and he was sentenced to 12 months in the Division of Corrections. Two points are assessed pursuant to §4A1.1(b). | 2 |
| 33. | 06/11/85 (Age 28) | Baltimore, Maryland; Theft Less $300. On September 9, 1985, the defendant appeared in Baltimore County District Court on Case No. #00009815C1. He was found guilty and he was sentenced to 6 months in jail, work release eligible. This case was appealed on October 4, 1985, Case No. #85CR4314. On December 24, 1985, he was found guilty and he was sentenced to six months all but time served suspended. Two points are assessed pursuant to §4A1.1(b). | 2 |
| 34. | 11/05/86 (Age 29) | Baltimore, Maryland; 10 Counts Bad Checks, and one Count Felony Theft. On January 20, 1987, the defendant appeared in Baltimore City District Court on Case No. # 00673629B5. He was found Guilty and he was sentenced to three years probation on Count I. Counts Two through Ten, one year, six months suspended sentence. He was found guilty of Felony Theft. One point is assessed pursuant to §4A1.1(c). | 1 |
| 35: | 12/13/86 (Age 29) | Baltimore, Maryland; 14 Counts Bad Checks, one Count Felony Theft. On January 20, 1989, the defendant appeared in Baltimore City District | |

Court on Case No. #0673630B6. He was found guilty of all the charges and he was sentenced to one year, six months on Count I; One year, six months, suspend 10 months on Count Two; One year, six months suspended sentence on Counts Three-Fourteen; three years probation on Count Fifteen. On June 15, 1987, these charges were appealed to Baltimore City Circuit Court, Case No. #38706336. The defendant was found guilty and he was sentenced to one year in Counts One-Fourteen. Two points are assessed pursuant to §4A1.1(b). 2

36. 03/29/89 (Age 32)

Baltimore, Maryland; Forged RX, Forgery Prescriptions, Forgery Prescriptions, and Forgery Prescriptions. On October 6, 1989, the defendant appeared in Baltimore County Circuit Court on Case No. #89CR4413. He was found guilty of Count One and he was sentenced to three years probation. The remaining counts were Nolle Prossed. One point is assessed pursuant to §4A1.1(c). 1

37. 05/10/89 (Age 32)

Harford County, Maryland; Theft Less $300. On December 13, 1989, the defendant appeared in Harford County Circuit Court on Case No. #89C1512. He was found guilty and sentenced to one year. Two points are assessed pursuant to §4A1.1(b). 2

38. 07/27/89 (Age 32)

Anne Arundel County, Maryland; CDS Obtain RX, Forgery Prescription, CDS Obtain RX, Forgery Prescription, CDS Prescription, and Forgery. On February 26, 1991, the defendant appeared in Anne Arundel County Circuit Court on Case No. #37,305. He pled guilty to Count I and he was sentenced to four years in the Division of Corrections. On June 19, 1991, this sentence was modified to three years. Three points are assessed pursuant to §4A1.1(a). 3

39. 02/17/90 (Age 33)

Baltimore, Maryland; Theft Less $300. On December 6, 1990, the defendant appeared in Baltimore County District Court on Case No. #00665595C0. He was found guilty and he was sentenced to one year, 6 months in the Division of Corrections. Three points are assessed pursuant to §4A1.1(a). 3

| | | | |
|---|---|---|---|
| 45. | 05/07/94 (Age 34) | Baltimore, Maryland; Theft Plus$300. On February 14, 1995, the defendant appeared in Baltimore County District Court on case No. #0108695C6. He was found guilty and he was sentenced to three years. He appealed this case to Baltimore County Circuit Court on March 7, 1995. He was found guilty on May 2, 1995, Case No. # 95CR0900. He was sentenced to three years. Three points are assessed pursuant to §4A1.1(a). | 3 |
| 46. | 06/13/94 (Age 34) | Baltimore, Maryland; Theft Less $300. On May 3, 1995, the defendant appeared in Baltimore County District Court on Case No. #0114993C4. He was found guilty and he was sentenced to one year, six months, suspend one year ten days. Two points are assessed pursuant to §4A1.1(b). | 2 |
| 47. | 07/23/94 (Age 35) | Baltimore, Maryland; Petty Theft. On December 22, 1994, the defendant appeared in Baltimore County District Court on case No. #0C00018074. He was found guilty and he was sentenced to one year. Two points are assessed pursuant to §4A1.1(b). | 2 |
| 48. | 08/24/94 (Age 35) | Baltimore, Maryland; Theft Less 300. On February 23, 1995, the defendant appeared in Baltimore City District Court on Case No. #940001426490. He was found guilty and he was sentenced to six months. Two points are assessed pursuant to §4A1.1(b). | 2 |
| 49. | 09/20/96 (Age 39) | Ocean City, Maryland; Alcohol Beverage Open Container, and Alcohol Beverage Consume. On March 24, 1997, the defendant appeared in Ocean City District Court on Case No. #950002970136. He was found guilty and he was ordered to pay $250 in fines. No points are assessed pursuant to §4A1.2(c)(2). | 0 |
| 50. | 02/16/97 (Age 40) | Anne Arundel County, Maryland; Theft less $300. On June 18, 1997, the defendant appeared in Anne Arundel County District Court on Case No.#950002595920. He was found guilty and he was sentenced to 18 months of which 15 months and 11 days were suspended and he was placed on probation for 2 years, 4 months. This sentence was modified on September 4, 1997, suspending the remainder of the four month sentence. One point is assessed pursuant to §4A1.1(c). | 1 |

Mr. Buckner was mandatorily released after a parole violation revocation on August 7, 1997 and was placed on active probation. According to his state P&P agent, Mr. Buckner reported as directed with the exception of failing to report on November 19, 1997. He had no special conditions and no fixed address. Having violated the conditions of his probation by being arrested on July 12, 1997 on drug related charges, a probation violation hearing is pending.

Criminal History Computation

51. The defendant has a subtotal of 40 criminal history points. Since the defendant committed the instant offense while he was in prison, two points are assessed in accordance with §4A1.1(d).The defendant has a total of 42 criminal history points. According to the Sentencing Table (Chapter 5, Part A), 13 or more criminal history points establishes a criminal history category of VI.

Pending Charges

52. The defendant was arrested on July 12, 1998 in Baltimore City for Possession With Intent to Distribute CDS and CDS Possession (two counts). He is being held at the BCDC in lieu of a $2,000 bond. These charges are pending in District Court under case no. 4B00284939.

PART C. SENTENCING OPTIONS

Custody

53. **Statutory Provisions:** The maximum term of imprisonment is 5 years, pursuant to 18 U.S.C. §1623.

54. **Guideline Provisions:** Pursuant to U.S.S.G. Chapter 5, Part A, based on a total offense level of 13 and a criminal history category of VI, the guideline range for imprisonment is 33 to 41 months.

55. Pursuant to U.S.S.G., Section §5Cl.l(f), because the applicable guideline range is in Zone D of the Sentencing Table, the minimum term shall be satisfied by a sentence of imprisonment.

Supervised Release

56. **Statutory Provisions:** If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than three years, pursuant to 18 U.S.C. §3583(b)(2).

57. **Guideline Provisions:** Supervised release is required if the Court imposes a term of imprisonment of more than one year or when required by statute, pursuant to U.S.S.G. §5D1.1(a). If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required but is optional, pursuant to U.S.S.G. §5D1.1(b).The guideline range for a term of supervised release is at least two years but not more than three years for a defendant convicted of a Class C or D felony, pursuant to U.S.S.G. §5D1.2(a)(2).

Probation

58. **Statutory Provisions:** The defendant is eligible for not less than one nor more than five years probation by statute, pursuant to 18 U.S.C. §3561(c)(1). Because the offense is a felony, one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service, pursuant to 18 U.S.C. §3563(a)(2).

59. **Guideline Provisions:** Because the applicable guideline range is in Zone D of the Sentencing Table, the defendant is not eligible for probation, pursuant to U.S.S.G. §5B1.1(a), Application Note 2.

## PART D. OFFENDER CHARACTERISTICS

Family Ties, Family Responsibilities and Community Ties

60. Robert Leon Buckner, is a 42 year-old lifelong resident of the State of Maryland, born on December 20, 1956 in Baltimore, Maryland to the marital union of William and Margaret (nee: Dezarn) Buckner. His last known residence was at 415 South Lehigh Street, Baltimore, Maryland 21224, where he reportedly resided with his friend Jeneatte Davis from October to December 1997. He was previously incarcerated at the Patuxent Institution for a parole violation from March 1997 to September 1997.

61. Mr. Buckner recalled spending his formative years in Middlesex with both parents. He proudly related that his father was a missile guidance system technician and a highly decorated WWII navy veteran. During his adolescent years, his parents separated and he went to live with his father in the City. In highsight, this was the biggest mistake he made in his life, he said. His father was no longer the person he grew up knowing. He started using and dealing drugs and had many women coming and going in his life. The defendant endured this turbulent lifestyle with his father until he went into the service in 1974. While in the service, he began using opiates and by the time he was discharged, he was addicted to opium. He returned to his fathers home, who by that time was in worse condition that when he left. He was on disability and died in 1980.

62. The defendant's mother remarried when he was a teenager. His stepfather, Joseph Kilpatrick with whom he has a good relationship, was a better father and role model for him, he opined. Both his mother and stepfather have retired to Beuford, North Carolina. Mr. Buckner has a sister, Linda Deluca Buckner, who is 48 and also resides in Beuford, North Carolina with her husband and three children. According to the defendant, he maintains monthly contact with his family.

63. The defendant married Debbie (nee: Thomas) in Baltimore, Maryland on December 16, 1979. They separated in 1982 and their divorce was finalized on June 16, 1995. In 1981, he met Teresa Sevison, who at that time had a two year old boy named James Sevison. The defendant and Ms. Sevison co-habited until 1990 before they broke up. The defendant helped to raise James Sevison and recognized him as his son and they have a good father-son

# TAB - 5

# UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
PROBATION OFFICE

DAVID E. JOHNSON
CHIEF U.S. PROBATION OFFICER
SUITE 400
250 WEST PRATT STREET
BALTIMORE 21201

U.S. COURTHOUSE
SUITE 100
6500 CHERRYWOOD LANE
GREENBELT 20770-1248

May 26, 1999

PLEASE REPLY TO:
BALTIMORE OFFICE
(410) 962-4696
FAX (410) 962-1779

The Honorable J. Frederick Motz
U.S. District Judge
101 W. Lombard Street
Baltimore, Maryland 21201

Re: U.S. v. Robert Leon Buckner
Criminal No. JFM-97-0413

Dear Judge Motz:

This is in response to your letter dated May 13, 1999, asking me to look into why Mr. Buckner has not been transferred to federal custody and further to address Mr. Buckner's request that he be given credit for time spent in custody prior to being sentenced.

Mr. Buckner is now at the Anne Arundel County Detention Facility awaiting a State violation of probation hearing. I will explain the sequence of events that occurred between the time he was arrested and sentenced on his Federal charges as follows:

On December 1, 1997, Mr. Buckner was arrested in relation to his Federal charges (Making a False Declaration Before a United States Court). Appearing before the Honorable Paul M. Rosenberg for his initial arraignment, he was released on his personal recognizance with pretrial supervision and a variety of conditions. On July 12, 1998, he was arrested in Baltimore City for Possession With Intent to Distribute CDS and he was detained at the Baltimore City Detention Center (BCDC) in lieu of a $2,500 bond. While he was on pretrial release, Mr. Buckner was also under a State probation sentence for a 1997 conviction in Anne Arundel County and the July 12, 1998 arrest resulted in a violation of his state probation. Consequently, a violation of probation detainer was filed by Anne Arundel County with the Baltimore City Detention Center.

On November 28, 1998, Mr. Buckner was brought before Your Honor on a Writ and he was sentenced to serve 36 months to be followed by 3 years supervised release. He was returned to the BCDC. On May 5, 1999, the narcotics charges were placed on the Stet docket for three years. He was then turned over to the AA County detainer, where he is now facing a violation hearing. When this matter is resolved, depending on the disposition (he is exposed to 15 months and 11 days), the U.S. Marshals will be notified.

Mr. Buckner is not entitled to credit for time spent in custody prior to his federal sentencing because he was not in our custody. The Bureau of Prisons will compute Mr. Buckner's sentence and

will award him any "jail time credit" he is entitled to in accordance with Statutory Authority 18 USC § 3585(b) as implemented by Program Statement 5880.24. This is why it is not necessary and often complicates the matter, to state in a judgement that the defendant should get credit for time spent in jail.

Under the above mentioned authority, a defendant will not get credit for time served in custody prior to sentencing if that time is credited toward another sentence (i.e. a State sentence). There may be a rare instance, when our Court intends to grant credit on his federal sentence, for time spent in custody prior to sentencing, knowing that time has been credited toward another sentence and in order to do so, will depart. These cases are the exception to the rule.

As to Mr. Buckner's request for a sentence reduction under Rule 35, I strongly feel it is unwarranted. Mr. Buckner had a total of 42 criminal history points. He only needed 13 to be in Criminal History Category VI. Although his narcotics charges were Stetted (not dismissed), it does not depreciate the seriousness of his conduct in my eyes. Engaging in illegal conduct while given the benefit of conditional release by the U.S. Probation Office and while on probation with the State, he showed a blatant disregard for the criminal justice system.

Thank you for the opportunity to assist the Court regarding this matter.

Respectfully Submitted,

ESantana

Estelle Santana
Sr. United States Probation Officer