③
7/10/01
why

CIVIL CASE No. _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BUCKNER
V.
ROMINE, WARDEN

IN THE MATTER OF
APPLICATION FOR WRIT OF HABEAS CORPUS

# APPENDIX

VOLUME

2

EXH. F THRU O

# TABLE OF EXHIBITS

**EXHIBIT**                     **DESCRIPTION**

A .......... Federal Judgement In Criminal Case (Commitment Order) CR-97-JFM-0413, (November 19, 1998)(D.Md.)

B .......... Federal Sentencing Transcript (Nov. 19, 1998)

C .......... Anne Arundel County State Commitment Order of November 16, 1999 ("concurrent" state sentence")

D .......... Federal Pre-Sentence Report (See pp. 11-13)

E .......... Letter to Judge Motz, U.S.D.J., from U.S.P.O. in re, transfer to federal system.

F .......... Federal Plea Agreement (CR-97-JFM-0413)(D.Md.)

G .......... Docket Entries, Baltimore City Case, in re, arrest of July 12, 1998.

H .......... Federal Docket Entries, (CR-97-JFM-0413)(D.Md.)

I .......... Sentencing Computations, BOP read-outs

J .......... Letters to BOP (Lewisburg) records & responses, dated Sept. 15, 2000, and May 16, 2000.

K .......... Receipt of Habeas Corpus Petition, 1:CV-00-1647, (M.D. Pa.)(Caldwell, J.)

L .......... Order Denying Habeas Corpus W.O.P. for exhaustion of remedies, September 21, 2000. (M.D. Pa.)

M .......... Letter from BOP (Lewisburg) to AUSA, U.S.D.C. (D. Md.) in re, sentence calculation.

N .......... Judgement/Memorandum from U.S.C.A., 3rd Circuit, dated June 4/6, 2001, Case. 00-3696 (appeal from 1:CV-00-1647, M.D. Pa.)

O .......... Exhausted remedies from BOP.

**TAB - 6**



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

Lynne A. Battaglia
United States Attorney

Andrew G.W. Norman
Assistant United States Attorney

6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692

410-209-4800
TTY/TDD:410-962-4462
410-209-4903
FAX 410-962-3124

May 11, 1998

Mark Wagner, Esquire                    SENT BY FACSIMILE & MAIL
Assistant Federal Defender
Office of the Federal Public Defender
Tower II, Suite 1100
100 South Charles Street
Baltimore, Maryland 21201

> Re: United States v. Robert Leon Buckner
> Criminal No. JFM-97-0413

Dear Mr. Wagner:

This letter confirms the plea agreement which has been offered to your client by the United States Attorney's Office for the District of Maryland ("this Office"). If your client accepts this offer, please have him execute it in the spaces provided below. *If the offer contained herein has not been accepted by close of business on Tuesday, May 19, 1998, it will be deemed withdrawn without any further notice from this Office.* The terms of the agreement are as follows:

1. Mr. Robert Leon Buckner, your client, agrees to plead guilty to Count Four of the Indictment now pending against him in which he is charged with Making a False Declaration Before a United States Court in violation of 18 U.S.C. Sections 1623 and 2. Your client admits that he is in fact guilty of that offense and will so advise the Court.

1

2.   The maximum sentence provided by statute for the offense to which your client is pleading guilty is as follows: imprisonment for 5 years, followed by a term of supervised release of not more than 3 years and a fine of $250,000.  In addition, your client must pay $100.00 as a special assessment under 18 U.S.C. Section 3013, which will be due and should be paid at or before time of sentencing.  This Court may also order him to make restitution pursuant to 18 U.S.C. Section 3663 and 3664.  If a fine is imposed, it shall be payable immediately.

3.   Your client understands that a sentencing guideline range for this case will be determined by the Court pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. Section 3551-3742 and 28 U.S.C. Sections 991 through 998.   Your client further understands that the Court will impose a sentence within that guideline range unless the Court finds there is a basis for departure because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines which should result in a sentence different from the guideline range.

4.   This Office and your client understand, agree and stipulate to the applicable sentencing guideline factors:

<u>STIPULATION</u>

(a)  A statement of facts will be furnished to the Court and counsel at the time of your client's rearraignment.

(I)  Under § 2J1.3(a) the base offense level is a level <u>12</u>.

(II)  The government will recommend that the defendant receive a <u>2 or 3-point downward adjustment</u>[1] for

---

[1]  The government's § 3E1.1 recommendation will be for the most permitted under the guidelines; however, at this stage that amount cannot be certain as it will necessarily depend on the Court's determination of the adjusted offense level following its decision as to whether or not the adjustments specified <u>infra</u> are

2

acceptance of responsibility pursuant to § 3E1.1 in recognition of his early plea of guilty pursuant to this letter.

(b)  The following guideline applications are in dispute and it is agreed that they must be resolved by the Court following an evidentiary hearing and argument of counsel at the time of sentencing, or at some other time to be scheduled by the Court. The parties estimate that no more than **two hours** will be necessary for the hearing.

(I) The government contends that under § 2J1.3(b)(2), **3 levels** should be added because your client's False Declarations resulted in a substantial interference with the administration of justice.

(II)  The government further contends that under § 2J1.3(d)(1) and § 3D1.4, **5 levels** should be added since your client filed 12 lawsuits in Federal Court falsely claiming **in forma pauperis** status in each.

(III)  Your client specifically opposes the two adjustments outlined above and reserves the right to present evidence and/or argument of counsel in support of his position.  Therefore, at the hearing the government will have to prove by a preponderance of the evidence that the adjustments should be applied.

(b)  Your client understands that neither the U.S. Probation Office nor the Court is bound by the stipulation, and that the Court will, with the aid of the presentence report, determine the facts relevant to sentencing.  Your client understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence.  Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. Your client understands that if the Court ascertains factors different from those contained in the stipulation, your client cannot, for that reason alone, withdraw his guilty plea.

---

to be applied.

(c)  Your client understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

(d)  In the event that your client engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under §3C1.1 of the Federal Sentencing Guidelines, or in the event that your client fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the presentence report, then this office will be relieved of its obligations to your client as reflected in this agreement.  Specifically, this office will be free to argue sentencing guideline factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement.  As with any alleged breach of this agreement, the government will bear the burden of convincing the court of your client's obstructive behavior and/or failure to acknowledge personal responsibility by preponderance of the evidence.  Your client acknowledges that he may not withdraw his guilty plea because this office is relieved of its obligations under the plea agreement pursuant to this paragraph.

5.  (a)  At his sentencing, this Office will recommend that your client be sentenced to the low end of the guideline range established by the Court as being applicable to your client's conduct in this case.

(b)  At his sentencing, this Office will move to dismiss Counts One, Two and Four of the Indictment.

(c)  This Office reserves the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning your client's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

6.  Your client and the United States knowingly and expressly waive all rights conferred by 18 U.S.C. Section 3742 to appeal

4

whatever sentence is imposed, including any issues that relate to the establishment of the guideline range, reserving only the right to appeal from an upward or downward departure from the guideline range that is established at sentencing. Nothing in this agreement shall be construed to prevent either your client or the United States from invoking the provisions of Federal Rule of Criminal Procedure 35, and appealing from any decision thereunder, should a sentence be imposed that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory minimum mandatory provision.

7.  Your client expressly understands that the Court is not a party to this agreement.  In the federal system, sentence is imposed by the Court, the Court is under no obligation to accept this Office's recommendations and the Court has the power to impose a sentence up to and including the statutory maximum stated above. If the Court should impose any sentence up to the maximum established by statute, your client cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. Your client understands that neither the prosecutor, you, nor the Court can make a binding prediction of, or promise him, the guideline range or sentence that ultimately will apply to his case. Your client agrees that no one has made such a binding prediction or promise.

8.  This letter states the complete plea agreement in this case.  There are no other agreements, promises, undertakings or understandings between your client and this Office.

If your client fully accepts each and every term and condition of this letter, please sign and have your client sign the original and return it to me promptly. The enclosed copy is for your file.

Very truly yours,

Lynne A. Battaglia
United States Attorney

By: Andrew Norman

Andrew G.W. Norman
Assistant United States Attorney

5

I have read this agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.

_____6-15-98_____    _____
Date                    Robert Leon Buckner


I am Mr. Robert Leon Buckner's attorney.  I have carefully reviewed every part of this agreement with him.  To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_____6/15/98_____    _____
Date                    Mark Wagner, Esquire

6

**TAB - 7**

# CIRCUIT COURT FOR BALTIMORE CITY
## CRIMINAL DIVISION

298252003      246944  12/20/56
      SID#  000121056
BUCKNER, ROBERT LEON

415 S. LEHIGH ST                    W/M

BALTIMORE  MD  21224  986002150162
AKA  BUCKNER, BUCK
      KIRBY, WILLIAM ROBERT

CASE(S)#_____TERM

IDENT.NO._____

DOB_____

A.R.NO._____

CHARGE(S)  Viol. narc. laws.

TRACKING#

| ATTORNEY | DATE | LOCATION | | DATE | COURT REPORTER | DATE |
|---|---|---|---|---|---|---|
| | | B.C.J. | ✓ | SUMMONS | Video  11:30 | 11-5-98 |
| | | D.O.C. | | BAIL | 11 | 5/5/99 |
| | | O.R. | | | | |

Kevin Urick
ASST. STATE'S ATTY.

| DATE | DOCKET ENTRIES |
|---|---|
| 9/9/98 | *Circuit Court Docketing Date* |
| | *Recognizance taken / District Court* |
| | *Recognizance taken / Circuit Court* |
| | *Appearance of*                    *Defense* |
| 11-23-98 | Appearance of   Kevin Urick   *State* |
| 11-23-98 | *Arraigned and Pleads*  NG   (D)   Election of Trial  JT  2-5-99  P-7 |
| | MOTIONS |

| DEFENSE | STATE |
|---|---|
| Motion for Discovery Fd. | [  ] Motion for Discovery Fd. |
| Answers To State Discovery Fd. | [  ] States Disclosure Fd. |
| Defense Disclosure Fd. | [  ] Answers To Defense Discovery Fd. |
| Motion Pursuant To Md. Rule_____ | [  ] Notice of States Reliance Fd. |
| Motion To Suppress Fd. | [  ] Answers To Defendants Bill of Particulars Fd. |
| Defendant Demand For Witness Fd. | [  ] Motion For Additional Penalties |
| Motion To Dismiss Fd. | [  ] Notice of Plea Bargain Policy |
| Motion For Bill of Particulars Fd. | [  ] |
| Omnibus Motion Fd. | [  ] |
| Motions for Speedy Trial | [  ] |
| Motion For Grand Jury Testimony | [  ] |

11-5-98  Set in error, arrg. date 11/23/98  P-7  Loc BCJ
         Summons signed ✓                    C Smith, J

| DATE | DOCKET ENTRIES |
|------|----------------|
| 1-23-98 | *Cx-BCJ issue jail card summons signed* (Nowicki, J) |
| 2/5/99 | *Refer to Admin Judge* (McCurdy, J) |
| 4/9/99 | *Referred to admin ct* (Nance) |
| 5/5/99 | ~~[redacted]~~ *Stet ordered for the above stated reason as to* _____ Judge  *Surff Evid. ASP Review* (Nance, J) |

**TRUE COPY**
TEST

FRANK M. CONAWAY, CLERK

CIRCUIT COURT FOR
1903

# TAB - 8

APPEAL CLOSED

U.S. District Court
District of Maryland (Baltimore)

CRIMINAL DOCKET FOR CASE #: 97-CR-413-ALL

USA v. Buckner                                          Filed: 11/06/97
Dkt# in other court: None

Case Assigned to:  Chf Judge J. Frederick Motz

ROBERT LEON BUCKNER (1) ,           James Wyda
211554                                [term  11/19/98]
     defendant                        [COR LD NTC pda]
  [term  11/19/98]                    Office of the Federal Public
                                      Defender
                                      100 S. Charles Street, Suite
                                      1100
                                      Equitable Bank Center, Tower II
                                      Baltimore, MD 21201
                                      USA
                                      962-3962


Pending Counts:                              Disposition

18:1623.F MAKING FALSE               DISMISSED
DECLARATIONS BEFORE UNITED           (1 - 2)
STATES       DISTRICT COURT;
18:2 Aiding & Abetting
(1 - 2)

18:1623.F MAKING FALSE               IMPRISONMENT for total term of
DECLARATIONS BEFORE UNITED           36 months; Supervised
STATES       DISTRICT COURT;         Release for a term of 3 years;
18:2 Aiding & Abetting               Assessment $50.00 and Fine
(3)                                  $1.00
                                     (3)

18:1623.F MAKING FALSE               DISMISSED
DECLARATIONS BEFORE UNITED           (4)
STATES       DISTRICT COURT;
18:2 Aiding & Abetting
(4)


Offense Level (opening): 4


Terminated Counts:

   NONE


Docket as of March 30, 2001 2:56 pm              Page 1

Proceedings include all events.                                          APPEAL
1:97cr413-ALL USA v. Buckner
                                                                         CLOSED

4/15/99  21    MOTION by Robert Leon Buckner for Copywork. (c/s) (jan)
               [Entry date 04/15/99]

4/19/99  22    ORDER as to Robert Leon Buckner granting [21-1] motion for
               Copywork as to Robert Leon Buckner (1) ( Signed by Chf
               Judge J. F. Motz  4/19/99) (cm af) (amf)
               [Entry date 04/19/99]

11/29/99 23    MOTION by Robert Leon Buckner to Vacate under 28 U.S.C.
               2255. ( Civil Action # JFM-99-3578) (c/s) (jan)
               [Entry date 11/29/99]

12/27/99 24    ORDER TO SHOW CAUSE DIRECTING USA to show cause if any it
               may have, on or before 2/22/00 why Movant's Motion to Vacate
               should not be granted as to Robert Leon Buckner. ( Signed by
               Chf Judge J. F. Motz 1/27/99 ) (c/m 12/28/99-jan) (Original
               Pleading Filed in Civil Case #JFM-99-3578) (jan)
               [Entry date 12/28/99] [Edit date 12/28/99]

2/8/00   25    TRANSCRIPT of Proceedings Held as to Robert Leon Buckner
               for date of 11/19/98. (jan) [Entry date 02/08/00]

2/14/00  26    LETTER/MOTION by USA as to Robert Leon Buckner to Extend
               Time to File Response to Petition pursuant to 28 USC
               Section 2255 (ms) [Entry date 02/15/00]

2/14/00  26    ORDER granting [26-1] letter/motion to Extend Time to File
               Response to Petition pursuant to 28 USC Section 2255 as to
               Robert Leon Buckner (1) (Signed by Chf Judge J. F. Motz
               2/14/00) (c/m 2/15/00 ms) (ms) [Entry date 02/15/00]

2/22/00  27    RESPONSE by USA as to Robert Leon Buckner re [23-1] motion
               to Vacate under 28 U.S.C. 2255 and Exhibits 1-4. (c/s)
               (Original Pleading Located in Civil Case #JFM-99-3578) (jan)
               [Entry date 02/22/00]

6/21/00  28    MOTION by Robert Leon Buckner for Copywork. (c/s) (jan)
               [Entry date 06/21/00]

6/28/00  29    ORDER GRANTING [28-1] motion for Copywork as to Robert Leon
               Buckner (1) ( Signed by Chf Judge J. F. Motz 6/28/00 ) (c/m
               6/28/00-gs) (jan) [Entry date 06/28/00]

7/27/00  30    MEMORANDUM as to Robert Leon Buckner ( Signed by Chf Judge
               J. F. Motz 7/26/00 ) (c/m 7/27/00-jan) (jan)
               [Entry date 07/27/00]

7/27/00  31    ORDER DENYING [23-1] motion to Vacate under 28 U.S.C. 2255
               as to Robert Leon Buckner (1) ( Signed by Chf Judge J. F.
               Motz 7/26/00 ) (c/m 7/27/00-jan) (MICROFILMED 7/27/00)
               (Original Pleading Located in Civil Case #JFM-99-3578) (jan)
               [Entry date 07/27/00]

Proceedings include all events.                                    APPEAI
1:97cr413-ALL USA v. Buckner
                                                          CLOSED
8/28/00  32      NOTICE OF APPEAL by Robert Leon Buckner (1) count(s) 1-2,
                 3, 4   FILING FEE $ (PDA-IFP) (c/s) (sls)
                 [Entry date 09/08/00]

9/8/00   --      Notice of appeal and certified copy of docket as to Robert
                 Leon Buckner  to USCA: [32-1] appeal (sls)
                 [Entry date 09/08/00]

9/11/00  33      MOTION by Robert Leon Buckner for Order Clarifying
                 Commitment Order and/or Appropriate Relief as Court Deems
                 Proper and Attachments. (c/s) (jan) [Entry date 09/11/00]

9/18/00  --      USCA Case Number as to Robert Leon Buckner  Re: [32-1]
                 appeal   USCA Number: 00-7282. (Case Manager: Joy Hargett)
                 (bh) [Entry date 09/18/00]

11/2/00  34      RESPONSE by USA as to Robert Leon Buckner re [23-1] motion
                 to Vacate under 28 U.S.C. 2255 and Exhibits 1-4. ( EXHIBIT
                 3 - SEALED) (c/s) (jan) [Entry date 11/02/00]

11/8/00  35      MOTION by Robert Leon Buckner for Ruling in Favor of
                 Petitioner. (c/s) (jan) [Entry date 11/08/00]

11/21/00 36      MEMORANDUM AND ORDER GRANTING IN PART, DENYING IN PART
                 [33-1] motion for Order Clarifying Commitment Order and/or
                 Appropriate Relief as Court Deems Proper as to Robert Leon
                 Buckner (1). ( Signed by Chf Judge J. F. Motz ) (c/m
                 11/21/00-jan) (jan) [Entry date 11/21/00]

12/4/00  --      Certified and transmitted record on appeal to U.S. Court of
                 Appeals as to Robert Leon Buckner  : [32-1] appeal
                 (vol.1-pleadings, vol. 2 transcript) (ko)
                 [Entry date 12/04/00]

2/16/01  37      MOTION by Robert Leon Buckner to Correct Illegal Sentence
                 (Rule 35) and Attachments. (c/s) (jan) [Entry date 02/16/01]

2/20/01  38      ORDER as to Robert Leon Buckner DENYING [37-1] Motion to
                 the extent that the motion can be construed as a motion or
                 correction or reduction of sentence filed pursuant to Rule
                 35(c) of the Federal Rules of Civil Procedure, the
                 motion-which offers no evidence that the sentence was
                 clearly erroneous. ( Signed by Chf Judge J. F. Motz
                 2/20/01)  (c/m 2/20/01-jan) (jan) [Entry date 02/20/01]

3/12/01  39      MOTION by Robert Leon Buckner for Leave to File a Belated
                 Appeal (c/s) (ko) [Entry date 03/13/01]

3/14/01  40      JUDGMENT OF USCA (certified copy) "DENYING" certificate of
                 appealability and "DISMISSING" the appeal as to Robert Leon
                 Buckner Re: [32-1] appeal, copy of opinion attached hereto.
                 (c/s) (sls) [Entry date 03/14/01]

Docket as of March 30, 2001 2:56 pm                Page 6

Proceedings include all events.                                        APPEAL
1:97cr413-ALL USA v. Buckner
                                                                       CLOSED

3/14/01  --    Record on appeal returned from U.S. Court of Appeals:
               [32-1] appeal  by Robert Leon Buckner (sls)
               [Entry date 03/14/01]

3/15/01  41    ORDER of the USCA denying authorization to file a
               successive application for relief as to Robert Leon Buckner
               (c/s) (ko) [Entry date 03/15/01]

3/20/01  42    ORDER denying [39-1] motion for Leave to File a Belated
               Appeal as to Robert Leon Buckner ( Signed by Chf Judge J.
               F. Motz 3/20/01) (c/m 3/20/01 ko) (ko) [Entry date 03/20/01]

3/30/01  43    NOTICE OF APPEAL by Robert Leon Buckner: FILING FEE $
               (IFP-PDA) (c/s) (ko) [Entry date 03/30/01]

3/30/01  --    Notice of appeal and certified copy of docket as to Robert
               Leon Buckner  to USCA: [43-1] appeal (c/s) (ko)
               [Entry date 03/30/01]

3/30/01  44    CERTIFICATE OF CLERK certifying record is complete for
               appeal purposes for [43-1] appeal as to Robert Leon Buckner
               (c/s) (ko) [Entry date 03/30/01]

I hereby attest and certify on _3/30/01_
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my
legal custody
          FELICIA C. CANNON
     CLERK, U. S. DISTRICT COURT
        DISTRICT OF MARYLAND

By __Kay Owens__ Deputy

# TAB - 9

```
   LEWNU  540*22 *              SENTENCE MONITORING                  07-19-2000
 : PAGE 001 OF 001 *              GOOD TIME DATA                      15:09:09
                                AS OF  07-19-2000

REGNO...: 35001-037    NAME: BUCKNER, ROBERT LEON
ARS 1...: LEW A-DES                              VCCLEA NON-VIO
COMPUTATION NUMBER..: 010                FUNC..: PRT    ACT DT:
LAST UPDATED: DATE..: 07-19-2000         FACL..: LEW    CALC: AUTOMATIC
UNIT............ ....: LEC               QUARTERS.............: K01-009L
DATE COMP BEGINS....: 02-17-2000         COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 330                TOTAL INOP TIME.....: 0
CURRENT REL DT......: 01-28-2002 MON     EXPIRES FULL TERM DT: 03-23-2002
PROJ SATISFACT DT...: 11-02-2001 FRI     PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                    ACTUAL SATISF METHOD:
DAYS REMAINING......:                    FINAL PUBLIC LAW DAYS:

---------------------------GOOD CONDUCT TIME AMOUNTS--------------------------

   START       STOP       MAX POSSIBLE TO     ACTUAL TOTALS     VESTED   VESTED
   DATE        DATE       DIS   FFT          DIS     FFT        AMOUNT   DATE
 03-24-1999  03-23-2000    54    0                                54   04-07-2000
 03-24-2000  03-23-2001    54
 03-24-2001  11-02-2001    33

        TOTAL EARNED AMOUNT.................................. ......:     54
        TOTAL EARNED AND PROJECTED AMOUNT...........................:    141
```

```
G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
   LEWNU  540-23 *              SENTENCE MONITORING           *    07-19-2000
   PAGE 001          *          COMPUTATION DATA              *    15:13:29
                                AS OF 07-19-2000

   REGNO..: 33001-037 NAME: BUCKNER, ROBERT LEON

   FBI NO...........: 826258P9          DATE OF BIRTH: 12-20-1956
   ARS1.............: LEW/A-DES
   UNIT.............: LEO                QUARTERS.....: K01-009L
   DETAINERS........: NO                 NOTIFICATIONS: NO

   THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
   THE INMATE IS PROJECTED FOR RELEASE: 11-02-2001 VIA GCT REL

   ----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

   COURT OF JURISDICTION............: MARYLAND
   DOCKET NUMBER...................: JFM-97-0413
   JUDGE...........................: MOTZ
   DATE SENTENCED/PROBATION IMPOSED: 11-19-1998
   DATE COMMITTED..................: 04-04-2000
   HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
   PROBATION IMPOSED...............: NO

                   FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
   NON-COMMITTED.: $50.00          $00.00         $01.00       $00.00

   RESTITUTION...: PROPERTY: NO  SERVICES:  NO       AMOUNT: $00.00

   ----------------------CURRENT OBLIGATION NO: 010 ----------------------
   OFFENSE CODE....: 501
   OFF CH3: MAKING FALSE STATEMENTS BEFORE U. S. DISTRICT COURT -
            18 USC 1623

    SENTENCE PROCEDURE.............: 3559 VCCLEA NON-VIOLENT SENTENCE
    SENTENCE IMPOSED/TIME TO SERVE.:   36 MONTHS
    TERM OF SUPERVISION............:    3 YEARS
    DATE OF OFFENSE................: 12-06-1995




   G0002     MORE PAGES TO FOLLOW . . .
```

```
  LEWNU 540*23 *            SENTENCE MONITORING              *  07-19-2000
  PAGE 002 OF 002 *          COMPUTATION DATA                 *    16:13:28
                             AS OF 07-19-2000
```

REGNO..: 33001-037 NAME: BUCKNER, ROBERT LEON


------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 07-19-2000 AT LEW AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 011

```
DATE COMPUTATION BEGAN..........: 02-17-2000
TOTAL TERM IN EFFECT............:   36 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    3 YEARS

JAIL CREDIT.....................:   FROM DATE    THRU DATE
                                    09-20-1996   09-20-1996
                                    02-16-1997   02-16-1997
                                    08-07-1997   09-04-1997
                                    12-05-1997   12-05-1997
                                    07-12-1998   05-05-1999

TOTAL PRIOR CREDIT TIME.........:  330
TOTAL INOPERATIVE TIME..........:    0
TOTAL GCT POSSIBLE..............:  141
TOTAL GCT AWARDED...............:   54
STATUTORY RELEASE DATE /CURRENT :  01-28-2002
SIX MONTH /10% DATE.............:  07-31-2001
EXPIRATION FULL TERM DATE.......:  03-23-2002


PROJECTED SATISFACTION DATE.....:  11-02-2001
PROJECTED SATISFACTION METHOD...:  GCT REL

REMARKS.......: RELEASED FROM ANNE ARUNDEL COUNTY SENTENCE ON 02-17-2000.
```



```
                                    07-19-2000
                              ┌─────────────────────────┐
                              │ COMPUTED BY: Toni Barber │
                              │ AUDITED BY: _____ │
                              └─────────────────────────┘
                                     8-31-00
```

G0010      TRANSACTION SUCCESSFULLY COMPLETED

**TAB - 10**

ROBERT LEON BUCKNER
BOP REG. No. 33001-037
FEDERAL PRISON CAMP LEWISBURG
P.O. BOX 2000  -  LEC UNIT K01-009L
LEWISBURG, PENNSYLVANIA
17837 - 2000

September 15, 2000

Commitment Records Office
LEC/USP Lewisburg
P.O. Box 1000
Lewisburg, Pennsylvania 17837-1000

RE: Sentence Computation Sheet
dated 7/19/2000

Dear Madam/Sir;

On the audited Sentence Monitoring Computation Data sheet dated
07-19-2000, there is a notation under "REMARKS" which states that I
was "RELEASED FROM ANNE ARUNDEL COUNTY SENTENCE ON 02-17-2000."

Would you please be so kind as to supply me with this "Anne
Arundel County" case number and/or a copy of the commitment Order in
regard to that "SENTENCE."   _OA40439_ Case No.
_ZERO_

I thank you for your anticipated assistance in this matter and
certainly hope that my computation can be corrected prior to a hearing
in this matter or prior to my correct release date (Approx. 01-19-2000).

With my best regards, I remain

Very truly yours,

Robert Leon Buckner

cc: Honorable J. Kane, USDC (M.D.Pa. @ Williamsport)
    Honorable J. Frederick Motz, Senior Judge, USDC (D.Md.)
    File

I cannot provide you with a copy of the commitment order.  The Anne Arundel
County Jail Record Office no longer has your file.  You will have to write
to the Clerk of Court for a copy.
                                        J. Badger
                                        J. Badger
                                        Legal Instruments Examiner

Mr. Booth, Inmate Systems Manager, is referring
your case for a Nunc Pro Tunc Designation.  It
will be reviewed to see if it was the intention
of the federal Judge to run your federal sentence
concurrently with the county term.

# TAB - 11

**U.S. Department of Justice**
Federal Prison System

**Inmate Request to Staff Member**

Date: 5-9-2000

TO: MR. BOOTH
*(Name and title of officer)*

SUBJECT. State completely but briefly the problem on which you desire assistance. (Give details.)

AFTER JUST RECEIVING A COPY OF MY SENTE
COMPUTATION TODAY, I HAVE NOTICED AN ERROR
PRIOR JAIL CREDIT. 11-19-1998 IS THE DATE
REFLECTED AS "DATE COMPUTATION BEGAN." ALTHOUGH
THAT WAS THE DATE SENTENCE WAS IMPOSED, MY
PRIOR JAIL CREDIT SHOULD BE FROM JULY 12, 1998
THRU 11-19-98. THIS TIME WAS SERVED AT (CO

*Use other side if needed*

ACTION REQUESTED (State exactly how you believe your request may be handled: that is, exactly what you think should be done and how.)

THAT MY SENTENCE COMPUTATION BE CORRECT
AND I BE GIVEN PROPER JAIL CREDIT AND GCT.

NAME: ROBERT LEON BUCKNER    REGISTRATION #: 33001-037

Work assignment: MED UNASS    Unit: KO1-009L

NOTE. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

DISPOSITION: (Do not write in this space)    Date: 05-16-200

You should __not__ have received a copy of your computation yet. It has not been finalized. 11/19/98 is the date your sentence began because that is the date of sentencing. Your sentence can not begin to run before the date of sentencing. I am waiting for a response from Baltimore to verify prior custody credit. You will get a copy of your computation from me when it is finalized.

J. Barkley, Legal Instruments    Officer

# TAB - 12

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,          :
          Petitioner

                              :

     vs.                      :    CIVIL ACTION NO. 1:CV-00-1647

                              :

DONALD ROMINE, Warden
          Respondent         :

**FILED**
**HARRISBURG, PA**

O R D E R

SEP 2 1 2000

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:     MARY E. D'ANDREA, CLERK
                                                Per _____ Deputy Clerk

     Robert Leon Buckner, an inmate at FPC-Lewisburg,

Pennsylvania, has filed a pro se petition for a writ of habeas

corpus under 28 U.S.C. § 2241.  He has also applied to proceed in

forma pauperis.  We grant the latter request, but we dismiss this

petition for failure to exhaust administrative remedies.

     Buckner is seeking credit on his federal sentence for a

period of time that, although spent in state custody, he claims

should also apply to his federal sentence.  He asserts that he has

received no relief by way of institutional remedies.

     We are unable to entertain Buckner's claim at this time.

Under 18 U.S.C. § 3585(b), only the Attorney General, and the

Bureau of Prisons (by delegation from the Attorney General) have

the authority in the first instance to calculate credit for time

served.  While we have authority under 28 U.S.C. § 2241 to review

a BOP sentence calculation, we may do so only after the defendant

has exhausted his administrative remedies against the Bureau.  <u>Id.</u>

See <u>United States v. Brann</u>, 990 F.2d 98 (3d Cir. 1993); <u>United</u>

<u>States v Checchini</u>, 967 F.2d 348 (9th Cir. 1992); <u>United States v</u>

<u>Herrera</u>, 931 F.2d 761 (11th Cir. 1991)(citing the appropriate

administrative rules).  <u>See</u> <u>also</u> <u>Soyka v Alldredge</u>, 481 F.2d 303

(3d Cir. 1973) (interpreting 18 U.S.C. § 3568, repealed, the

predecessor section to 18 U.S.C. § 3585(b)).

     Petitioner's administrative remedies are set forth in 28

C.F.R. §§ 542.10-542.19 (1999).  Buckner must seek relief not only

from Lewisburg officials but also from the Bureau's regional

director and then from its general counsel.  Petitioner has not

alleged that he has contacted either of the last two officials.

     AND NOW, this 21st day of September, 2000, upon

consideration of the defendant's petition under 28 U.S.C. § 2241,

it is ordered that:

     1.  The application (doc. 2) for in forma
pauperis status is granted.

     2.  The petition is denied without
prejudice for failure to exhaust
administrative remedies.

     3.  The Clerk of Court shall close this
file.

William W. Caldwell
United States District Judge

2

**TAB - 13**



**U.S. Department of Justice**

Federal Bureau of Prisons

*U.S. Penitentiary*

---

*Lewisburg, PA 17837*

October 20, 2000

Andrew G.W. Norman
Assistant U.S. Attorney
820 United States Courthouse
101 West Lomabard Street
Baltimore, MD 21201

RE: BUCKNER, Robert
Reg. No.: 33001-037
Docket No.: JFM-97-0413

Dear Mr. Norman:

Inmate Robert Buckner is currently confined at the Lewisburg Federal Prison Camp for service of a 36 month sentence imposed in the U.S. District Court for the District of Maryland. The sentence was imposed on November 19, 1998, for violation of Title 18, U.S.C., Section 1623. Inmate Buckner has requested that his federal sentence run concurrently with a Maryland State Sentence he was serving.

Our records reflect that the defendant was arrested on the current federal charges on December 5, 1997, and released on bond the same day. On July 12, 1998, while on federal bond, the defendant was arrested by local authorities, in Baltimore, MD, and charged with Probation Violation and narcotics violations. On November 19, 1998, the defendant was "borrowed" from the Baltimore City Detention Center, via a federal Writ of Habeas Corpus Ad Prosequendum, and produced in Federal Court for sentencing. After the federal sentence was imposed the defendant was returned to the Baltimore City Detention Center. The defendant was sentenced to a 10 month term on the charge of probation violation, he was not prosecuted on the narcotics violations. The defendant was released from the 10 month term to the federal detainer on February 17, 2000. At the time the federal sentence was imposed the Court was silent, regarding concurrent or consecutive service of the federal sentence, in relation to any sentence imposed by the local Courts. Accordingly, pursuant to the provisions of Title 18 U.S.C., Sections 3584(a) and 3585(a), we have interpreted the sentence as being consecutive to the sentence imposed by the local Court. We have credited the defendant with 329 days of Jail Time Credit, pursuant to Title 18 U.S.C., Section 3885(b)(2), for time spent in non-federal custody.

Our records reflect that you are the Assistant United States Attorney who represented the

government in this case. We are requesting your assistance in determining if the Federal Court intended or objects to concurrent service of the federal and state sentences. For your convenience we have enclosed copies of the Court's Judgement In A Criminal Case and the pre-sentence investigation. Should you require further information, please contact Armond Booth, Inmate Systems Manager at (570) 523-1251 extension 246.

Thank you for your assistance in this matter of mutual concern.

Sincerely,

Donald Romine,
Warden

Enclosures: (2)

# TAB - 14

**UNREPORTED- NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 00-3696

ROBERT LEON BUCKNER,

Appellant

v.

DONALD ROMINE, Warden

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-1647)
District Judge: Honorable William W. Caldwell

Submitted Under Third Circuit LAR 34.1(a)
JUNE 4, 2001

Before:   MANSMANN, BARRY and ALDISERT, Circuit Judges.

(Filed: June 6, 2001)

OPINION

PER CURIAM

Robert Leon Buckner appeals from the District Court's order dismissing his habeas corpus petition for failure to exhaust available administrative remedies.   For the following reasons we will affirm.

On November 6, 1997, Buckner was indicted for making false statements before the United States District Court in violation of 18 U.S.C. § 1623. He pleaded guilty on July 2, 1998. On July 12, 1998, while free on federal bond awaiting sentencing, Buckner was arrested by the Baltimore City Police, and charged with drug and probation violations. A federal detainer was issued as a result of the arrest and Buckner remained in the custody of state officials. On November 19, 1998, the District Court sentenced Buckner to 36 months of imprisonment on the false statements charge. Buckner then was returned to state custody to serve a ten month term on the probation violation. On February 17, 2000, at the conclusion of the state term, Buckner began serving his federal sentence under federal custody. The Bureau of Prisons ("BOP") has interpreted Buckner's sentence as being consecutive to the state sentence and has calculated Buckner's projected release date as November 2, 2001.

On September 15, 2000, Buckner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241, alleging that the BOP miscalculated his projected release date. He contended that his federal sentence should be concurrent with the state sentence, and, therefore, his projected release date should be January 11, 2001. The District Court determined that Buckner did not exhaust his administrative remedies and denied

2

Buckner's § 2241 petition without prejudice.

Federal prisoners are required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); United States v. Brann, 990 F.2d 98, 104 (3d Cir. 1993). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial resources; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62. Appeal to the Office of the General Counsel is the final administrative appeal in the BOP. 28 C.F.R. § 542.15. Nothing in the record demonstrates that Buckner has appealed to the Office of the General Counsel.

Buckner has included exhibits on appeal which were not before the District Court. Even if these exhibits were considered by the court, we conclude that they do not support Buckner's claim that he exhausted his administrative remedies.   The District Court properly denied the petition without prejudice for failure to exhaust administrative remedies.

The judgment of the District Court will be affirmed..

3

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 00-3696

_____

ROBERT LEON BUCKNER,

Appellant

v.

DONALD ROMINE, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-1647)
District Judge: Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
JUNE 4, 2001

Before:    MANSMANN, BARRY and ALDISERT, Circuit Judges.

_____

**JUDGMENT**

_____

This cause came on to be heard on the record from the United States District Court

for the Middle District of Pennsylvania and was submitted pursuant to Third Circuit LAR

34.1(a). On consideration whereof, it is now here

ORDERED AND ADJUDGED by this court that the judgment of the district court

entered September 22, 2000 be and the same is hereby affirmed. All of the above in

accordance with the opinion of this Court.

ATTEST:

*Marcia M. Waldron*

Clerk

DATED: June 6, 2001

2

# TAB - 15

ATTACHMENT #1
LEW 1330.16
Page 1

### INFORMAL RESOLUTION ATTEMPT

In accordance with Program Statement 1330.7, <u>Administrative</u>
<u>Remedy Procedure for Inmates,</u> this form will serve as
documentation by the respective staff member and his unit manager
to indicate an informal attempt to resolve the complaint of the
following inmate:

NAME: _Buckner, R._____   Reg. No. _3300j-03?_

FORM TO INMATE: _1-12-01_____   STAFF _J. JOker____ _Lec_
              (Date)                  (Name)      (Unit)

A BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM ATTACHED
(Pg 1 & Pg 2).
-----------------------------------------------------------------
1. Nature of Complaint (to be completed by inmate):


      SEE ATTACHED LETTER

     w/ APPELLATE BRIEF FOR

  FURTHER UNDERSTANDING.

ATTACHMENT #1
LEW 1330.16
Page 2

**FOR STAFF USE ONLY** (to be completed within 5 days)

2.  Date Received from Inmate: _____

3.  Staff Member Assigned to Respond by U/M: _____

4.  Efforts Made to Resolve the Problem: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

4.  Applicable Program Statement Used in this Informal Resolution
    Attempt: _____

5.  Inmate's Response to Informal Remedy Attempt: _____

*Inmate Wants to Continue with a BP-9*

_____

_____

Prepared by: _____

Received by (U/M): _____

Original Returned to Inmate (Date): _____

cc:  Central File

BUCKNER, Robert
33001-037

## RESPONSE TO INFORMAL RESOLUTION ATTEMPT

In your request you allege that you have not received all applicable credit toward service of your federal sentence and/or a nunc pro tunc designation to Anne Arundel County Detention Center to effect concurrent service of your state and federal sentences.

Your records reflect that you were arrested on your current federal charges on December 5, 1997 and released on bond that date. On July 12, 1998, you were arrested by Baltimore City Officials for Possession With Intent to Distribute CDS. At the time of this arrest you were on probation from Anne Arundel County, Maryland. As a result of the arrest the probation was violated and you received a ten month sentence. On November 19, 1998, you were borrowed from the Baltimore City Detention Center pursuant to a federal writ of habeas corpus. On November 28, 1998, you were sentenced to a federal term of 36 months on the instant federal charges. After federal sentencing you were returned to the Baltimore City Detention Center. On May 6, 1999, the Baltimore City charges were placed ton the stet docket and you were turned over to Anne Arundel County for service of the ten month county sentence. The Anne Arundel County sentence commenced on May 6, 1999. On February 17, 2000, you were released from the Anne Arundel County sentence to the federal sentence. In a Memorandum and Order filed on or about November 27, 2000, the U.S. District Court for the District of Maryland clarified it's commitment order imposing the 36 month federal term, by stating that the Federal Court intended consecutive service of sentences. Pursuant to Program Statement 5160.04, State Institution for Service of Federal Sentence, Designation of, a nunc pro tunc designation to a non-federal facility to cause concurrent service of state and federal sentences, is not appropriate when the Federal Court intends consecutive service of the state and federal terms.

You allege that you are entitled to credit for all time spent in non-federal custody after the date of federal sentencing, November 19, 1998. Program Statement 5880.28, Sentence Computation Manual CCCA and Title 18, U.S.C., Section 3585(b)(2) establish that credit will be given toward service of a term of imprisonment for time spent in official detention prior to the date the sentence commences, **"for any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."** As reflected in the afore statute the lodging of a detainer is not a requirement for granting credit for time spent in non-federal custody for federal offenses imposed pursuant to the Sentencing Reform Act. As reflected on your federal sentence computation, you have received credit for the periods July 7, 1998 through May 5, 1999; August 7, 1997 through September 4, 1997; February 16, 1997 and September 20, 1996. These periods were spent in non-federal custody after the date of federal offense (December 6, 1995) and were not credited to any other sentence. All time spent in non-federal custody after May 5, 1999, through February 16, 2000, was credited to the 10 month sentence imposed by Anne Arundel County for the charge of probation violation. As the time in the custody of Anne Arundel County from May 6, 1999, through February 16, 2000, was credited toward the county sentence it can not be credited to the consecutive federal sentence, nor can the federal sentence begin prior to the expiration of the

county sentence.

In view of the above your request is denied.


_1/17/01_                    _____
Date                         A.J. Booth, I.S.M.

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: BUCKNER, Robert L.          33001-037      K01-009L    FPC Lewisburg
         LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.        UNIT        INSTITUTION

**Part A– INMATE REQUEST**

        See attached letter and copy of memorandum/brief in support of
my claim. The VOP of Anne Arundel County (conviction & concurrent
sentence) was <u>not</u> the result of the CDS arrest. The CDS charge was
disposed of (no conviction) because the "CDS" was actually my legally
prescribed medication. The VOP was soley because of the federal charge,
guilty verdict abd sentence; notwithstanding the fact that the federal
offense occurred in 1995, and the A.A. County charge, offense, and
imposition of probation occurred in 1997!! This would be blatant double
jeopardy.

        Please read the attached brief for further understanding of the
law in support of my claim for credit.

January 22, 2001
         DATE                                    SIGNATURE OF REQUESTER

**Part B– RESPONSE**



_____                    _____
         DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE          CASE NUMBER: 231703-F1

                                                        CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____                    _____
         DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)
APRIL 198

Admin. Remedy No.: 231702-F1
Part B - Response

### ADMINISTRATIVE REMEDY RESPONSE

In your Request For Administrative Remedy you allege that you are entitled to credit toward service of your federal sentence for the period May 5, 1999, through February 17, 2000.

Your records reflect that you were arrested on your current federal charges on December 5, 1997 and released on bond that date. On July 12, 1998, you were arrested by Baltimore City Officials for Possession With Intent to Distribute CDS. At the time of this arrest you were on probation from Anne Arundel County, Maryland. You ultimately received a ten month term on the charge of probation violation. On November 19, 1998, you were borrowed from the Baltimore City Detention Center pursuant to a federal writ of habeas corpus. On November 28, 1998, you were sentenced to a federal term of 36 months on the instant federal charges. After federal sentencing you were returned to the Baltimore City Detention Center. On May 6, 1999, the Baltimore City charges were placed ton the stet docket and you were turned over to Anne Arundel County for service of the ten month county sentence. The Anne Arundel County sentence commenced on May 6, 1999. On February 17, 2000, you were released from the Anne Arundel County sentence to the federal sentence. In a Memorandum and Order filed on or about November 27, 2000, the U.S. District Court for the District of Maryland clarified it's commitment order imposing the 36 month federal term, by stating that the Federal Court intended consecutive service of sentences.

Your record reflects that you have received jail time credit totaling 330 days. This includes credit for May 5, 1999. However, as noted above, the period of May 6, 1999, through February 17, 2000, was spent serving a 10 month county sentence. Program Statement 5880.28, Sentence Computation Manual CCCA, establishes that credit will not be given for any portion of time spent serving another sentence, therefore, the period in question can not be credited toward the consecutive federal sentence.

Based on the above, the relief you request has been DENIED. If you are dissatisfied with his response, you may appeal to the Regional Director, United States Federal Bureau of Prisons, Northeast Regional office, United States Customs House - Seventh Floor, Second and Chestnut Streets, Philadelphia, PA 19106, within twenty (20) calendar days from the date of this response.

2/6/01
Date

D.A. Mitchels   Acting
Donald Romine, Warden

**U.S. Department of Justice**

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

| | | | |
|---|---|---|---|
| Type or use<br>with | If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted | | |

| BU ... ..R, Robert L. | 33001-037 | LEC K01-009L | FPC LEWISBURG |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

In both responses (BP-8 & BP-9) the records office & Warden fail to recognize the chronology of events in court. (see attached "brief" at pages 10 thru 12, as well as sentence "imposition" date on AA County commitment, Exhibit C attached hereto). I was held at Anne Arundel County jail for about 7 months (on my federal sentence commitment w/NO BAIL before going to court on the VOP in AA Co.) Because of that federal sentence detainer, I was not granted bail release to allow me to enter BOP.

I was sentenced in federal court long before I was taken to A.A.Co. Therefore, the Marshals should have taken me directly to BOP and, if A.A.Co. wanted to persue the case, a detainer from that state court should have been filed with BOP.

I was held, at all times between July 12, 1998 thru February 17, 2000, in official detention and solely & directly because of the federal detainer and subsequent sentence of the federal court in this case.

***** SEE ATTACHED FOR SUPPORTING STATUTORY & CASE LAW*****

February 10, 2001.
_____
DATE                                    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____                    _____
DATE                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 231702—

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: 231702—
                                                Lew

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____
2-14-01

BP-230(13)

U.S. Department of Justice

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: <u>BUCKNER, Robert Leon</u>     <u>33001-037</u>     <u>K01-009L</u>  <u>FPC, Lewisburg PA</u>
       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.        UNIT           INSTITUTION

Part A—REASON FOR APPEAL  <u>AGAIN</u>, the Regional Director, as did Mr. A. J. Booth,ISM
(BP-8), and Warden Romine (BP-9), has totally overlooked the chronology of
events leading to my final physical arrival at Lewisburg. The dates of each
event is very important in this case/calculation/award of jail credit, and
have been cited wrong in all three previous levels of ARP Responses. I have
attached hereto a copy of all previous remedies, responses, and documents
that were mailed along with them. (although the attached "brief" is one that
was filed in a USCA, nevertheless it contains my argument in length as well as
supporting documents: exhibits)
    In addition, I would also add that the sentencing Court is in error when
"[t]he Court clarified the intent to impose a consecutive sentence to the
state sentence." (Reg.Cons.Resp., pg. 1, ¶3 and Wardens Resp., pg. 1, ¶2.)
    In support, I cite, <u>U.S. v. Romandine</u>, 206 F.3d 731 (7th Cir. 2000);
<u>U.S. v. Quintero</u>, 157 F.3d 1038 (6th Cir. 1998); <u>U.S. v. Clayton</u>, 927 F.2d 491
XXX (9th Cir. 1991)(The District Court may not require its sentence to be
served consecutively to a state sentence that will be imposed in the future.)
FEDERAL sentence was imposed 11/19/98, <u>CONCURRENT</u> STATE sentence imposed 11/16

XXXXXXXXXXXXXXXXX     XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
        DATE                              SIGNATURE OF REQUESTER

XXXXXXXXXXXXX I was not serving, nor had any sentence been imposed at the time
of my FEDERAL sentencing. The A.A. County STATE sentence was imposed on
November 16, 1999 and was to RUN CONCURRENT with my federal sentence which
was imposed almost 1 year prior: November 19, 1998. (See pages 10 thru 12 of
attached brief, and Exhibits A & C of the same. Deem this as a request for
nunc pro tunc designation, in the alternative, if necessary.

DATE: March 23, 2001

                              Signature of Requester

---

Part B - RESPONSE

RECEIVED

ADMINISTRATIVE REMEDY BRANCH

---

_____                    GENERAL COUNSEL
       DATE

ORIGINAL: RETURN TO INMATE             CASE NUMBER: 231702-A

---

Part C—RECEIPT

                                       CASE NUMBER: _____

Return to: <u>BUCKNER, Robert L.</u>     <u>33001-037</u>     <u>K01-009L</u>   <u>FPC Lewisburg</u>
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.        UNIT           INSTITUTION

SUBJECT: <u>Jail credit, nunc pro tunc desig., etc.</u>

_____         ✪         SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL
       DATE                                                              BP-231(13)
                                                                        APRIL 1982

Administrative Remedy No. 231702-A1
Part B - Response

You appeal the Warden's response to your Request for
Administrative Remedy in which you seek credit toward the service
of your federal sentence.  You contend you were held in official
detention from July 12, 1998 thru February 17, 2000, due to the
federal detainer on file.  In furtherance of your claim, you
indicate your state sentence was ordered to run concurrently with
your federal sentence.  In the alternative, you are requesting a
"nunc pro tunc" designation.

Jail time credit, if authorized under 18 U.S.C. § 3585(b), is
applied regardless of whether a federal detainer is on file.
Time spent serving a state sentence, however, is not authorized
to be credited toward your federal sentence as jail time credit.

Although the state court ordered its sentence to run concurrently
with the federal sentence, it has no jurisdiction over the
federal sentence and how it will operate.  Commencement of a
federal sentence is governed by Title 18, U.S.C. § 3585(a).  At
the time the state sentence was imposed, there was no operative
federal sentence to which the state sentence could be served
concurrently.

Your request for a "nunc pro tunc" designation was considered by
the Northeast Regional Office.  This request was denied based on
the sentencing court's intent to run your federal sentence
consecutively to the state sentence.  A review of that decision
indicates they have acted within the boundaries of their
discretionary authority.

We find your sentence has been appropriately computed according
to Program Statement 5880.28, Sentence Computation Manual~CCCA.
Accordingly, your appeal is denied.


May 11, 2001
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals