DMB:MEH:mel:2001V00667

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,
      Petitioner    :    No. 1:CV-01-1264

v.    :    (Judge Caldwell)

DONALD ROMINE, Warden,
      Respondent

FILED
WILLIAMSPORT, PA
AUG 6 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

RESPONSE TO THE
PETITION FOR WRIT OF HABEAS CORPUS

This is a habeas petition brought by a federal inmate confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). Petitioner, Robert Leon Buckner, alleges that he is entitled to credit toward service of his federal sentence for the period May 5, 1999, through February 17, 2000. Respondent, Donald Romine, is the Warden of USP Lewisburg.

As explained below, Buckner's federal sentence has been properly computed pursuant to the original judgment issued by the United States District Court for the District of Maryland and the Court's Memorandum and Order clarifying its original intent.

STATEMENT OF THE CASE

Buckner was arrested by the United States Marshal Service on December 5, 1997, for making false statements before a district court, and released on bond the same date. (Record in Support of

Respondent's Response to the Petition for Writ of Habeas Corpus ("Record") at 16, 21.) On July 12, 1998, while on bond, Buckner was arrested by local officials in Baltimore, Maryland, on local charges of possession with intent to distribute a controlled dangerous substance, and committed to the Baltimore City Detention Center. (Id. at 18.)

On November 19, 1998, Buckner was produced for sentencing in federal court--via a federal writ of habeas corpus ad prosequendum--from the Baltimore County Detention Center. As noted above, Buckner was in local custody awaiting disposition of the narcotics charges. (Id. at 17.) Buckner was sentenced to a term of thirty-six months by the United States District Court (id. at 8), and returned to the custody of Baltimore City the same day on the basis of the satisfied federal writ. The thirty-six month federal sentence was filed as a detainer. (Id. at 2 ¶ 6 and pp. 16-17, 21.)

On May 5, 1999, Baltimore City placed Buckner's local narcotics charges on the "Stet Docket." (Id. at 23.) On May 6, 1999, Officials of Baltimore City released petitioner to a detainer filed in favor of Anne Arundel County, Maryland. (Id. at 20.)

On November 16, 1999, Buckner was sentenced in the District Court of Maryland For Anne Arundel County, to a term of ten months for violation of probation. (Id. at 24.) The original

2

charge was "theft under $300.00." The state court ordered the ten-month term to be served concurrently with any unserved sentence and further ordered the sentence to begin on May 6, 1999. The court also ordered that petitioner be committed to the Anne Arundel County Detention Center for service of the ten-month term. (Id.) He remained in state custody for service of the ten-month sentence until February 17, 2000, when he was released to the federal detainer for service of the thirty-six month federal sentence. (Id. at 17.) With the operation of Good Conduct Time, Buckner will be released from his federal sentence on November 2, 2001. (Id. at 29.)

### ISSUE PRESENTED

Should Buckner's petition be denied as Buckner's federal sentence has been properly computed by the Federal Bureau of Prisons?

Suggested answer in the affirmative.

### ARGUMENT

**THE PETITION SHOULD BE DENIED AS BUCKNER'S FEDERAL SENTENCE HAS BEEN PROPERLY COMPUTED BY THE FEDERAL BUREAU OF PRISONS.**

A.  **Buckner Is Not Entitled to Credit on His Federal Sentence for a Ten-Month Period He Served in State Custody And Which Was Credited Towards That State Sentence.**

During the period May 6, 1999, through February 17, 2000, petitioner was in the custody of Anne Arundel County, Maryland, for a probation violation stemming from an original charge of "theft under $300.00." All time spent in the custody of the

3

county, i.e., May 6, 1999, through February 17, 2000, was credited to the ten-month sentence imposed by Anne Arundel County. (Record at 4 ¶ 11 and pp. 17, 24.) Buckner alleges that he is entitled to credit toward service of the thirty-six month federal sentence, for time spent serving the ten-month parole violation term.

Prior custody time credit (Jail Time Credit) is controlled by 18 U.S.C. § 3585(b), and is granted pursuant to the provisions of Bureau of Prisons' Program Statement 5880.28, <u>Sentence Computation Manual CCCA</u>. (<u>See</u> Record at 25-28.) The statute provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence. P.S. 5880.28, Page 1-14. (Record at 25.)

Buckner has been awarded 330 days of jail time credit. (Record at 29.) Specifically, pursuant to the provisions of 18 U.S.C. § 3585(b)(1), petitioner has been granted jail time credit for December 5, 1997, which was both the date of his arrest on the current federal charge and the date he was released on

federal bond. (Id.) Additionally, pursuant to the provisions of 18 U.S.C. § 3585(b)(2), Buckner has been granted jail time credit for September 20, 1996; February 16, 1997; August 7, 1997 through September 4, 1997; and July 12, 1998, through May 5, 1999. This credit was granted for time spent in non-federal custody, after the date of the federal offense, that was not credited to any other sentence.

Based upon the provisions of Program Statement 5880.80, petitioner is **not** entitled to jail time credit for the time spent in the custody of Anne Arundel County, Maryland, as the time spent in county custody was the result of a probation violation. Additionally, all time in the custody of Anne Arundel County was credited to the ten-month sentence imposed by that jurisdiction. The habeas corpus petition should therefore be denied.

B. **Buckner's Federal Sentence Has Been Properly Construed as Running Consecutively to His Anne Arundel County Sentence.**

As noted above, Buckner was initially arrested on the federal charge on December 5, 1997, and released on bond the same day. (Record at 16.) Petitioner was then arrested on July 12, 1998, by officials of the City of Baltimore, on unrelated charges. (Id. at 18.) On November 19, 1998, he was produced in federal court pursuant to the provisions of a writ of habeas corpus ad prosequendum in order to be sentenced. In essence, Buckner was borrowed, by the federal court, from the City of Baltimore, for the purpose of the federal court's proceedings.

5

The Middle District of Pennsylvania has reviewed the issue of an inmate being "borrowed" pursuant to a writ in the case of Chambers v. Holland, 920 F. Supp. 618 (M.D. Pa. 1996)(McClure, J.). In Chambers, Judge McClure ruled that, "Chambers could not, consistent with 18 U.S.C. § 3585, be given credit for time served prior to his October 16, 1992 sentencing date." Id. at 622. Judge McClure held further, that "[w]hen he [Chambers] was produced in federal court pursuant to a writ, he was essentially 'borrowed' from state custody. He cannot, therefore, be given credit toward his federal sentence for the time he was in federal custody on writ." Id. at 622-23.

Under 18 U.S.C. § 3585(a) and Bureau of Prisons' Program Statement 5880.28, a federal sentence begins when the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served. (Record at 31.) In Buckner's case, upon completion of his federal sentencing, he was not committed to custody awaiting transportation to a facility for service of the federal sentence. Rather, Buckner was returned to the custody of the City of Baltimore, from which he was produced pursuant to the federal writ. (Record at 8.) Buckner did not come into federal custody awaiting transportation to a facility for service of the federal sentence until February

6

17, 2000. (<u>Id.</u>) This is the date the federal sentence commenced. (<u>Id.</u> at 29, "Date Computation Began.")

The federal court's judgment and commitment order is silent as to how the federal sentence should be served in relation to any sentence imposed by any other jurisdiction. The Court was obviously aware of Buckner being in the primary jurisdiction of the State of Maryland as the Court issued a writ of habeas corpus to obtain custody for the sentencing proceeding. (Record at 8.) Additionally, the presentence report prepared for the federal court documented that petitioner was in non-federal custody at the time of federal sentencing. (<u>Id.</u> at 21.)

Due to the silence of the federal court, the federal term was construed to be consecutive to any other sentence, pursuant to 18 § 3584(a). However, in response to petitioner's request that the federal sentence be construed as running concurrently with the ten-month sentence imposed by Anne Arundel County, an inquiry was made of the sentencing federal Court to determine if a nunc pro tunc designation to Anne Arundel County Detention Center--to cause a concurrent service of sentence--might be appropriate.

The inquiry was made through the Office of the United States Attorney for the District of Maryland in a letter dated October 20, 2000. (Record at 32.) Buckner also directed a request to the United States District Court for the District of Maryland for

7

a clarification as to whether the Court intended concurrent or consecutive service of sentence. In response to Buckner's request, the sentencing court issued a Memorandum and Order clarifying its intent at the time of sentencing stating that it was the intent of the Court to impose consecutive sentences. (Id. at 34.) Buckner alleges that by issuing this Order, the federal court improperly modified its sentence to cause consecutive service of sentence. However, the Court did not amend its sentence, it merely clarified its intent at the time of sentencing, affirming that the sentence should be construed pursuant to 18 U.S.C. § 3584(a), regarding multiple sentences imposed at different times.

In sum, Buckner's federal sentence has been properly computed pursuant to the original judgment issued by the United States District Court for the District of Maryland and the Court's Memorandum and Order which clarified the Court's original intent. Petitioner's sentence commenced on February 17, 2000, the day he was released from the ten-month sentence imposed by Anne Arundel County. Petitioner has been awarded with all applicable jail time credit, totaling 330 days. Accordingly, this petition for writ of habeas corpus should be denied.

## CONCLUSION

For the above-stated reasons, the habeas petition should be denied and the case dismissed with a certification that any

appeal would be frivolous, lacking in probable cause and not taken in good faith.

                                           Respectfully submitted,

                                           MARTIN C. CARLSON
                                           United States Attorney

                                           *Matthew E. Haggerty* (signature)

                                           MATTHEW E. HAGGERTY
                                           Assistant U.S. Attorney
                                           MICHELE E. LINCALIS
                                           Paralegal Specialist
                                           316 Federal Building
                                           240 West Third Street
                                           Williamsport, PA 17701

Date: August 6, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,   :
       Petitioner   :   No. 1:CV-01-1264
          :
   v.   :   (Judge Caldwell)
          :
DONALD ROMINE, Warden,   :
       Respondent   :

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on August 6, 2001, she served a copy of the attached

## RESPONSE TO THE
## PETITION FOR WRIT OF HABEAS CORPUS

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Robert Leon Buckner
Reg. No. 33001-037
Federal Prison Camp
P.O. Box 2000
Lewisburg, PA 17837

                                               /s/ Michele E. Lincalis
                                               MICHELE E. LINCALIS
                                               Paralegal Specialist