MCC:MEH:mel:2001V00667

FILED
WILLIAMSPORT, PA

AUG 6   2001

MARY E. D'ANDREA, CLERK
Per_____
            DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,           :
           Petitioner     :     No. 1:CV-01-1264
                          :
     v.                   :     (Judge Caldwell)
                          :
DONALD ROMINE, Warden,         :
           Respondent    :


### RECORD IN SUPPORT OF RESPONDENT'S RESPONSE TO THE
### PETITION FOR WRIT OF HABEAS CORPUS


MARTIN C. CARLSON
United States Attorney

MATTHEW E. HAGGERTY
Assistant U.S. Attorney
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA 17701

Date: August 6, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,
                    Petitioner

          v.

DONALD ROMINE, WARDEN
                    Respondent

              CIVIL NO.

## DECLARATION OF ARMOND J. BOOTH

1.  I, Armond J. Booth, hereby declare that I am employed as Inmate Systems Manager by the United States Department of Justice, Federal Bureau of Prisons, at the United States Penitentiary, Lewisburg, Pennsylvania.  Pursuant to my official responsibilities in that capacity, I have access to records maintained in the ordinary course of business, including but not limited to an inmate's Central file and his Judgement and Commitment file.

2.  I am aware of the allegations raised in the above-captioned matter by Inmate Robert Buckner, Federal Register Number 33001-037, who is currently confined at the Federal Prison Camp, Lewisburg, Pennsylvania.  Specifically, Inmate Buckner alleges that he is entitled to credit, toward service of his federal sentence, for the period May 5, 1999 through February 17, 2000.

3.  Petitioner's record reflects that he was sentenced in the U.S. District Court for the District of Maryland on November 19, 1998, under docket number JFM-97-0413, to a term of 36 months. The sentence was imposed for violation of Title 18, U.S. Code, Section 1623 (See Exhibit #1).

1

000001

4. Petitioner was initially arrested on the afore charges on December 5, 1997, and released on bond on the same date (See exhibit #2).

5. On July 12, 1998, while on bond from the current federal case, petitioner was arrested by local officials in Baltimore, Maryland, on local charges of Possession With Intent to Distribute CDS. Petitioner was committed to the Baltimore City Detention Center on the afore charges (See exhibits 3, 4 & 5).

6. On November 19, 1998, Petitioner was produced in Federal Court via a federal writ of habeas corpus ad prosequendum, from the Baltimore County Detention Center. As noted above petitioner was in local custody awaiting disposition of the aforementioned narcotics charges (See exhibit #2). On November 19, 1998, after federal sentencing, petitioner was returned to the custody of Baltimore City on the basis of the satisfied federal writ. The 36 month federal sentence was filed as a detainer (See exhibit #2).

7. On May 5, 1999, Baltimore City placed petitioner's local charges of Possession With Intent to Distribute CDS on the "Stet Docket" (See exhibit #6).

8. On May 6, 1999, Officials of Baltimore City released petitioner to a detainer filed in favor of Anne Arundel County, Maryland (See exhibit #4).

9. On November 16, 1999, petitioner was sentenced in the District Court of Maryland For Anne

2

000002

Arundel County, to a term of ten months for violation of probation. The original charge was Theft Under $300.00. The State Court ordered the ten month term to be served concurrently with any unserved sentence and further ordered the sentence to begin on May 6, 1999. The State Court also ordered that petitioner be committed to the Anne Arundel County Detention Center for service of the ten month term (See Exhibit #7).

10. Petitioner remained in state custody for service of the ten month sentence until February 17, 2000. On February 17, 2000, petitioner was released from the state sentence to the 36 month federal sentence, previously filed as a federal detainer (See exhibit #2).

11. Petitioner now alleges that he is entitled to credit toward service of the federal sentence, for time spent serving the ten month term imposed by the Circuit Court for the State of Maryland. Prior custody time credit (Jail Time Credit) is controlled by 18 U.S.C. Section 3585 (b), and is granted pursuant to the provisions of bureau of Prisons Program Statement 5880.28, Sentence Computation Manual CCCA (See exhibit #8). The statute states "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

During the period May 6, 1999 through February 17, 2000, petitioner was in the custody of Anne

3

000003

Arundel County, Maryland, on the basis of a charge of Probation Violation, stemming from an

original charge of Theft Under $300.00.  All time spent in the custody of Anne Arundel County,

May 6, 1999, through February 17, 2001, was credited to the 10 month sentence imposed by

Anne Arundel County (See exhibits #7 & 2).  Further, Program Statement 5800.28, Sentence

Computation Manual Provides no credit will be given to a federal sentence for time

spent serving another sentence (See exhibit 8).  Accordingly, petitioner is not entitled to jail time

credit for the time spent in the custody of Anne Arundel County, Maryland as the time spent in

custody was the result of the charge of Probation Violation and all time in the custody of Anne

Arundel County was credited to the ten month sentence imposed by that jurisdiction.  Pursuant to

the provisions of Title 18, U.S.C., Section 3585(b)(1), Petitioner has been granted jail time credit

for December 5, 1997, which was the date of petitioner's arrest on the current federal charge and

also the date he was released on federal bond (See exhibit #11).  Pursuant to the provisions of

Title 18, U.S.C., Section 3585(b)(2), petitioner has been granted jail time credit for the periods of

September 20, 1996 through September 20, 1996; February 16, 1997 through February 16, 1997;

August 7, 1997 through September 4, 1997 and July 12, 1998, through May 5, 1999.  The afore

periods were time spent in non-federal custody, after the date of the federal offense,  that was not

credited to any other sentence.  The total amount of jail time credit awarded to petitioner is 330

days (See exhibit #9).


12.  Petitioner also alleges that his federal sentence should be construed as concurrent with his

Anne Arundel County Sentence.  Petitioner was initially arrested on the federal charge on

December 5, 1997, and was released on bond the same date (See Exhibit #2).  Petitioner was then

4

arrested on July 12, 1998, by officials of the City of Baltimore, on unrelated federal charges. At the time petitioner's federal sentence was imposed he was produced in Federal Court pursuant to the provisions of a writ of habeas corpus ad prosequendum. Petitioner was borrowed, by the Federal Court, from the City of Baltimore, for the purpose of the Federal Court's proceedings. Upon satisfaction of the writ petitioner was returned to the custody of the City of Baltimore (See exhibit #2). Title 18, U.S.C., Section 3585(a) and Bureau of Prisons Program Statement 5880.28, Sentence computation Manual CCCA (See exhibit #10), provide that a federal sentence begins when the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served. Upon completion of federal sentencing petitioner was not committed to custody awaiting transportation to a facility for service of the federal sentence, petitioner was in fact returned to the Custody of the City of Baltimore, from which he was produced pursuant to the federal writ (See exhibit #2). Petitioner did not come into federal custody awaiting transportation to a facility for service of the federal sentence until February 17, 2000, this is the date the federal sentence commenced (See exhibit #9)

12. As reflected in exhibit #1, at the time of federal sentencing the Court was silent as to how the federal sentence should be served in relation to any sentence imposed by any other jurisdiction. The Court was aware of petitioner's being in the primary jurisdiction of the State of Maryland as the Court issued a writ of habeas corpus to obtain custody (See exhibit #2), and the Pre-sentence report prepared for the Federal Court documented that petitioner was in non-federal custody at the time of federal sentencing (See exhibit #5). As the Federal Court was silent as to how the

5

sentence was to be served in relation to any other sentence to be imposed, the federal term was construed to be consecutive to any other sentence pursuant to Title 18, U.S.C., Section 3584 (a) In response to petitioner's request that the federal sentence be construed as running concurrently with the ten month sentence imposed by Anne Arundel County, an inquiry was made of the sentencing Federal Court to determine if a Nunc Pro Tunc designation to Anne Arundel County Detention Center, to cause concurrent service of sentence might be appropriate. The inquiry was made through the Office of the U.S. Attorney for the District of Maryland in a letter dated October 20, 2000 (See exhibit #11). Petitioner also directed a request to the U.S. District Court for the District of Maryland for a clarification as to whether the Court intended concurrent or consecutive service of sentence. In a Memorandum and Order the Court clarified its intent at the time of sentencing stating that it was the intent of the Court to impose consecutive sentences (See exhibit #12). Petitioner alleges that in its order and memorandum, the Federal Court improperly modified its sentence to cause consecutive service of sentence. As noted above the Court was silent as to order of service of sentence at the time of federal sentencing. Therefore, pursuant to Title 18 U.S.C., Section 3584(a) the sentence was construed to be consecutive. By its order and memorandum the Court did not amend its sentence, the Count clarified its intent at the time of sentencing affirming that the sentence should be construed pursuant to Title 18, U.S.C., Section 3584(a) regarding multiple sentences imposed at different times.

13. Petitioner's federal sentence is computed pursuant to the original judgement issued by the U.S. District Court for the District of Maryland and the Court's Memorandum and Order which clarified the Court's original intent. Petitioner's sentence commenced upon release from the ten

6

000006

month sentence imposed by Anne Arundel County, February 17, 2000. Petitioner has been awarded with all applicable jail time credit, totaling 330 days. With the operation of Good Conduct Time Petitioner will be released from his federal sentence on November 2, 2001 (See exhibit #10).

13. I certify that all records attached as exhibits hereto are true and correct copies of those prepared and maintained in the ordinary course of business by the United States Penitentiary, Lewisburg, Pennsylvania. I further declare that the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. Section 1746.

Executed this  26  Day of July, 2001.

Armond J. Booth
Inmate Systems Manager
U.S. Penitentiary
Lewisburg, Pennsylvania

000007

U.S. DISTRICT COURT (Rev. 7/97) Sheet 1 - Judgment in a Criminal Case with Supervised Release                Judgment Page 1 of 7



# United States District Court
## District of Maryland

UNITED STATES OF AMERICA

v.

ROBERT LEON BUCKNER

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

Case Number: JFM-97-0413

Defendant's Attorney: MARK WAGNER, ESQ.

Assistant U.S. Attorney: ANDREW G.W. NORMAN, ESQ.

**THE DEFENDANT:**

☒ pleaded guilty to count __3__

☐ pleaded nolo contendere to count(s) _____, which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1623 | Making false statements before U.S. Dist. Court | 12/6/95 | 3 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) __1,2, & 4__ are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's SSN: 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 (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)
Defendant's Date of Birth: 12/20/56
Defendant's U.S.M. No.: 33001-037

Defendant's Residence Address:
415 S. Lehigh St.
Baltimore, MD 21224

Defendant's Mailing Address:
Same

Name of Court Reporter: M. Zajac

11/19/98
Date of Imposition of Judgment

_____  11/23/98
HONORABLE J. FREDERICK MOTZ       Date
U.S. DISTRICT COURT CHIEF JUDGE

I hereby attest and certify on __11/24/98__ that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

FRANK L. MONGE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

By _____  Deputy

000008

U.S. DISTRICT COURT (Rev. 7/97) Sheet 2 - Judgment in a Criminal Case with Supervised Release    Judgment Page 2 of 7

**DEFENDANT:    ROBERT LEON BUCKNER    CASE NUMBER: JFM-97-0413**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __36__ months.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m. on _____.
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.
    ☐ _____

# RETURN

I have executed this judgment as follows:

Defendant delivered on _04-04-2000_ to _Federal Prison Camp_ at _Lewisburg, PA._, with a certified copy of this judgment.

_Donald Romine, Warden_
~~UNITED STATES MARSHAL~~

By: _Joni L. Badger, Legal Instruments_
~~DEPUTY U.S. MARSHAL~~ _Examiner_

000009

**DEFENDANT:    ROBERT LEON BUCKNER    CASE NUMBER: JFM-97-0413**



# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ____3 years____.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm as defined in 18 U.S.C. §921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

**The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions, if any, on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendants's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.



**DEFENDANT:    ROBERT LEON BUCKNER          CASE NUMBER: JFM-97-0413**

## SUPERVISED RELEASE
## ADDITIONAL CONDITIONS

During the period of supervised release the defendant shall participate in a drug treatment program as approved by the Probation Officer.  Treatment program shall include testing to determine if the defendant has reverted to substance abuse.



**DEFENDANT:    ROBERT LEON BUCKNER**          **CASE NUMBER: JFM-97-0413**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $    50.00 | $    1.00 | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . . . . . . . . . $

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of    $

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the 15th day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The court has determined that the defendant does not have the ability to pay a fine; therefore, a fine is waived.

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____.  An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | Total Amount of Loss** | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

**DEFENDANT:     ROBERT LEON BUCKNER          CASE NUMBER: JFM-97-0413**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; and (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒ In full immediately; or

B  ☐ $_____ immediately, balance due (in accordance with C, D, or E); or

C  ☐ Not later than _____; or

D  ☐ Installments to commence _____ day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐ In _____ (*e.g. equal, weekly, monthly, quarterly*) installments of $_____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐ Joint and Several

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court costs:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

**DEFENDANT:    ROBERT LEON BUCKNER**                    **CASE NUMBER: JFM-97-0413**

# STATEMENT OF REASONS

☑ The court adopts the factual findings and guideline application in the presentence report.

                                        **OR**

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 13
Criminal History Category: VI
Imprisonment Range: 33 months to 41 months
Supervised Release Range: 2 years to 3 years
Fine Range: $  3,000.00        to $  30,000.00

☒ Fine waived or below the guideline range because of inability to pay.

**Total Amount of Restitution: $_____**

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☑ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

                                        **OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

☐ The sentence departs from the guideline range:

        ☐ upon motion of the government, as a result of defendant's substantial assistance.
        ☐ for the following specific reason(s):

\U.S. DISTRICT COURT (Rev. 7/97) Sheet 6 - Judgment in a Criminal Case with Supervised Release    Judgment Page 7 of 7

**DEFENDANT:    ROBERT LEON BUCKNER**    **CASE NUMBER: JFM-97-0413**

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.
<strong>OR</strong>

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

    Total Offense Level: 13
    Criminal History Category: VI
    Imprisonment Range: 33 months to 41 months
    Supervised Release Range: 2 years to 3 years
    Fine Range: $ __3,000.00__ to $ __30,000.00__

    ☒ Fine waived or below the guideline range because of inability to pay.

**Total Amount of Restitution: $_____**

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.
<strong>OR</strong>

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

☐ The sentence departs from the guideline range:

    ☐ upon motion of the government, as a result of defendant's substantial assistance.
    ☐ for the following specific reason(s):

000015

03/08/2000 TIME: 17:12 PAGE:    1

UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
DISTRICT OF MARYLAND
DISTRICT: 37   OFFICE: BAL

INDIVIDUAL CUSTODY AND DETENTION REPORT USM (129)

NAME:   BUCKNER, ROBERT LEON
USMS NUMBER: 33001037

I. IDENTIFICATION DATA:

USMS NBR: 33001037   NAME: BUCKNER, ROBERT LEON

ADDRESS:  415 S LEHIGH ST   BALTIMORE, MD 21224                    PHONE: 410-   -

DOB: 12/20/1956  AGE: 43  POB: BALTIMORE, MD       SEX: M  RACE: W  HAIR: BRO  EYE: BRO  HEIGHT: 509  WEIGHT: 175

SSN: 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  FBI NBR: 826258P9   ALIEN NBR:

*****SPECIAL HANDLING CODE:            SPECIAL HANDLING REMARKS:
     OTHER                             F00075

     ACTIVE DETAINERS:                 DETAINER DATE   AGENCY
     NONE

     PRISONERS ALIASES:                ALIAS REMARKS:
     NONE

     GENERAL REMARKS:
     NONE

II. CASE INFORMATION:

| CTR | STATUS | COURT CASE NUMBER | FEDERAL COURT CITY |
|-----|--------|-------------------|--------------------|
| 1 | WT-DESIG | JFM-97-0413 | BALTIMORE |

| CTR | JUDGE NAME | US ATTORNEY NAME | DEFENSE ATTORNEY NAME |
|-----|-----------|------------------|-----------------------|
| 1 | MOTZ, FREDERICK | NORMAN, ANDREW | WALKER, ROLAND |

| CTR | ARREST DATE | ARRESTING AGENCY | LOCATION OF ARREST | WARRANT NUMBER |
|-----|-------------|------------------|--------------------|----------------|
| 1 | 12/05/1997 | U.S. MARSHALS SERVICE | BALTIMORE MD | |

| CTR | OFFENSE | OFFENSE REMARK | DISPOSITION |
|-----|---------|----------------|-------------|
| 1 | (2607) FRAUD - FALSE STATEMENT | | GUILTY (PLEA) |

| CTR | SENTENCE DATE | SENTENCE | APPEAL DATE |
|-----|---------------|----------|-------------|
| 1 | 11/19/1998 | 36 MTHS BOP | **/**/**** |

III. STATUS HISTORY

| CTR | STATUS | STATUS DATE | CUSTODY DATE | RELEASE DATE | REMARK |
|-----|--------|-------------|--------------|--------------|--------|
| 1 | IN-ADMIN | 12/05/1997 | 12/05/1997 | **/**/**** | |
| 1 | RL-BOND | 12/05/1997 | **/**/**** | 12/05/1997 | PRE-TRIAL SERVICES |

UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
DISTRICT OF MARYLAND
DISTRICT: 37   OFFICE: BAL

INDIVIDUAL CUSTODY AND DETENTION REPORT USM (129)

NAME:   BUCKNER, ROBERT LEON
USMS NUMBER: 33001037

| 1 | WHCAP | 11/19/1998 | **/**/**** | **/**/**** | |
| 1 | RL-WHCAP | 11/19/1998 | **/**/**** | 11/19/1998 | RTN BCDC/36 MTHS |
| 1 | READMIT | 02/17/2000 | 02/17/2000 | **/**/**** | DTNR PU AT AA CO |
| 1 | WT-DESIG | 02/17/2000 | **/**/**** | **/**/**** | FAX J/C TO BOP |

IV. CHRONOLOGICAL PRISONER HISTORY

| INST CODE | INSTITUTION NAME | ADMIT DATE | RELEASE DATE | DAYS BOARDED | ACTION OR DISPOSITION |
|---|---|---|---|---|---|
| BND | ON BOND | 12/05/1997 | 11/19/1998 | 1 | |
| CEL | CELLBLOCK | 11/19/1998 | 11/19/1998 | 0 | |
| 2BP | MD CORR ADJ CTR | 02/17/2000 | **/**/**** | 20 | |

TOTAL DAYS BOARDED      21



# UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND
### PROBATION OFFICE

DAVID E. JOHNSON
CHIEF U.S. PROBATION OFFICER
SUITE 400
250 WEST PRATT STREET
BALTIMORE 21201

U.S. COURTHOUSE
SUITE 100
6500 CHERRYWOOD LANE
GREENBELT 20770-1248

May 26, 1999

PLEASE REPLY TO:
BALTIMORE OFFICE
(410) 962-4696
FAX (410) 962-1779

The Honorable J. Frederick Motz
U.S. District Judge
101 W. Lombard Street
Baltimore, Maryland 21201

      Re:    U.S. v. Robert Leon Buckner
               Criminal No. JFM-97-0413

Dear Judge Motz:

      This is in response to your letter dated May 13, 1999, asking me to look into why Mr. Buckner has not been transferred to federal custody and further to address Mr. Buckner's request that he be given credit for time spent in custody prior to being sentenced.

      Mr. Buckner is now at the Anne Arundel County Detention Facility awaiting a State violation of probation hearing. I will explain the sequence of events that occurred between the time he was arrested and sentenced on his Federal charges as follows:

*[handwritten margin note: should be 12/05/97, verified with Estelle Santanon ISPO - Dodya Gom 08/14/00]*

      On December 1, 1997, Mr. Buckner was arrested in relation to his Federal charges (Making a False Declaration Before a United States Court). Appearing before the Honorable Paul M. Rosenberg for his initial arraignment, he was released on his personal recognizance with pretrial supervision and a variety of conditions. On July 12, 1998, he was arrested in Baltimore City for Possession With Intent to Distribute CDS and he was detained at the Baltimore City Detention Center (BCDC) in lieu of a $2,500 bond. While he was on pretrial release, Mr. Buckner was also under a State probation sentence for a 1997 conviction in Anne Arundel County and the July 12, 1998 arrest resulted in a violation of his state probation. Consequently, a violation of probation detainer was filed by Anne Arundel County with the Baltimore City Detention Center.

      On November 28, 1998, Mr. Buckner was brought before Your Honor on a Writ and he was sentenced to serve 36 months to be followed by 3 years supervised release. He was returned to the BCDC. On May 5, 1999, the narcotics charges were placed on the Stet docket for three years. He was then turned over to the AA County detainer, where he is now facing a violation hearing. When this matter is resolved, depending on the disposition (he is exposed to 15 months and 11 days), the U.S. Marshals will be notified.

      Mr. Buckner is not entitled to credit for time spent in custody prior to his federal sentencing because he was not in our custody. The Bureau of Prisons will compute Mr. Buckner's sentence and

000018

COPY FROM INMATE



02/    9:51 FAX    ☑ 004

will award him any "jail time credit" he is entitled to in accordance with Statutory Authority 18 USC § 3585(b) as implemented by Program Statement 5880.24. This is why it is not necessary and often complicates the matter, to state in a judgement that the defendant should get credit for time spent in jail.

Under the above mentioned authority, a defendant will not get credit for time served in custody prior to sentencing if that time is credited toward another sentence (i.e. a State sentence). There may be a rare instance, when our Court intends to grant credit on his federal sentence, for time spent in custody prior to sentencing, knowing that time has been credited toward another sentence and in order to do so, will depart. These cases are the exception to the rule.

As to Mr. Buckner's request for a sentence reduction under Rule 35, I strongly feel it is unwarranted. Mr. Buckner had a total of 42 criminal history points. He only needed 13 to be in Criminal History Category VI. Although his narcotics charges were Stetted (not dismissed), it does not depreciate the seriousness of his conduct in my eyes. Engaging in illegal conduct while given the benefit of conditional release by the U.S. Probation Office and while on probation with the State, he showed a blatant disregard for the criminal justice system.

Thank you for the opportunity to assist the Court regarding this matter.

Respectfully Submitted,

*Santana*

Estelle Santana
Sr. United States Probation Officer

07/18/2000  12:21    4105458118                           CENTRAL  RECORDS                          PAGE  03/03

**PARRIS N. GLENDENING**
GOVERNOR

**KATHLEEN KENNEDY TOWNSEND**
LT. GOVERNOR

**STUART O. SIMMS**
SECRETARY



**LAMONT FLANAGAN**
COMMISSIONER

**HARRY SIZELOVE**
DEPUTY COMMISSIONER

**WILIAM JEDNORSKI**
WARDEN

**WENDELL M. FRANCE**
ASSISTANT WARDEN

STATE OF MARYLAND
**DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL  SERVICES**
DIVISION OF PRETRIAL DETENTION AND SERVICES
BALTIMORE CENTRAL BOOKING & INTAKE CENTER
300 EAST MADISON STREET
BALTIMORE, MARYLAND 21202
(410) 545-8110

MEMORANDUM

TO:     Joni L. Badger
        Legal Instruments Examiner
        U.S. Penitentiary
        Lewisburg, PA  17837

FROM:   Judy L. Mizell
        Director of Central Records Department
        Baltimore City Detention Center

DATE:   July 11, 2000

RE:     Buckner, Robert Leon
        Sid # 990121056

In reviewing our records the following information was found on the above inmate:

1.  Mr. Buckner was not arrested in Baltimore City on September 20, 1996, we do not
    have information on that arrest, need to contact Ocean City, Maryland.

2.  Mr. Buckner was not arrested in Baltimore City on February 16, 1997, we do not
    have information on that arrest; need to contact Anne Arundel County.

3.  Mr. Buckner was committed to Baltimore City Detention Center on July 12, 1998
    thru May 6, 1999, his case was stetted, and inmate was transferred to Anne Arundel
    County Sheriff on a detainer.

If you have any question please contact me on (410) 545-8251.

000020

 

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **Docket No.: JFM-97-0413** |
| vs. | ) | **Defendant No.: 001** |
| | ) | |
| Robert Leon Buckner | ) | |

## PRESENTENCE REPORT

**Prepared for:**
The Honorable J. Frederick Motz
U.S. District Court Judge

**Sentencing Date:**
10/15/98 @ 9:00 a.m.

**Prepared by:**
Estelle Santana *Santana*
Senior U.S. Probation Officer

**Office Location:**
Baltimore, Maryland
410-962-4740, ext. 3002
410-962-1779 fax

**Offense:** <u>Count Three:</u>    Making a False Declaration Before a United States Court, in violation of Title 18, U.S. Code, Section 1623 and 2, a Class D Felony .

**Date of Arrest:** December 5, 1997

**Custodial Status:** On December 5, 1997, the defendant was released on personal recognizance with pretrial conditions of supervision. On July 2, 1998, the defendant entered a guilty plea to the instant offense and he was continued on bond under the same conditions as previously imposed. On July 12, 1998, Buckner was arrested for charges unrelated to the instant offense and he is being held at the Baltimore City Detention Center in lieu of a $2,000 bond. A federal warrant has been issued and is lodged as a detainer.

## Identifying Data

**Date of Birth:** 12/20/56

**Age:** 41

**Citizenship:** USA

**Race:** White Non-Hispanic

**Sex:** Male

**Dependents:** Zero

**FBI No.:** 826258P9

**SSN:**   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   also used 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

**Other ID No.:** SID121056

**Education:** Some College

**U.S.M. No.:** 33001-037

# CIRCUIT COURT FOR BALTIMORE CITY
## CRIMINAL DIVISION

298252003      246944   12/20/56
        SID# 000121056
BUCKNER, ROBERT LEON

415 S. LEHIGH ST                    W/M

BALTIMORE MD 21224  986002150162
AKA . BUCKNER, BUCK
      KIRBY, WILLIAM ROBERT

CASE(S)# _____ TERM

IDENT.NO. _____

DOB _____

A.R.NO. _____

CHARGE(S)  Viol. nare. laws.

TRACKING#

| ATTORNEY | DATE | LOCATION | | DATE | COURT REPORTER | DATE |
|---|---|---|---|---|---|---|
| | | B.C.I. | SUMMONS | | Video | 11-5-98 |
| | | D.O.C. | BAIL | | 11 | 5/5/99 |
| | | O.R. | | | | |

_Kerr_  _Uret_
ASST. STATE'S ATTY.

| DATE | DOCKET ENTRIES |
|---|---|
| 9/9/98 | Circuit Court Docketing Date |
| | Recognizance taken / District Court |
| | Recognizance taken / Circuit Court |
| | Appearance of                              Defense |
| 11-23-98 | Appearance of  _Kerr Uret_  State |
| 11-23-98 | Arraigned and Pleads  NG  (D)  Election of Trial  JT 2-5-99 P-7 |

### MOTIONS

| DEFENSE | | STATE |
|---|---|---|
| Motion for Discovery Fd. | [    ] | Motion for Discovery Fd. |
| Answers To State Discovery Fd. | [    ] | States Disclosure Fd. |
| Defense Disclosure Fd. | [    ] | Answers To Defense Discovery Fd. |
| Motion Pursuant To Md. Rule_____ | [    ] | Notice of States Reliance Fd. |
| Motion To Suppress Fd. | [    ] | Answers To Defendants Bill of Particulars Fd. |
| Defendant Demand For Witness Fd. | [    ] | Motion For Additional Penalties |
| Motion To Dismiss Fd. | [    ] | Notice of Plea Bargain Policy |
| Motion For Bill of Particulars Fd. | [    ] | |
| Omnibus Motion Fd. | [    ] | |
| Motions for Speedy Trial | | |
| Motion For Grand Jury Testimony | [    ] | |
| 11-5-91 | Set in circe, arrg. date, 11/23/98 P.7 Loc DOC |
| | Summons signed                                  C Smith, A |

| DATE | DOCKET ENTRIES |
|------|----------------|
| 1-23-98 | Cor-BCI issue jail card summons signed (Meluda, J) |
| 2/5/99 | Refer to Admin Judge (McCurdy, J) |
| 4/9/99 | Referred to admin ct (Nance) |
| | ~~Evans~~ ~~Report~~ ~~Month~~ |
| 5/5/99 | Stet ordered for the above stated reason as to  suff Evid. ASA Nevi my |
| | _____ Judge |
| | (Nance, J) |

Buckner #33001-037 LEC-K01-

**DISTRICT COURT OF MARYLAND FOR** _Anne Arundel Co._

Located at _7500 Ritchie Hwy, Glen Burnie, Md._ Zip Code _21061_ Telephone

State of Maryland

vs.

Defendant _Buckner, Robert Leon_     D.O.B.

Case No(s). _OA 40439_

Tracking No.

Date Sentence Imposed _11-16-99_

I.D. No.

## COMMITMENT RECORD

TO: ☐ Commissioner of Correction ☑ Warden/Sheriff of _P.G. Co. Det. Ctr._ Jail/Detention Center
YOU ARE DIRECTED to receive the above named Defendant who has been sentenced and is hereby committed to your custody by JUDGE _Johnson_

The Defendant has been found guilty as to:

Case/Count/Offense No. _OA 40439_     Charge _Theft under $300_     Art.     Sec.

Sentence _10 months_

☐ PAROLE ELIGIBILITY RESTRICTIONS  Art.     Sec.

Concurrent with     Consecutive to
Case/Count/Offense No.
(PROVIDE DETAILS IN ADDITIONAL SENTENCING INFORMATION)

Case/Count/Offense No.     Charge     Art.     Sec.

Sentence

☐ PAROLE ELIGIBILITY RESTRICTIONS  Art.     Sec.

Concurrent with     Consecutive to
Case/Count/Offense No.
(PROVIDE DETAILS IN ADDITIONAL SENTENCING INFORMATION)

**SPLIT SENTENCE**
All but ____ is/are suspended and the Defendant is placed on probation for a period of ____ commencing upon:

CHECK ONE:
1. ____ Release of Defendant from physical incarceration.
2. ____ Release of Defendant from parole, or mandatory supervision pursuant to Art., Sec 4-612.

The total time to be served is _10 months_ , to run:

**SELECT ONLY ONE**
A. ☑ concurrent with any other outstanding or unserved sentence and begin on _5-6-99_
B. ☐ consecutive to the last sentence to expire of all outstanding and unserved Maryland sentences.
C. ☐ consecutive to the sentence imposed in Case No.

The Defendant has been awarded ____ days credit for time served prior to and not including date of sentence (Art. 27, Sec. 638C).

ADDITIONAL SENTENCING INFORMATION:  PROVIDE PAROLE ELIGIBILITY RESTRICTIONS OR PAROLE RECOMMENDATIONS, IF ANY:

$ ____ court cost(s) have been waived due to indigency.

☑ Commitment is for execution of previously suspended sentence after Defendant was found in violation of probation.
☐ Sentencing modification. This Commitment supersedes commitment issued on: ____ **000024**

ATTACHMENTS HERETO INCLUDE: ☐ Additional Sentence(s): ☐ Order For Probation
☐ Order For Reimbursement of Public Defender: ☐ Other: ____ ☐ Conditions of Parole

TRULY taken from the record of this Court.
WITNESS my Hand and the Seal of said Court this date: _SENT STAYED_ ☑ Appeal Bond set at $ _5,000_
_11-16-00_

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 14

   c.  **Prior Custody Time Credit.**  The SRA includes a new

statutory provision, 18 U.S.C. § 3585(b), that pertains to

"credit for prior custody" <u>and is controlling for making time

credit determinations for sentences imposed under the SRA</u>.  Title

18 U.S.C. § 3568, repealed effective November 1, 1987, as

implemented by the <u>"Old Law" Sentence Computation Manual</u>, remains

the controlling statute for all sentences imposed for offenses

that occurred on or after September 20, 1966 up to November 1,

1987.

   <u>Statutory Authority</u>:  Prior custody time credit is

controlled by 18 U.S.C. § 3585(b), and states, **"A defendant shall
be given credit toward the service of a term of imprisonment for
any time he has spent in official detention prior to the date the
sentence commences--**

          **(1) as a result of the offense for which
      the sentence was imposed; or**

          **(2) as a result of any other charge for
      which the defendant was arrested after the
      commission of the offense for which the
      sentence was imposed;**

   **that has not been credited against another sentence."**

   <u>Definitions</u>:

   **Raw EFT:**  The Raw EFT for both a federal and non-federal

sentence is determined by adding the total length of the sentence

to be served to the beginning date of the sentence resulting in a

full term date of sentence (**Raw EFT**) that does not include any

time credit, e.g., presentence or prior custody time or good

time.  (Inoperative time that may affect either the state or

federal **Raw EFT** shall be referred to the RISA for assistance.)

000025

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 16

Time spent serving a **civil contempt** sentence **does not**
constitute presentence time credit toward any criminal sentence
that has been interrupted by, or that is running along
concurrently with, or that is to be served consecutively to, the
criminal sentence.

Official detention does not include any time in a
release status even though the defendant is considered "in
custody" for purposes of pursuing a habeas corpus petition with
the court, as cited by the U.S. Supreme Court in <u>Hensley v.
Municipal Court</u>, 411 U.S. 345 (1973) (see also <u>Cochran v. U.S.</u>,
489 F.2d 691 (5th Cir. 1974); <u>Villaume v. United States</u>, 804 F.2d
498 (8th Cir. 1986) (per curiam), <u>cert. denied</u>, 481 U.S. 1022
(1987)).

(1)  Any part of a day spent in official detention equals
one day for credit purposes.  Prior custody time credit shall be
applied in the following manner for the following situations:

(a)  Credit related to 18 U.S.C § 3585(b)(1).

1  Credit will be given for time spent in official
detention as a direct result of the federal offense for which the
federal sentence was imposed (and not as a result of a writ from
another jurisdiction), provided it has not been credited against
another sentence. (See Example:  1)

Frequently, the date on which the person is
arrested for the charge on which the subsequent sentence is
imposed is earlier than the "date offense concluded" as shown on

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 17

·arrest for Failure to Appear shall, of course, be given off the Failure to Appear sentence.                                        *

      2  Credit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign.  The following exceptions apply:

      a  Time spent serving another foreign or state sentence that is vacated may be creditable as prior custody time credit provided the sentence was not vacated merely for resentencing.  Any such time which is credited must be time spent after the commission of the federal offense.  If a vacated state or foreign sentence results in a re-trial and subsequent resentencing, any credit applied to that resentencing must be removed from the federal sentence computation, provided the inmate has not yet been released from that sentence.

      b  Time spent serving another federal, foreign or state sentence that is vacated merely for resentencing shall not have any effect on the SRA sentence computation until such time as the inmate is resentenced.  If the resentencing results in a term which is less than the time the inmate has already served on the vacated sentence, the excess time not now credited to any other sentence shall be credited to the SRA term provided it was time spent after the commission of the federal offense.

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 21



SRA                Fed      Sentenced          SRA Sentence Begins    (CS)
Offense            Writ     & Return
                            to State

State        Unrelated           State Sentence Completed
Offense      State Sentence      Turned over to USMS

In the above example, the time spent on writ is not creditable as
the underlying basis for custody is the state offense and all
time is credited to the state offense.

Example: 4

    (b)   Credit related to 18 U.S.C. §
3585(b)(2).

    1    Prior Custody Credit will be given
for time spent in official detention as the result of any
federal, state or foreign arrest which is not related to, yet
occurred on or after the date of the federal offense (**as
shown on the judgment and commitment**) for which the SRA sentence
was                                                                *
imposed; provided it has not been credited to another sentence.
The language in this Section eliminates any need for a federal
detainer to be on file or for bail to be set on the state or
foreign charges as a prerequisite for applying such prior custody
time credit toward the federal sentence.   Relevant prerequisites
are:

    a    The non-related official
detention must have occurred on or after the <u>date</u> of the federal
offense for which the SRA sentence was imposed.




LEWNU  540*23 *
PAGE 002 OF 002 *

SENTENCE MONITORING
COMPUTATION DATA
AS OF 07-19-2000

*
*    07-19-2000
     15:13:28

REGNO..: 33001-037 NAME: BUCKNER, ROBERT LEON

-----------------------------CURRENT COMPUTATION NO: 010 ---------------------
COMPUTATION 010 WAS LAST UPDATED ON 07-19-2000 AT LEW AUTOMATICALLY
THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN...........: 02-17-2000
TOTAL TERM IN EFFECT.............: 36 MONTHS
TOTAL TERM IN EFFECT CONVERTED..: 3 YEARS

JAIL CREDIT......................:
                                    FROM DATE      THRU DATE
                                    09-20-1996     09-20-1996
                                    02-16-1997     02-16-1997
                                    08-07-1997     09-04-1997
                                    12-05-1997     12-05-1997
                                    07-12-1998     05-05-1999

TOTAL PRIOR CREDIT TIME.........: 330
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT POSSIBLE..............: 141
TOTAL GCT AWARDED...............: 54
STATUTORY RELEASE DATE (CURRENT): 01-28-2002
SIX MONTH /10% DATE.............: 07-31-2001
EXPIRATION FULL TERM DATE.......: 03-23-2002

PROJECTED SATISFACTION DATE.....: 11-02-2001
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: RELEASED FROM ANNE ARUNDEL COUNTY SENTENCE ON 02-17-2000.



COMPUTED BY: _Joni Badger_    07-19-2000
AUDITED BY: _____          8-31-00

G0000
          TRANSACTION SUCCESSFULLY COMPLETED

000029

```
     LEWNU   540*23 *          SENTENCE MONITORING          *     07-19-2000
     PAGE 001         *          COMPUTATION DATA            *     15:13:28
                                 AS OF 07-19-2000
```

REGNO..: 33001-037 NAME: BUCKNER, ROBERT LEON

```
FBI NO...........: 826258P9                DATE OF BIRTH: 12-20-1956
ARS1.............: LEW/A-DES
UNIT.............: LEC                      QUARTERS.....: K01-009L
DETAINERS........: NO                       NOTIFICATIONS: NO
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  11-02-2001 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION...........: MARYLAND
DOCKET NUMBER...................: JFM-97-0413
JUDGE...........................: MOTZ
DATE SENTENCED/PROBATION IMPOSED: 11-19-1998
DATE COMMITTED..................: 04-04-2000
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:  $50.00         $00.00          $01.00       $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  521
OFF/CHG: MAKING FALSE STATEMENTS BEFORE U. S. DISTRICT COURT -
         18 USC 1623

```
 SENTENCE PROCEDURE.............: 3559 VCCLEA NON-VIOLENT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    36 MONTHS
 TERM OF SUPERVISION............:     3 YEARS
 DATE OF OFFENSE................: 12-06-1995
```

G0002        MORE PAGES TO FOLLOW . . .

000030

P.S. 5880.28
Page 1 - 12
CN-02, July 29 1994



**b. Commencement (Beginning Date) of Sentence.** 18 U.S.C. § 3585(a) establishes the rule for commencement of sentence and states, "(a) Commencement of sentence.-- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served."  If the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in <u>exclusive</u> federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition, even if a state sentence is running along concurrently.  If the prisoner is, however, serving another federal sentence at the time a new sentence is imposed, then 18 U.S.C. § 3584 (Multiple sentences of imprisonment) must be followed as discussed in paragraph e. of this chapter.

The Bureau of Prisons calculates any part of a day in custody serving sentence as a **full day** served on the sentence (See Chapter I, paragraph 3.d., third subparagraph) and any part of a day in official detention as a **full day** for prior custody time credit purposes (See Chapter I, paragraph 3.c.(1)).  In those cases, however, when the court imposes a sentence for a term of hours, the exact number of hours imposed must be served, regardless of whether the sentence is for more or less than 24



**U.S. D‌ ‌ r‌ ‌ of Justice** 

Federal Bureau of Prisons

*U.S. Penitentiary*

*Lewisburg, PA 17837*

October 20, 2000

Andrew G.W. Norman
Assistant U.S. Attorney
820 United States Courthouse
101 West Lomabard Street
Baltimore, MD 21201

RE: BUCKNER, Robert
Reg. No.: 33001-037
Docket No.: JFM-97-0413

Dear Mr. Norman:

Inmate Robert Buckner is currently confined at the Lewisburg Federal Prison Camp for service of a 36 month sentence imposed in the U.S. District Court for the District of Maryland. The sentence was imposed on November 19, 1998, for violation of Title 18, U.S.C., Section 1623. Inmate Buckner has requested that his federal sentence run concurrently with a Maryland State Sentence he was serving.

Our records reflect that the defendant was arrested on the current federal charges on December 5, 1997, and released on bond the same day. On July 12, 1998, while on federal bond, the defendant was arrested by local authorities, in Baltimore, MD, and charged with Probation Violation and narcotics violations. On November 19, 1998, the defendant was "borrowed" from the Baltimore City Detention Center, via a federal Writ of Habeas Corpus Ad Prosequendum, and produced in Federal Court for sentencing. After the federal sentence was imposed the defendant was returned to the Baltimore City Detention Center. The defendant was sentenced to a 10 month term on the charge of probation violation, he was not prosecuted on the narcotics violations. The defendant was released from the 10 month term to the federal detainer on February 17, 2000. At the time the federal sentence was imposed the Court was silent, regarding concurrent or consecutive service of the federal sentence, in relation to any sentence imposed by the local Courts. Accordingly, pursuant to the provisions of Title 18 U.S.C., Sections 3584(a) and 3585(a), we have interpreted the sentence as being consecutive to the sentence imposed by the local Court. We have credited the defendant with 322 days of Jail Time Credit, pursuant to Title 18 U.S.C., Section 3885(b)(2), for time spent in non-federal custody.

Our records reflect that you are the Assistant United States Attorney who represented the

000032

government in this case. We are requesting your assistance in determining if the Federal Court intended or objects to concurrent service of the federal and state sentences. For your convenience we have enclosed copies of the Court's Judgement In A Criminal Case and the pre-sentence investigation. Should you require further information, please contact Armond Booth, Inmate Systems Manager at (570) 523-1251 extension 246.

Thank you for your assistance in this matter of mutual concern.

Sincerely,

Donald Romine,
Warden

Enclosures: (2)

TOTAL P.02

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2000 NOV

CLERK'S OFFICE
AT BALTIMORE
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Criminal No. JFM-97-0413 |
| | * | |
| ROBERT LEON BUCKNER | * | |
| | ***** | |

## MEMORANDUM AND ORDER

Defendant has filed a motion for order clarifying court's commitment order. To the extent that defendant requests a clarification as to whether the court intended to impose its 36 month sentence concurrently or consecutively to state sentences, the motion is granted to clarify that the court intended to impose consecutive sentences. To the extent the motion requests any other relief, the motion is denied. The setting of computation dates and other administrative matters pertaining to the execution of defendant's sentence lie within the jurisdiction of the Bureau of Prisons.

J. Frederick Motz
United States District Judge

000034

36

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,       :
          Petitioner    :   No. 1:CV-01-1264
                            :
        v.             :   (Judge Caldwell)
                            :
DONALD ROMINE, Warden,    :
          Respondent   :

### CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on August 6, 2001, she served a copy of the attached

### RECORD IN SUPPORT OF RESPONDENT'S
### RESPONSE TO THE
### PETITION FOR WRIT OF HABEAS CORPUS

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Robert Leon Buckner
Reg. No. 33001-037
Federal Prison Camp
P.O. Box 2000
Lewisburg, PA 17837

MICHELE E. LINCALIS
Paralegal Specialist