**ORIGINAL**

CIVIL CASE No. __1:CV-01-1264__

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Judge William W. Caldwell)

ROBERT LEON BUCKNER
    Applicant, pro se

v.

DONALD ROMINE, WARDEN,
    Respondent

FILED
HARRISBURG, PA

AUG 21 2001

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

PETITIONER'S REPLY TO

RESPONDENT'S RESPONSE TO

PETITION FOR WRIT OF HABEAS CORPUS

PURSUANT TO 28 U.S.C. §2241

FILED BY:

    ROBERT LEON BUCKNER,
        APPLICANT, PRO SE
    BOP REG. No. 33001-037
    FEDERAL PRISON CAMP LEWISBURG
    P.O. BOX 2000 - UNIT K01-009L
    LEWISBURG, PENNSYLVANIA 17837

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,
    Petitioner

v.

DONALD ROMINE, Warden,
    Respondent

No. 1:CV-01-1264

(Judge Caldwell)

## PETITIONER'S REPLY TO
## RESPONDENT'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

    This is a reply to the response filed by the Respondent in answer to a petition for writ of habeas corpus. Petitioner seeks credit against his federal sentence of which he is entitled to by law for the period of May 5, 1999, through February 17, 2000. Your Petitioner is presently being detained illegally and unconstitutionally at the Federal Prison Camp Lewisburg. Donald Romine, the Respondent, is the Warden of that Facility.

    On August 6, 2001, the Respondent, through counsel, Mr. Matthew Haggerty, A.U.S.A., and Michele E. Lincalis, paralegal specialist, filed a response to Petitioner's application for writ of habeas corpus. Your Petitioner now replies to that response.

### STATEMENT OF THE CASE

    Petitioner concurs with the Respondent's "Statement of the Case" as it is written in the response, with the exception of the below corrections of errors and omissions:

    Buckner was taken for federal sentencing from the <u>Baltimore City</u> Detention Center, not the "Baltimore County Detention Center." (See, Response at pg. 2, ¶2)

    Buckner was held from any possible bail release solely because of a "NO BAIL" detainer filed by the the U.S. Marshal immediately after his arrest on July 12, 1998. He was housed in a <u>federal</u> holding section and capacity in both Baltimore City and Anne Arundel County.

1.

During all times between July 12, 1998, and present date, Petitioner has been transported between all locations by the U.S. Marshal. In addition, at all times between November 19, 1998 (date of federal sentencing), and present date, Buckner has been held under an active commitment order (with NO BAIL) issued by the federal court in the instant case.

## ARGUMENT

Respondent cites only one case in support of their stance that Petitioner is not entitled to credit towards his federal sentence: <u>Chambers v. Holland</u>, 920 F. Supp. 618 (M.D. Pa. 1996)(McClure, J.). That argument fails for several reasons.

Chambers was in state custody, borrowed on a writ for sentencing in federal court, and returned to the state to complete his state sentence. All time that he was on a writ was credited to his state sentence.

Buckner was in state pretrial custody in Baltimore City and held by a "NO BAIL" federal detainer. He was unable to make state bail solely because of that federal detainer, he was housed in the federal holding section of the jail, segregated from "state" and local prisoners, and handled in every other aspect as a "federal" prisoner.

In addition, that argument is unrelated to Petitioner's position in the case wherein he has been given credit for the period from July 12, 1998, through May 5, 1999, when the state charges were placed on stet docket.

From federal sentencing on November 19, 1998, when Petitioner was taken to federal court, sentenced, and returned to the Baltimore City Detention Center, Buckner was then held under a <u>federal</u> commitment, "NO BAIL," detainer and placed on a heightened security status because of that detainer.

The day after the Baltimore City case was stetted, the <u>Marshals</u> transported Buckner to the Anne Arundel County Detention Center (AACDC) to be held for a hearing on Violation of Probation ("VOP"), which warrant was issued in <u>October, 1998</u>; several months after the federal detainer was placed against Petitioner.

Petitioner claims that the Marshal, acting as a ministerial officer, had no authority to place him in custody of a state facility (AACDC) without processing him first as a federal prisoner, and

2.

then transporting him into state custody under a state writ that should have been properly filed with BOP.

Be that as it may, Buckner was nonetheless held at AACDC in a federal prisoner capacity, under heightened security because of that capacity, and unable to make bail on that charge under the futility of his federal commitment.

Even so, the state court, acknowledging the fact that the VOP was in fact because of the federal verdict and sentence, offered the petitioner a short, concurrent sentence [1], and closure of the probation case on a plea of guilty.[2]

The Respondent also relies on a memorandum and order of the federal sentencing court stating that that court "..intended to impose consecutive sentences." (see, "Record" of Respondent's response, pg. 34). This also fails for a number of reasons.

First, if this "order" of intention were to be construed as an "amendment" of the federal sentencing order, it would have no power inasmuch as it was issued past the seven (7) day period allowed by Rule 35, Fed.R.Civ.P.; in fact, almost two (2) years past the time allowed by statute.(see, **Romandine v. U.S.**, 206 F.3d 731, 737 (7 Cir 200

Secondly, even if the court had imposed a consecutive sentence, there was no active sentence for it to be consecutive with at the time of federal sentencing, and, furthermore, would have been precluded from imposing a sentence that is to run consecutively to any state sentence which may or may not be imposed in the future. **Romandine v. United States**, 206 F.3d 731 (7th Cir. 2000); U.S. v. Quintero, 157 F.3d 1038 (6th Cir. 1998); U.S. v. Clayton, 927 F.2d 491 (9th Cir. 1991).

---

[1] The A.A. County state court imposed a 10 month "concurrent" sentence to begin on May 6, 1999. The AACDC awards good time credits on a "day-for-day" basis. This means, 1 credit day for each day served. This entitled Buckner to a release immediately after sentencing. In fact, his actual credits would have releaed him from AACDC on or about October 6, 1999, --- almost 2 months prior to his AA Count sentencing. Instead, the Marshals waited until February 17, 2000, to reclaim him.

[2] Even though the VOP would not hold water because the federal offense occurred years after the state probation was imposed, had Buckner decided to take the ca to trial (the federal conviction & sentence being the basis for violation), Petitioner nevertheless entered a plea for reasons of economics, expediency and under the impression and advise of the court, federal & state counsel, that it would in no way interfere with the running of my federal sentence.

3.

The Respondent, lastly, implies that 18 U.S.C. §3584(a) should call for his federal and state sentences to run consecutively. (See, Respondent's Response, at 8).

Title 18 U.S.C. §3584(a) states:

> "If **multiple terms** of imprisonment are **imposed on a defendant at the same time,** or if a term of imprisonment is **imposed on a defendant who is already subject to an undischarged term of imprisonment,** the **terms** may run concurrently or consecutively, except that the **terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.** Multiple terms of imprisonment **imposed at the same time** run concurrently **unless the court orders** or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment **imposed at different times** run consecutively **unless the court** orders that the terms are to run concurrently." (emphasis added)

It is clear by the language of this statute that the intent of Congress was to govern discretion of **the** federal sentencing court when it imposes sentences **"at the same time"** or **"imposed at different times"** and that the "sentences" being referred to are those that are being imposed for a federal offense or offenses pursuant to Title 18 of the United States Code, by a federal court.

This would seem to reason where it would be impossible for a federal and a state sentence to be imposed "at the same time." Therefore, 18 U.S.C. §3585(a) has no place in this case at bar. The intent, as explained above, is also supported by the language of §3584(b) and §3584(c). That language is clear enough to preclude any need for further exploration into its intent and meaning as anything other.

### DECLARATION

I HEREBY DECLARE that the information and facts as given above, as well as in the body of the Application For Writ Of Habeas Corpus are true and correct to the very best of my knowledge, and make this declaration under the penalties of perjury.

_____
Robert Leon Buckner, Applicant

## CONCLUSION

For the above-stated reasons, as well as those within the body of Petitioner's petition and submitted exhibits therein, this Court should issue a writ of habeas corpus in the matter set out herein.

Respectfully submitted,

DATE: August 11, 2001.

ROBERT LEON BUCKNER,
    Petitioner/Applicant, pro se
BOP REG. No. 33001-037
Federal Prison Camp Lewisburg
P.O. Box 2000 - LEC Unit K01-009L
Lewisburg, Pennsylvania 17837-2000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this reply was mailed, first-class mail, postage pre-paid, by depositing the same in the inmate mail-box labeled "Legal Mail Only" in envelopes properly addressed to the Respondent, Donald Romine, Warden, and counsel for Respondent, Matthew E. Haggerty, Esq., Assistant U.S. Attorney, as listed below; on this 11th day of August, 2001:

    Mr. Donald Romine, Warden, U.S.P.
    U.S.P., Lewisburg
    P.O. Box 1000
    Lewisburg, Pennsylvania  17837-1000

    and,

Matthew E. Haggerty, Esq., A.U.S.A.
Office of The United States Attorney
Middle District of Pennsylvania
316 Federal Building
240 West Third Street
Williamsport, Pennsylvania 17837-2000

Robert Leon Buckner

5.