**See Attachment**



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,
      Petitioner          :

                        :

      vs.              :     CIVIL ACTION NO. 1:CV-01-1264

                        :

DONALD ROMINE, Warden,
      Respondent        :

M E M O R A N D U M

FILED

SEP 7 2001

PER _____

HARRISBURG, PA.    DEPUTY CLERK

I.    Introduction.

        Robert Leon Buckner, an inmate at FPC-Lewisburg,
Pennsylvania, has filed a pro se petition for a writ of habeas
corpus pursuant to 28 U.S.C. S 2241.  Buckner asserts that the
Bureau of Prisons (BOP) has erroneously failed to credit his
federal sentence with ten months he spent in a Maryland state
prison on an unrelated Maryland sentence.  The state sentence was
imposed after the federal sentence and was ordered to run
concurrently with any other outstanding or unserved sentence.
However, it was served before the Petitioner was turned over to
federal authorities for service of his federal sentence.

        According to Buckner, since he is entitled to credit for
the ten months, he should be immediately released because his
sentence would have expired on January 11, 2001.   Conversely, the
Respondent argues that he is not entitled to credit on his federal

sentence and maintains that his earliest release date is November 2, 2001, if he receives all his credit for good behavior.

We have decided that the BOP did not properly exercise the discretion it has to credit a federal sentence with time spent previously in state custody and will therefore remand this matter to the BOP for a prompt decision on this issue using all of the factors to be considered.

II.   Background.

On December 5, 1997, Buckner was arrested for making a false statement to a United States District Court in violation of 18 U.S.C. § 1623, specifically, for making false statements on an application to proceed in forma pauperis on a federal lawsuit.  He was released on bond the same day on his own recognizance.

On July 12, 1998, while on bond from the federal charge, Buckner was arrested by police in Baltimore, Maryland, for a drug violation.  He was held on these charges at the Baltimore City Detention Center.

On November 19, 1998, after a guilty plea, the Petitioner was produced for sentencing on his federal charge in the United States District Court for the District of Maryland.  He was sentenced to thirty-six months imprisonment.  The sentencing order was silent as to whether it would be served concurrently or consecutively.  He was returned to the Baltimore City Detention Center.

2

At the time of the Baltimore City drug offense, Buckner had been on probation from an offense in Anne Arundel County, Maryland, involving a theft of less than $300.  After the Baltimore City charge was "stetted" (continued), on May 6, 1999, Baltimore City officials released Buckner to a detainer that had been filed by Anne Arundel County.

On November 16, 1999, the District Court of Maryland for Anne Arundel County sentenced Buckner to ten months in prison for the probation violation.  The sentencing order stated that the sentence was to run concurrently to any other outstanding or unserved sentence and was to begin on May 6, 1999.  The order also committed the Petitioner to the custody of the Anne Arundel County Detention Center.  Buckner remained in state custody until February 17, 2000, when he was released to federal authorities to serve his federal sentence.

As noted previously, the BOP computed the length of Buckner's sentence without giving him credit for the ten months he spent on the Maryland probation-violation sentence.  The petitioner then sought relief unsuccessfully within the prison by pursuing institutional remedies.  In September 2000, he filed a section 2241 petition in this court.  We dismissed it for failure to fully exhaust administrative remedies.  See Buckner v. Romine, No. 1:CV-00-1647 (M.D. Pa. Sept. 21, 2000).  Our decision was upheld on appeal in an unpublished disposition which also set out

3

the pertinent background to the petition.  <u>See</u> <u>Buckner v. Romine</u>, No. 00-3696 (3d Cir. June 6, 2001).

In the meantime, Buckner continued to exhaust his administrative remedies.  As part of that process, in October 2000, in order to ascertain the correct sentencing calculation, Lewisburg's warden wrote to the prosecutor asking his assistance in determining whether the sentencing court objected to concurrent service of the two sentences.  On his own, Buckner filed a motion with the sentencing court asking for clarification concerning the court's intention in that regard.  In response to Buckner's motion, the court filed a memorandum and order in November 2000 stating that "the court intended to impose consecutive sentences." The court also said: "To the extent the motion requests any other relief, the motion is denied.  The setting of computation dates and other administrative matters pertaining to the execution of defendant's sentences lie within the jurisdiction of the Bureau of Prisons."

In May 2001, at the final appeal stage, Buckner received the following response to his attempt to receive credit for the ten months he had spent in Maryland state custody, in pertinent part.  First, as to his claim that a federal detainer was on file until the end of his state sentence, jail-time credit was not governed by whether there was a detainer or not and credit is not available for time spent serving a state sentence.  Second, a

4

state court cannot control how a federal sentence will be served, even if the state-court sentence was ordered to run concurrently.

Third, in regard to Buckner's request that the Anne Arundel County Detention Center be designated as the place of confinement for the service of his federal sentence nunc pro tunc to May 6, 1999, the date his Maryland sentence began to run, the reply was:

> Your request for a "nunc pro tunc" designation was considered by the Northeast Regional Office. This request was denied based on the sentencing court's intent to run your federal sentence consecutively to the state sentence. A review of that decision indicates they have acted within the boundaries of their discretionary authority.

## III.   Discussion.

The Petitioner makes the following arguments. First, he argues that he is entitled to credit on his federal sentence for all time spent in custody after July 12, 1998, the date of his Baltimore City drug arrest, because throughout his state confinement, including his ten months in Anne Arundel County, he was held on a federal detainer that prohibited bail. In addition, the Anne Arundel probation violation was related to the federal charges because his violation was for failure to report, a failure caused by the federal detainer. Second, the state court had ordered the state sentence to run concurrently with the federal sentence. Third, the Petitioner's federal sentence was imposed

5

almost one year before the state sentence and he was transported to various state facilities by United States marshals so his primary custody should have been considered federal during the time he spent in Anne Arundel County.  Fourth, the federal sentencing court's intent as to the consecutive nature of the federal sentence cannot control here because the intent was expressed two years after the sentence was imposed, and the sentencing order itself is silent as to whether the sentence was to be consecutive or concurrent.  Further, a federal court has no authority to make a federal sentence consecutive to a future state sentence, citing <u>Romandine v. United States</u>, 206 F.3d 731 (7th Cir. 2000), nor does it have the authority to modify a sentence two years after it was imposed.

In opposition, the Respondent argues that Buckner is not entitled to credit on his federal sentence for the ten months spent incarcerated on the Maryland sentence for the following reasons.  First, in pertinent part, under 18 U.S.C. § 3585(a), his federal sentence did not commence until he was taken into custody for transportation to the prison designated for the service of that sentence.[1]  Buckner received his federal sentence on November

---

[1]Section 3585(a) provides as follows:
    (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

6

19, 1998, but was immediately returned to state custody with the
City of Baltimore to await disposition of the drug charges against
him.  From there he was released to Anne Arundel County for
disposition of the probation-violation charge.  He then served ten
months in the custody of Anne Arundel County, and was not released
to federal custody to serve his federal time until February 17,
2000, the date his Anne Arundel sentence expired.  Further, the
federal sentence was properly construed as a consecutive sentence.
Not only was this required by the last sentence of 18 U.S.C. §
3584(a),[2] but the federal sentencing court clarified its intent by
stating that the sentence was meant to be served consecutively.
The Respondent also submits that this was a clarification that did
not alter the sentence; thus, it was not an illegal modification.

Second, the Respondent argues that under 18 U.S.C. §
3585(b) Buckner can receive credit for the ten months only if it
has not been credited on another sentence.[3]  In this case, Buckner

_____

[2]The last sentence of section 3584(a) reads as follows:
"Multiple terms of imprisonment imposed at different times run
consecutively unless the court orders that the terms are to run
concurrently."

[3]   Section 3585(b) reads as follows:
          (b) Credit for prior custody.--A defendant
          shall be given credit toward the service of a
          term of imprisonment for any time he has spent
          in official detention prior to the date the
          sentence commences--

                    (1) as a result of the offense for which
                    the sentence was imposed; or
                    (2) as a result of any other charge for
                    which the defendant was arrested after

7

did receive credit for the ten months on his Anne Arundel sentence.  He is thus not entitled to credit for this time on his federal sentence as well.

Finally, the Respondent points out that Buckner did receive credit on his federal sentence for various dates: September 20, 1996; February 16, 1997; August 7, 1997, through September 4, 1997; and July 12, 1997, through May 5, 1999.  These are all days and times that were not credited to his state sentence.

In reply, among other things, the Petitioner insists that he was held in the Baltimore City Detention Center solely because of a federal detainer and that this entitles him to credit on his federal sentence, even though he concedes he received at least one period of credit for July 12, 1998, the date of his federal sentencing, through May 5, 1999, the day before he began serving his Anne Arundel sentence.  Buckner also argues that section 3584(a) applies only multiple federal sentences, not to federal and state sentences.

For the most part, we believe Buckner's position to be mistaken.  First, we reject his claim that the two sentences were

---

the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

AO 72A
(Rev.8/82)

related because we do not believe he is factually correct in
saying that the federal detainer was the only reason he remained
in state custody (which would not make them related sentences in
any event). Second, as to his reliance on the existence of a
federal detainer, the mere existence of one does not entitle him
to credit. As the Respondent points out, detainer or not, he only
receives credit if the time was not credited to another sentence.
See 18 U.S.C. § 3585(b). In this case, the ten months at issue
were credited to his Anne Arundel sentence. Third, because a
federal sentence does not commence until the defendant is taken
into custody to be transported to, or arrives at, the prison
designated for service of his federal sentence, see 18 U.S.C. §
3585(a), the mere fact that he was sentenced in federal court
before he was sentenced in state court did not give federal
authorities primary custody over him. Fourth, it is not
determinative that the state court directed the state sentence to
run concurrently with the federal sentence. See Barden v.
Keohane, 921 F.2d 476, 478 n.4 (3d Cir. 1991). In other words,
the state court cannot control how the federal sentence will be
served by making its own sentence concurrent.

Moreover, the BOP has the authority to decide how a
federal sentence and a concurrent state sentence will be served,
Barden, supra, 921 F.2d at 481-82; Romandine, supra, 206 F.3d at
738, as for example, by designating a state institution as the
place of service for the federal sentence, and may do so nunc pro

9

tunc if a petitioner has already served the state sentence.  The
designation is within the BOP's exercise of its discretion and a
federal court can only review the decision for an abuse of that
discretion, <u>Barden</u>, or for an error of law.  <u>Romandine</u>, 206 F.3d
at 738.  A federal court has no authority to order the BOP to make
the designation.  <u>Barden</u>; <u>Romandine</u>.

Having said all this, however, as we review the record,
it appears that the BOP has failed to properly exercise its
discretion in refusing to designate the Anne Arundel facility nunc
pro tunc as the place of confinement for Buckner's federal
sentence.  The agency based its refusal solely on the intent of
the federal court that its sentence be consecutive.  While that is
a relevant factor, in <u>Barden</u> the Third Circuit ruled that it was
not dispositive.  921 F.2d at 483 ("While the statute wisely
requires the Bureau to solicit the views of the sentencing judge
whenever possible, his decision is not controlling under the
statute . . . .");  <u>Romandine</u>, 206 F.3d at 738 ("The Attorney
General has discretion which she must exercise without supposing
that the district judge's views or the final sentence of § 3585(a)
(sic) forbid concurrent service.")(citing <u>Barden</u>).

In addition to the consecutive nature of the federal
sentence, there are other factors listed in 18 U.S.C. § 3621(b) to
be considered, which are themselves nonexhaustive.  <u>Barden</u>, 921
F.2d at 478 and 482.  The BOP must consider "all the other factors
that govern penal authorities' consideration of a prisoner's

10

request for relief from the strict enforcement of his sentence."
<u>Id</u>. at 478.

We will therefore remand this case to the BOP to make
the appropriate analysis in conformity with this memorandum.
Since the Petitioner may be released on November 2, 2001, even
under the BOP's current calculation, we will require that the
analysis be performed within twenty days and that the agency file
its result with the court within that time period.

We will issue an appropriate order.[4]

William W. Caldwell
United States District Judge

Date:   September 7, 2001

_____

[4]Since the federal sentencing order did not attempt to make
the federal sentence consecutive to the future state sentence, we
do not have to consider the statutory authority of a federal court
to do so, an issue raised by the Petitioner.  <u>See</u> <u>United States v.
Mayotte</u>, 249 F.3d 797 (8th Cir. 2001).

We also reject the Petitioner's claim that section 3584(a)
applies only to multiple federal sentences.  <u>See</u> <u>Romandine</u>, <u>supra</u>.

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,                    :
        Petitioner
                                        :

                                        :
        vs.                                   CIVIL ACTION NO. 1:CV-01-1264
                                        :

DONALD ROMINE, Warden,                  :
        Respondent                      :


O R D E R

AND NOW, this 7th day of September, 2001, it is ordered
that:

    1.  The petition for a writ of habeas
corpus under 28 U.S.C. § 2241 is denied except
for the relief specified in paragraph 2.

    2.  Within twenty days of the date of this
order the Bureau of Prisons shall exercise its
discretion to designate the state detention
facility nunc pro tunc as the place of
confinement for the Petitioner's federal
sentence in accord with the factors mentioned
in Barden v. Keohane, 921 F.2d 476 (3d Cir.
1991).

    3.  Within twenty days of the date of this
order, the BOP shall also file with the court
any decision made concerning such nunc pro
tunc designation and the reasons for said
decision.

William W. Caldwell
United States District Judge

FILED

SEP 7 2001

PER _____
HARRISBURG, PA.        DEPUTY CLERK

AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

September 7, 2001

Re:  1:01-cv-01264    Buckner v. Romine

True and correct copies of the attached were mailed by the clerk
to the following:

    Robert Leon Buckner
    USP-LEW2
    Federal Prison Camp
    33001-037
    P.O. Box 2000, Unit 1
    Lewisburg, PA  17837-2000

    Matthew E. Haggerty, Esq.
    Assistant U. S. Attorney
    316 Federal Building
    240 West Third Street
    Williamsport, PA

cc:
Judge                      ( / )        ( / ) Pro Se Law Clerk
Magistrate Judge           (   )        (   ) INS
U.S. Marshal               (   )        (   ) Jury Clerk
Probation                  (   )
U.S. Attorney              (   )
Atty. for Deft.            (   )
Defendant                  (   )
Warden                     (   )
Bureau of Prisons          ( / )
Ct Reporter                (   )
Ctroom Deputy              (   )
Orig-Security              (   )
Federal Public Defender    (   )
Summons Issued             (   )  with N/C attached to complt. and served by:
                                  U.S. Marshal (   )    Pltf's Attorney (   )

Standard Order 93-5        (   )
Order to Show Cause        (   )  with Petition attached & mailed certified mail
                                  to: US Atty Gen   (   )  PA Atty Gen (   )
                                      DA of County  (   )  Respondents (   )

Bankruptcy Court           (   )
Other_____     (   )

                                       MARY E. D'ANDREA, Clerk

DATE: _____9/7/61_____          BY: _____XfM_____
                                     Deputy Clerk