MCC:MEH:mel:2001V00667

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,         :
                             :
              Petitioner     :     No. 1:CV-01-1264
                             :
      v.                     :     (Judge Caldwell)
                             :
DONALD ROMINE, Warden,       :
                             :
              Respondent     :

FILED
WILLIAMSPORT, PA

SEP 27 2001

MARY E. D'ANDREA, CLERK
Per_____KF_____
            DEPUTY CLERK

## NOTICE TO THE COURT

On July 10, 2001, petitioner Robert Leon Buckner filed this habeas corpus petition, pursuant to 28 U.S.C. § 2241, alleging he is entitled to credit toward service of his federal sentence for the period May 5, 1999, through February 17, 2000. In a response to the petition filed on August 6, 2001, Warden Romine argued that Buckner's federal sentence has been properly computed pursuant to the original judgment issued by the United States District Court for the District of Maryland and a subsequent order clarifying its original intent.

In a Memorandum and Order dated September 7, 2001, this Court determined that the Bureau of Prisons did not properly exercise its discretion in refusing to designate the Anne Arundel

facility nunc pro tunc as the place of confinement for Buckner's federal sentence. The Bureau of Prisons was therefore directed to "exercise its discretion to designate the state detention facility nunc pro tunc as the place of confinement for Buckner's federal sentence in accordance with the factors mentioned in Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991)." (Order, ¶ 2.) Additionally, the Bureau of Prisons was directed to file with the Court any decision made concerning such nunc pro tunc designation and the reasons for said decision.

In response to the Court's Order, the Bureau of Prisons conducted an investigation into Buckner's case and released the following findings in a September 24, 2001, letter to the petitioner:

> A review of your criminal history reveals a large number of charges and convictions for a variety of offenses including assault with intent to commit murder; larceny, theft, and robbery offenses; drug possession offenses, resisting arrest, and use and possession of weapons. Furthermore, according to the presentence investigation issued in your current federal offense, your overall federal offense involved multiple instances of providing false statements to the federal courts. These offenses were committed over a five year period and were committed while you were confined in state custody. Based upon a review of the offense involved, the information received from the Court, the application of federal statutes, the length and severity of your criminal history, and the discretion afforded to the Bureau of Prisons, your request for "Nunc Pro Tunc" designation is denied.

2

(See Letter dated September 24, 2001, by Stephen L. Morgan, Regional Inmate Systems Administrator, attached.)

           Respectfully submitted,

           MARTIN C. CARLSON
           United States Attorney

           *Matthew E. Haggerty*
           MATTHEW E. HAGGERTY/wps
           Assistant U.S. Attorney
           MICHELE E. LINCALIS
           Paralegal Specialist
           316 Federal Building
           240 West Third Street
           Williamsport, PA 17701

Date: September 27, 2001



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

---

*U.S. Custom House*
*2nd & Chestnut Streets*
*Philadelphia, PA. 19106*

September 24, 2001

Robert Buckner
Register No. 33001-037
U.S.P. Lewisburg
RD #5
Lewisburg, PA 17837

Dear Mr. Buckner:

    This is a response to the September 7, 2001, order issued by the United States District Court for the Middle District of Pennsylvania in <u>Buckner v. Romine</u>, 1:CV-01-1264. The order requires the Bureau of Prisons to consider your eligibility for a "Nunc Pro Tunc" designation to the Maryland Department of Corrections to permit your federal sentence to run concurrently with your state sentence.

    An investigation reveals that on December 5, 1997, you were arrested by federal authorities in Maryland for the charge of "Making False Statements before the U.S. District Court". You were released on bond the same day. On July 12, 1998, you were arrested by Baltimore City Officials for Possession With Intent To Distribute CDS. At the time of this arrest you were on probation from Anne Arundel County, Maryland. On November 19, 1998, you were "borrowed" via a writ of habeas corpus ad prosequendum, for prosecution on your federal charges. On November 28, 1998, you were sentenced to a 36-month (3 years) term of imprisonment in the U.S. District Court for the District of Maryland (Case Number JFM-97-0413) for Making False Statements Before U.S. District Court. You were then returned to state custody. On May 6, 1999, you were sentenced in Anne Arundel County to a 10-month term of imprisonment. On February 17, 2000, you were released from your Maryland state sentence and turned over to federal custody.

    A review of the federal Judgment and Commitment Order does not reflect an order or recommendation for concurrent service of your state and federal terms even though the Court was aware of your pending state charges prior to sentencing. On November 27, 2000, the Court issued a Memorandum and Order clarifying that the Court intended to impose a consecutive sentence.

A review of your criminal history reveals a large number of charges and convictions for a variety of offenses including assault with intent to commit murder; larceny, theft, and robbery offenses; drug possession offenses, resisting arrest, and use and possession of weapons. Furthermore, according to the presentence investigation issued in your current federal offense, your overall federal offense involved multiple instances of providing false statements to the federal courts. These offenses were committed over a five year period and were committed while you were confined in state custody. Based upon a review of the offense involved, the information received from the Court, the application of federal statutes, the length and severity of your criminal history, and the discretion afforded to the Bureau of Prisons, your request for "Nunc Pro Tunc" designation is denied.

Sincerely,

Stephen L. Morgan
Regional Inmate Systems Administrator

cc:   J&C File
      Andrew G. W. Norman, AUSA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,                :
        Petitioner       :   No. 1:CV-01-1264
                                    :
    v.                              :   (Judge Caldwell)
                                    :
DONALD ROMINE, Warden,              :
        Respondent       :

CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on September 27, 2001, she served a copy of the attached

NOTICE TO THE COURT

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Robert Leon Buckner
Reg. No. 33001-037
Federal Prison Camp
P.O. Box 2000
Lewisburg, PA 17837

_____
MICHELE E. LINCALIS
Paralegal Specialist